**PARKER DANIELS KIBORT**
Andrew Parker (028314)
888 Colwell Building
123 Third Street North
Minneapolis, Minnesota 55401
parker@parkerdk.com
Telephone: (612) 355-4100
Facsimile: (612) 355-4101

**OLSEN LAW, P.C.**
Kurt Olsen (D.C. Bar No. 445279)*
1250 Connecticut Ave., NW, Suite 700
Washington, DC 20036
Telephone: (202) 408-7025
ko@olsenlawpc.com
* Admitted *Pro Hac Vice*

Alan M. Dershowitz (MA Bar No. 121200)[#]
1575 Massachusetts Avenue
Cambridge, MA 02138
[#] To be admitted *Pro Hac Vice*

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Kari Lake; Mark Finchem, <br><br>Plaintiffs, <br><br>v. <br><br>Kathleen Hobbs, as Arizona Secretary of State; Bill Gates; Clint Hickman; Jack Sellers; Thomas Galvin; and Steve Gallardo, in their capacity as members of the Maricopa County Board of Supervisors; Rex Scott; Matt Heinz; Sharon Bronson; Steve Christy; Adelita Grijalva, in their capacity as members of the Pima County Board of Supervisors, <br><br>Defendants. | No. 2:22-cv-00677-JJT <br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE THEIR MOTION FOR PRELIMINARY INJUNCTION AND SUPPORTING MEMORANDUM IN EXCESS OF THE PAGE LIMIT** <br><br>(Honorable John J. Tuchi) |

Pursuant to Local Rule 7.2(e), Plaintiffs Kari Lake and Mark Finchem ("Plaintiffs"), hereby move for an order granting leave to file a motion for preliminary injunction and supporting memorandum of law that does not exceed 35 pages. Under Local Rule 7.2(e), unless otherwise permitted by the Court, the current page limit for such a motion is 17 pages. Plaintiffs have endeavored to draft their motion and memorandum as succinctly as possible. Under the current page limit, however, Plaintiffs are unable to present their arguments in sufficient detail to provide this Court and Defendants with the complete factual and legal basis for their motion.

Plaintiffs' motion for preliminary injunction and supporting memorandum involves a constitutional challenge to the use of electronic voting machines in the upcoming election. Such election challenges call for this Court to engage in an "intense[ly] factual inquiry[,]" *Gonzalez v. Arizona*, 485 F.3d 1041, 1050 (9th Cir. 2007) that bears on systems used to cast, tabulate, and verify millions of votes expected to be cast by Arizona voters in the upcoming election. *See also Ariz. Democratic Party v. Hobbs,* 18 F.4th 1179, 1199 (U.S. 9th Cir. 2021); *Feldman v. Reagan,* 843 F.3d 366, 387 (9th Cir. 2016).

In order to fully present its argument for a preliminary injunction, Plaintiffs' motion and supporting memorandum must describe in sufficient detail the Plaintiffs' challenge to the use of electronic voting machines. This will require Plaintiffs to set forth the constitutional requirements applicable to the Defendants and the ways in which the use of electronic voting machines fail to meet those requirements. Further, Plaintiffs' motion and supporting memorandum must set forth the irreparable harm that Plaintiffs will face if the use of electronic voting machines is not enjoined, as well as the impact that an injunction will have on Defendants and the public as a whole. To this end, Plaintiffs will file five supporting declarations from experts in the field of election systems and cybersecurity. Proper treatment of these issues by Plaintiffs will require them to exceed the standard page limit.

The reliability and security of electronic voting machines are matters of great

significance to the nation as a whole, as evidenced by the robust public debate that surrounded their use for a number of years. It is all the more critical, therefore, to have as complete an argument as possible in this matter.

Granting Plaintiffs' request will not prejudice Defendants. Should this motion be granted, Plaintiffs will not oppose a similar request by Defendants for leave to file a response with a comparable number of pages.

For the foregoing reasons, Plaintiffs respectfully request that this Court grant its Motion for Leave to File its Motion for Preliminary Injunction and Supporting Memorandum in Excess of the Page Limit.

DATED: June 8, 2022.

**PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
   Andrew D. Parker (AZ Bar No. 028314)
   888 Colwell Building
   123 N. Third Street
   Minneapolis, MN 55401
   Telephone: (612) 355-4100
   Facsimile: (612) 355-4101
   parker@parkerdk.com

**OLSEN LAW, P.C.**

By */s/ Kurt Olsen*
   Kurt Olsen (D.C. Bar No. 445279)*
   1250 Connecticut Ave., NW, Suite 700
   Washington, DC 20036
   Telephone: (202) 408-7025
   ko@olsenlawpc.com

* Admitted *Pro Hac Vice*

1
2
3        By */s/ Alan M. Dershowitz*
            Alan M. Dershowitz (MA Bar No. 121200)[#]
4           1575 Massachusetts Avenue
            Cambridge, MA 02138
5         [#] To be admitted *Pro Hac Vice*
6
7        *Counsel for Plaintiffs Kari Lake*
         *and Mark Finchem*
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
                              4

# **CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2022, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

                                                       */s/ Andrew D. Parker*