Arno Naeckel (SBN 026158)
Michael Kielsky (SBN 021864)
**Davillier Law Group, LLC**
Anaeckel@davillierlawgroup.com
Phxadmin@davillierlawgroup.com (file copies)
4105 North 20th Street Ste. 110
Phoenix, AZ 85016
Telephone: (602) 730-2985
Facsimile: (602) 801-2539
*Attorneys for Amicus Arizona Republican Party*

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kari Lake and Mark Finchem,<br><br>Plaintiffs,<br><br>v.<br><br>Kathleen Hobbs, as Arizona Secretary of State; Bill Gates, Clint Hickman, Jack Sellers, Thomas Galvin, and Steve Gallardo, in their capacity as members of the Maricopa County Board of Supervisors; Rex Scott, Matt Heinz, Sharon Bronson, Steve Christy, Adelita Grijalva, in their capacity as members of the Pima County Board of Supervisors,<br><br>Defendants. | Case No. 2:22-cv-00677-JJT<br><br>**Arizona Republican Party's Motion for Leave to File Brief Amicus Curiae** |

Pursuant to the principles and procedures of FRAP R. 29 and this Court's inherent authority to regulate its own proceedings, the Arizona Republican Party (sometimes "AZGOP") respectfully moves for leave to file the attached brief, Amicus Curiae. *See* Exhibit A. All Plaintiffs and Defendants have indicated that they do not oppose the AZGOP's participation as amicus. If permitted to participate as amicus, the main points the AZGOP will make are as follows:

*Firstly* the AZGOP will provide the Court with relevant factual and procedural background regarding the two sources of Arizona election law – the Arizona revised

statutes and the Elections Procedures Manual ("EPM"). It will explain the current uncertainty regarding whether a valid EPM currently exists, discuss how this issue is currently being litigated by one of the AZGOP's county committees in conjunction with Arizona's Attorney General, and argue that this uncertainty makes the use of electronic voting systems in the 2022 general election especially risky.

*Secondly*, the AZGOP will discuss how the Logic and Accuracy Process, in which it plays a role by statute, is insufficient to safeguard against the harms complained of by Plaintiffs and will discuss additional concerns it has regarding the security and transparency of Defendants' voting systems.

**I.  A district court may accept amicus briefs.**

District courts have inherent authority to appoint or deny amici which is derived from Fed. R. App. P. 29. *Youming Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 2008 U.S. Dist. LEXIS 43209 (D.D.C. 2008). "[A] Court has broad discretion to permit or prohibit amicus participation." Hoptowit v. Ray, 682 F.2d 1237, 1260 (9th Cir. 1982), *overruled on other grounds by* Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). However, "[t]here are no strict prerequisites to qualify as amici," Hooper v. City of Seattle, No. C17-0077RSM, 2017 U.S. Dist. LEXIS 138055, 2017 WL 11437101, at *1 (W.D. Wash. Aug. 28, 2017), and the Court will allow an amicus brief where, as here, "the amicus has unique information that can help the court beyond the help that the lawyers for the parties are able to provide." Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999); *accord* Macareno v. Thomas, 378 F. Supp. 3d 933, 940 (W.D. Wash. 2019). Amicus briefs are "frequently welcome . . . concerning legal issues that have potential ramifications beyond the parties directly involved[.]" N.G.V. Gaming, Ltd. v. Upstream Point Molate, L.L.C., 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (citations and internal quotation marks omitted).' Wagafe v. Biden, 2022 U.S. Dist. LEXIS 27279, *7-8, 2022 WL 457983.

Counsel has reviewed the relevant pleadings and motions in this matter. No party's counsel authored the brief in whole or in part, and no party and no party's counsel

contributed funds for preparing or submitting the brief. No person, other than Amici or its members contributed funds for preparing or submitting the brief.[1]

## II. Interests of the Amicus Curiae and How Accepting this Brief Will Assist the Court.

### A. Unique perspective and interests of the AZGOP as a Recognized Political Party With a Statutory Role in Ensuring the Integrity of Our Elections.

As a political party, the Arizona Republican Party has a unique interest in this case and can provide the Court with additional input and another viewpoint on the impact this matter may have on political parties, their constituents, party affiliated voters, their candidates, and elections in general. Under Arizona law, political parties are integral to numerous election procedures, including participation in pre- and post-election audits and logic and accuracy tests. *See e.g.*, A.R.S. §§ 16-449, 16-515, 16-590, 16-602, and 16-621. Since political parties are included, even integral, in these processes, the Arizona Republican Party seeks leave to provide this Court with its perspective on why the continued use of a seemingly non-compliant, "black box" electronic voting equipment is in violation of the law and creates ongoing dangers for the validity, accuracy, and credibility for future elections.

