# EXHIBIT 1

## SUPERIOR COURT, STATE OF ARIZONA

## IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| MARK BRNOVICH, in his official capacity as Arizona Attorney General; Yavapai County Republican Committee, an unincorporated association; and Demitra Manjoros, First Vice Chair of the Yavapai County Republican Committee and registered voter in Yavapai County, <br><br>                Plaintiffs <br> vs. <br><br> KATIE HOBBS, in her official capacity as Arizona Secretary of State, <br><br>                Defendant. | Case No.  P1300CV202200269 <br><br><br> **UNDER ADVISEMENT** <br> **RULING AND ORDER** <br> **RE: SPECIAL ACTION AND** <br> **SUMMARY JUDGMENT** |

| | |
|---|---|
| **HONORABLE JOHN NAPPER** | **BY:**  Felicia L. Slaton, Judicial Assistant |
| **DIVISION 2** | **DATE:** June 17, 2022 |

The Court has received and reviewed the Complaint for Special Action Relief filed by the Arizona Attorney General ("AG"), the Application for Order to Show Cause and the attached exhibits, the Answer filed by the Arizona Secretary of State ("Secretary"), the Response to Plaintiff's Application for Order to Show Cause, and the attached exhibits. The Court has also reviewed the filing from the Arizona Governor. The Court has also reviewed the supplemental briefs filed by the parties. The Court has also reviewed all of the summary judgment pleadings initiated by the Secretary. The Court also held oral arguments on these pleadings.

The Court accepts special action jurisdiction. The Court finds the Secretary properly exercised her discretion when timely presenting a draft 2022 Elections Procedures Manual ("EMP") to the AG and Governor. The draft certainly required editing and revision. However, the Court finds the draft was constructed in compliance with the Secretary's duties contained A.R.S. §16-452. Accordingly, the Court denies the relief sought in the Complaint for Special Action.

Based on the findings outlined above, the Secretary's Motion for Summary Judgment is denied.

### Facts and Procedural History

Arizona statute requires an EMP to be constructed and implemented "not later than December 31 of each odd-numbered year immediately preceding the general election." *A.R.S. §16-452(B)*. The process begins with the Secretary submitting the manual, "to the governor and the attorney general not later than October 1 of the year before each general election." *Id*. The manual "shall be approved by the governor and attorney general" before "its issuance." *Id*.

P1300CV202200269
June 17, 2022
Page 2

On October 1, 2021, the Secretary submitted an EMP to the AG and the Governor.  This was done after consulting election officials statewide.  After receiving and reviewing the draft, the AG sent a letter to the Secretary with a significant number of proposed revisions to the draft. These revisions included striking large sections of the draft and inserting additional materials.  In nearly each instance, the AG's objection was not outlined with specificity.  He simply stated, "this proposed regulation exceeds the scope of the Secretary's statutory authorization or contravenes an election statute's purpose, and therefore cannot be approved."  He further stated, "The proposed regulation is also arbitrary and capricious."  The AG failed to explain how he had reached these conclusions.

After receiving the AG's proposed edits, the Secretary attempted to address the concerns raised by the AG.  She sent letters and offered to meet.  The purpose was to begin discussions and negotiations to produce an EMP that was acceptable to the Secretary, the AG, and the Governor.  This type of negotiation occurred in 2019, the last time an EMP was produced and implanted.  For reasons not meriting discussion here, these negotiations did not occur in 2021.  Based on the divide between the AG and Secretary, the Governor found himself stymied with nothing to approve.  No other efforts were made before December 31 to finalize an elections manual for the 2022 election cycle.

On April 21, 2022, the AG and the Yavapai County Republican Party filed their Complaint for Special Action Relief.  The Complaint asked the Court to order the Secretary to produce a legally compliant EMP.  He argued the Secretary failed to properly exercise her discretion when she produced a draft EMP which, from his perspective, did not reflect the current state of the law.  The redlined version of the draft EMP was attached as an exhibit to the Complaint.  It was identical to the one he previously sent to the Secretary.

