**PARKER DANIELS KIBORT**
Andrew Parker (028314)
888 Colwell Building
123 Third Street North
Minneapolis, Minnesota 55401
parker@parkerdk.com
Telephone: (612) 355-4100
Facsimile: (612) 355-4101

**OLSEN LAW, P.C.**
Kurt Olsen (D.C. Bar No. 445279)*
1250 Connecticut Ave., NW, Suite 700
Washington, DC 20036
Telephone: (202) 408-7025
ko@olsenlawpc.com

Alan M. Dershowitz (MA Bar No. 121200)*
1575 Massachusetts Avenue
Cambridge, MA 02138

* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Kari Lake; Mark Finchem,<br><br>Plaintiffs,<br><br>v.<br><br>Kathleen Hobbs, as Arizona Secretary of State; Bill Gates; Clint Hickman; Jack Sellers; Thomas Galvin; and Steve Gallardo, in their capacity as members of the Maricopa County Board of Supervisors; Rex Scott; Matt Heinz; Sharon Bronson; Steve Christy; Adelita Grijalva, in their capacity as members of the Pima County Board of Supervisors,<br><br>Defendants. | No. 22-cv-00677-JJT<br>(Honorable John J. Tuchi)<br><br><br>**PLAINTIFFS' PARTIAL OPPOSITION TO MARICOPA DEFENDANTS' MOTION FOR JUDICIAL NOTICE** |

Plaintiffs submit this memorandum in partial opposition to the Maricopa Defendants' ("Defendants") Motion for Judicial Notice, ECF no. 29. Except for one document, and facts irrelevant to the pending motion to dismiss, the judicial notice sought by Defendants is improper under Fed. R. Evid. 201.

**I.   Judicial Notice Is Appropriate Only for Specific, Undisputed Facts – Not the Entire Contents of Any and Every "Government Document."**

As an initial matter, Defendants' motion is based on an incorrect premise. Rule 201 does not allow judicial notice of *documents*; it allows judicial notice of "a *fact* that is not subject to reasonable dispute" if that fact "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" (emphasis added). The distinction is illustrated in *Lee v. City of L.A.*, 250 F.3d 668, 689-90 (9th Cir. 2001), where the Ninth Circuit explained that the trial court could properly take notice of the "*fact* of the extradition hearing" and the "*fact* that a Waiver of Extradition was signed," but could not take judicial notice of "*disputed* facts stated in [these] public records." *Id*. (emphasis in original). "On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" *Id.* at 690 (quotation omitted). "[A] court cannot take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

Under Rule 201, Defendants may ask the Court to take judicial notice of the *existence* of the government documents, and they may identify *undisputed* facts within those documents as subjects of judicial notice. But that is not what Defendants' Motion seeks. Rather, Defendants seek to dump "government documents" before the Court en masse and use these documents willy-nilly to "prove" disputed facts. Rule 201 does not permit such a tactic. *Lee*, 250 F.3d at 690; *Khoja*, 899 F.3d at 999; *Quinones v. Cty. of*

1

*Orange*, No. 20-56177, 2021 U.S. App. LEXIS 36293, at *4 (9th Cir. Dec. 9, 2021). "But accuracy is only part of the inquiry under Rule 201(b). A court must also consider — and identify — which fact or facts it is noticing from such a transcript. Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. *See also Hamm v. Equifax Info. Servs. LLC*, No. CV-17-03821-PHX-JJT, 2018 U.S. Dist. LEXIS 123505, at *4 (D. Ariz. July 24, 2018) ("The court may take judicial notice of facts 'not subject to reasonable dispute'") (quoting Rule 201(b)); *Enos v. Arizona*, No. CV-16-00384-PHX-JJT, 2017 U.S. Dist. LEXIS 19268, at *9 (D. Ariz. Feb. 10, 2017) (same).

## II.   Most of Defendants' Request for Judicial Notice Is Improper.

Further contrary to Defendants' suggestion, it is not true that judicial notice may be taken of any and every "government document." If that were true, government entities engaged in litigation could inject any material they wanted into the proceeding, irrespective of its provenance, simply by self-publishing it as a "government document." Indeed, that is precisely what Defendants seek to do in this case, with respect to three of their proposed judicial notice documents. *See* Mot. for Jud. Not. Exs. 6, 7, and 13 (ECF nos. 29-7, 29-8, 29-14). These three documents are nothing more than statements of the County's litigation positions on disputed issues related to the claims in Plaintiffs' Amended Complaint. They are not "sources whose accuracy cannot reasonably be questioned," nor are they "not subject to reasonable dispute" within the meaning of Rule 201. Judicial notice may not be taken of these documents at all. A plaintiff may challenge the government's self-serving declarations about the quality of its own work.