Should Defendants continue to be able to use voting equipment that is susceptible to allegations that it evades actual independent and scientific review and examination for compliance with applicable standards, the Arizona Republican Party will find it challenging to assure its members that elections and the count of votes in Arizona are conducted in an open, honest, and validated manner, using equipment that meets all current federal and state standards. This is already a significant challenge for the AZGOP, whose

---

[1] For the purposes of clarity, this brief is being funded by the AZGOP. The AZGOP has an extremely large donor base and undersigned counsel has not verified whether a party or their counsel has at some point donated to the AZGOP. In addition, for the purposes of further transparency, Mr. Dershowitz, who is seeking leave to represent Plaintiffs in this action as additional counsel *pro hac vice*, recently sought leave to represent the AZGOP as additional counsel, *pro hac vice*, in another action. However, Mr. Dershowitz played no role in authoring this brief.

3

members lack trust that elections are free and fair.[2] The Arizona Republican Party, as representative of its members, is aggrieved by Arizona election officials who consistently disparage legitimate and long-standing concerns with election integrity, and can shed light on Arizona election official's long-standing opposition to vote tabulation equipment which can pass independent, scientific examination as to legal compliance, to this Court.

If political parties are not heard on the short-comings of key aspects of the electoral process, those short-comings in future elections will be far more susceptible to allegations of corruption. This is evidenced by the recent election cycles. The people of Pima and Maricopa Counties, and all Arizona voters, deserve to know that their vote matters and that steps are in place to ensure the accuracy of the tally. Plaintiffs allege that Defendants have avoided and evaded statutory requirements applicable to election equipment and certified election equipment which does not meet statutory requirements in violation of law. This creates a strong appearance of malfeasance and will further erode any remaining confidence in the vote process. The AZGOP wishes to help assure its members and candidates that upcoming elections were provably conducted in a fair manner, and the only way to give such assurance is to require election officers follow the letter of applicable law.

The Arizona Republican Party has been significantly involved in doing what it may to ensure that these elections are conducted correctly, honestly, and lawfully – both inside of the courtroom as well as outside of it. It can provide a unique prospective on this action can address widespread concerns regarding how Pima and Maricopa Counties have conducted past elections.

**B. The Arizona Republican Party Has a Particular Interest in Ensuring that the Shortcomings of the Logic and Accuracy Process are Properly Understood.**

---

[2] *See Most Americans trust elections are fair, but sharp divides exist, a new poll finds*, NPR (Nov. 1, 2021) (available at: https://www.npr.org/2021/11/01/1050291610/most-americans-trust-elections-are-fair-but-sharp-divides-exist-a-new-poll-finds)

Maricopa County has, at times, used the fact that the Republican Party has a statutory right to send representatives to observe "Logic and Accuracy" testing to minimize its members' concerns regarding the security of our elections system.[3] Indeed, Maricopa County's Motion to Dismiss devotes a significant amount of space to discussing logic and accuracy testing and reiterates that this testing "was observed and certified by the county political party chairs." *See e.g.*, Maricopa Mot. to Dismiss 5:17-18. Thus, AZGOP has a particular interest in ensuring that the shortcomings and limitations of logic and accuracy testing are properly understood.

**III. Conclusion.**

For the foregoing reasons, the Arizona Republican Party respectfully requests that this Court grant its motion for leave to file the attached brief.

RESPECTFULLY SUBMITTED this June 14, 2022

By */s/Michael Kielsky*

Michael Kielsky
Arno Naeckel
**Davillier Law Group, LLC**
4105 North 20th Street Ste. 110
Phoenix, AZ 85016
*Attorneys for Amicus Arizona Republican Party*

I CERTIFY that a copy of the forgoing has been served upon the other parties to this action in conformity with the applicable rules of procedure.

By */s/Yuka Bacchus*
**Davillier Law Group, LLC**

---

[3] *See e.g.*, *Just the Facts*, Maricopa County Elections Department, Fact #3 (last accessed June 13, 2022) (available at https://recorder.maricopa.gov/justthefacts/#tabs=0).