After an oral argument on an Order to Show Cause, the Court ordered further briefing to allow the AG additional time to provide explanations for his objections to the draft.  At the Order to Show Cause hearing, the Secretary raised several defenses which were denied by the Court.  The Court also joined the Governor as a necessary party.  The Court set another argument to address the issues raised in the Complaint and a subsequently filed Motion for Summary Judgment filed by the Secretary.

The Court heard oral arguments on all of the issues and took them under advisement.

## Application of Law

### Jurisdiction

Any person, "who previously could institute an application for a writ of mandamus, prohibition, or certiorari may institute proceedings for a special action." *Ariz. R. P. Spec. Act. 2(a)(1)*.  The AG meets this definition. *A.R.S. §12-2021*.  The Secretary is a properly named defendant as she is the officer against whom relief is sought. *Ariz. R. P. Spec. Act. 2(a)(1)*.  A question to be answered in a special action is, "whether the defendant has failed to exercise discretion which he has a duty to exercise; or to perform a duty required by law as to which he has no discretion." *Ariz. R. P. Spec. Act. 3(a)*.

Special action jurisdiction is discretionary. *State Compensation Fund of Arizona v. Fink*, 224 Ariz. 611, 612 ¶4 (App. 2010).  Accepting jurisdiction is appropriate in cases involving questions of first impression. *Callan v. Bernini*, 213 Ariz. 257, 258 ¶4 (App. 2006). Further, special action jurisdiction is more likely to be accepted when the issues are matters of law and not fact.  *Ruesga v. Kindred Nursing Ctrs., L.L.C.*, 215 Ariz. 589, 594 ¶16 (App. 2007).

P1300CV202200269
*June 17, 2022*
*Page 3*

The only issue before the Court is whether the Secretary abused her discretion when she submitted the draft EMP for review by the AG and the Governor. Contrary to the concerns raised by the Secretary, this is an issue of pure law and does not require the Court to engage in a line-by-line rewrite of the draft. Further, whether a secretary fails to exercise her discretion by producing a draft EMP that predominately complies with *A.R.S. §16-452* is an issue of first impression. Relying on the factors outlined above, the Court finds special action jurisdiction is appropriate.

*Duties of the Secretary*

Pursuant to A.R.S. §16-452, the Secretary is required to produce a draft manual. *A.R.S. §16-452(A)*. The purpose of the manual is to prescribe rules for "early voting and voting, and of producing, distributing, collecting, counting, tabulating, and storing ballots." *Id.* The purpose of these rules is, "to achieve and maintain the maximum degree of correctness, impartiality, uniformity and efficiency." *Id.* The secretary is to "prescribe these rules" after consultation with "each county board of supervisors or other officer in charge of elections." *Id.*

There is no dispute that the Secretary met and consulted with each county board of supervisors or other officers in charge of elections. The draft EMP was produced after this consultation and with input from each of these officers. The manual she produced also represents her policy decisions on issues related to early voting and voting, and of producing, distributing, collecting, counting, tabulating, and storing ballots. The draft also represents her beliefs that these policy preferences achieve correctness, impartiality, uniformity and efficiency. It is important to note, the draft EMP was supported by an overwhelming majority of the Arizona elections officials. The AG has not produced any evidence to the contrary.

Nonetheless, the AG argues this Court should order the Secretary submit a "legally compliant" draft EMP. He argues the current draft fails to comply with current Arizona election law. Therefore, the Court should mandate the preparation of a second draft.

A writ a mandamus lies when a party seeks to require the performance of, "a ministerial act which the law specially imposes as a duty resulting from that office." *State Board of Technical Registration v. Bauer*, 84 Ariz. 237, 239 (1958). A ministerial act allows a public officer, "only one course of action on an admitted state of facts." *Kahn v. Thompson*, 185 Ariz. 408, 411 (App. 1995). Assuming the preparation of a draft EMP is a ministerial act, which it is not, the Secretary certainly completed that act.