Accordingly, Defendants' request for judicial notice can only be granted in small part. The Court may take notice that Defendants' Exhibits 1, 10, 16, and 17 – official Maricopa County documents published for purposes other than declaring the County's views on issues related to this litigation – were published and that the statements in them

were communicated to the public on the indicated dates, but the Court may not rely on these documents to establish the truth of any fact disputed by Plaintiffs, such as the reliability of Defendants' electronic election equipment or the feasibility of a hand-count of ballots in the November 2022 election.

The Court may take notice that Defendants' Exhibits 2, 3, and 4 – federal EAC documents – exist and were published by the EAC concerning the certification of Dominion voting equipment, but again it may not rely on these documents to establish the truth of any fact disputed by Plaintiffs. *Cf. Enos*, No. CV-16-00384-PHX-JJT, 2017 U.S. Dist. LEXIS 19268, at *10 (holding that the Court must "disregard[]" evidence outside the Complaint, such as "portions of the Federal Communications Commission's website").

The Court may take notice that Defendants' Exhibits 5, 9, and 11 – state documents published by one of the defendants in this action – exist and were published to the public, but again it may not rely on these documents to establish the truth of any fact disputed by Plaintiffs.

The Court may take notice that Defendants' Exhibit 15 – a Maricopa County document – exists as an official record of the county, but it may not rely on this document to establish the truth of any fact disputed by Plaintiffs.

Defendants' Exhibit 8 is not a government document, but appears to be a report created by a private company at the request of Maricopa County concerning issues placed in dispute by Plaintiffs' Amended Complaint.  It is not appropriate for judicial notice at all.

Defendants' Exhibit 12 appears to be a special master's report concerning litigation between the Arizona State Senate and Maricopa County. If that is what it is, it may be entitled to the same judicial notice as the court filings in *Lee*. "On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" *Lee,* 250 F.3d at 690.

3

Defendants' Exhibit 14 – an excerpt of the Arizona session laws in 1966 – is proper for judicial notice that state law in 1966 was as stated.

The cases relied upon by Defendants are not on point. In *Tampa Elec. Co. v. Nashville Coal Co.*, 365 U.S. 320, 332 (1961), a summary judgment case, the Supreme Court took notice of the "approximate total bituminous coal (and lignite) product in the year 1954 from the districts in which these 700 producers are located" – a concrete fact apparently not in dispute between those parties. In *DeHoog v. Anheuser-Busch InBev SA/NV*, 899 F.3d 758, 763 n.5 (9th Cir. 2018), the court took notice of unspecified "undisputed matters of public record" found in various kinds of documents. In *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010), the court took notice of information "made publicly available by government entities (the school districts)," where "neither party dispute[d] the authenticity of the web sites or the accuracy of the information displayed therein." In none of these cases did the courts take notice of disputed facts as the basis for ruling against a party on the merits related to those facts. Rather, the courts stressed that the noticed facts were not in dispute. In cases where a district court took judicial notice concerning disputed facts, such as *Lee* and *Khoja*, the Ninth Circuit reversed. In *Quinones*, where the district court took judicial notice of the fact of a guilty plea and the defendant's related statements, but declined to take notice of the underlying fact of her mental state because that was a disputed fact, the Ninth Circuit approved. No. 20-56177, 2021 U.S. App. LEXIS 36293, at *4.

### III.   Conclusion

As explained in further detail in Plaintiffs' opposition to the Maricopa Defendants' Motion to Dismiss, issues related to the reliability of Defendants' electronic election equipment and to the audit of the 2020 Maricopa County election results are vigorously contested. Fed. R. Evid. 201 does not permit Defendants to smuggle factual determinations of disputed issues before the Court – at the pleadings state, no less – behind a fig leaf of

1  "judicial notice." The Court should deny Defendants' motion in large part, as described
2  above.
3
4  DATED: June 21, 2022.                    **PARKER DANIELS KIBORT LLC**
5                                            By */s/ Andrew D. Parker*
6                                               Andrew D. Parker (AZ Bar No. 028314)
                                                 888 Colwell Building
7                                                123 N. Third Street
                                                 Minneapolis, MN 55401
8                                                Telephone: (612) 355-4100
                                                 Facsimile: (612) 355-4101
9                                                parker@parkerdk.com
10
11                                           **OLSEN LAW, P.C.**
                                             By */s/ Kurt Olsen*
12                                              Kurt Olsen (D.C. Bar No. 445279)*
                                                1250 Connecticut Ave., NW, Suite 700
13                                              Washington, DC 20036
                                                Telephone: (202) 408-7025
14                                              ko@olsenlawpc.com
15
16
                                             By */s/ Alan M. Dershowitz*
17                                              Alan M. Dershowitz (MA Bar No. 121200)*
                                                1575 Massachusetts Avenue
18                                              Cambridge, MA 02138
19
                                               * Admitted *Pro Hac Vice*
20
21                                           *Counsel for Plaintiffs Kari Lake*
                                             *and Mark Finchem*
22
23
24
25
26

**CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2022, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

/s/ Andrew D. Parker