Ordinarily, "mandamus is not available if the act of the public officer is discretionary." *Sensing v. Harris*, 217 Ariz. 261, 263 ¶6 (App. 2007). However, in some circumstances, "mandamus may be used to compel a public officer to perform a discretionary act, but not to exercise that discretion in a particular manner." *Blankenbaker v. Marks*, 231 Ariz. 575, 577 ¶7 (App. 2013). Again, the record is clear, the Secretary exercised her discretion in producing the draft EMP. There is no evidence in the record suggesting she put together the draft in bad faith or without consulting elections officials from around the state.

The Court agrees with the AG that the draft omitted or misconstrued portions of statutes. There are other instances where the draft suggests certain actions are mandatory and not discretionary. The draft also includes best practice recommendations without clearly describing them as such. The Court's preliminary findings are on the record and are not necessary to repeat in this ruling. However, in a document totaling 296 pages, these deficiencies were limited. A majority of the document complies with the dictates of the EMP in Arizona law.

*P1300CV202200269*
*June 17, 2022*
*Page 4*

It is worth repeating, the Secretary's duty is to produce an EMP for the approval of the AG and the Governor. The Secretary's initial EMP submission is not finalized until it receives this approval. Historically, these three actors have worked together to prepare and finalize an agreed upon EMP. The statute builds in ample time and opportunity to iron out any and all disputes (from October 1st to December 31st). This did not happen in 2021. The parties' failure to properly work with one another to improve the Secretary's initial draft of the EMP does not mean she failed to perform a ministerial or discretionary act requiring a mandate from the Court.

The AG is rightfully concerned about the failure of the parties to comply with the timing of *A.R.S. §16-452*. The EMP was supposed to be finalized and approved by December 31, 2021. At this point in the game, there is no mechanism for the Court to assist the parties in constructing an EMP which complies with A.R.S. §16-452 within the timelines of the statute. The Complaint was filed far too late for this to occur without disrupting elections that have already begun. It is for another Court on another day to determine whether this is a proper role for the Courts.

The failure to produce a new EMP does not leave Arizonans without guidance. The 2019 manual was properly submitted and approved by the Governor and the AG. Election officials are following the 2019 EMP while adhering to any changes occurring since its submission. As the last approved EMP, it currently remains the EMP for Arizona elections.

**IT IS THEREFORE ORDERED,** accepting special action jurisdiction and denying the requested relief.

**IT IS FURTHER ORDERED,** the Secretary's Motion for Summary Judgment is **denied**.

**IT IS FUTHER ORDERED,** all requests for attorneys' fees are **denied**.

**IT IS FURTHER ORDERED,** the Secretary shall file a form of judgment consistent with this Order within five (5) days.

DATED:

_____
eSigned by Napper,John  06/17/2022 16:32:58 34OKUg1O

**HON. JOHN NAPPER**
Judge of the Superior Court, Division 2

cc:   Joseph A. Kanefield/Brunn W. Roysden III/Michael S. Catlett/Jennifer J. Wright-Arizona
        Attorney General's Office, 2005 N. Central Ave., Phoenix, AZ 85004
      Brian M. Bergin-Bergin, Franks, Smalley & Oberholtzer (e)
      Roopali H. Desai/D. Andrew Gaona/Kristen Yost-Coppersmith Brockelman PLC, 2800 North Central
        Avenue, Suite 1900, Phoenix, AZ 85004
      Sambo (Bo) Dul/Christine Bass-States United Democracy Center, 8205 South Priest Drive,
        #10312, Tempe, AZ 85284
      Anni L. Foster/Jake Agron/Kyle Smith-Office of Governor Douglas A. Ducey-1700 W. Washington
        Street, Phoenix, AZ 85007