RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

By: Thomas P. Liddy (019384)
    Joseph J. Branco (031474)
    Joseph E. LaRue (031348)
    Karen J. Hartman-Tellez (021121)
    Deputy County Attorneys
    MCAO Firm No. 0003200

CIVIL SERVICES DIVISION
225 West Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-4316
liddyt@mcao.maricopa.gov
brancoj@mcao.maricopa.gov
laruej@mcao.maricopa.gov
hartmank@mcao.maricopa.gov
ca-civilmailbox@mcao.maricopa.gov

Emily Craiger (Bar No. 021728)
emily@theburgesslawgroup.com
THE BURGESS LAW GROUP
3131 East Camelback Road, Suite 224
Phoenix, Arizona 85016
Telephone: (602) 806-2100

*Attorneys for the Defendant*
*Maricopa County Board of Supervisors*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kari Lake and Mark Finchem, | No. 2:22-cv-00677-JJT |
| Plaintiffs, | **MARICOPA COUNTY DEFENDANTS' NOTICE CONCERNING THE COURT'S QUESTION** |
| vs. | |
| Kathleen Hobbs, et al., | (Honorable John J. Tuchi) |
| Defendants. | |

At the July 21, 2022 hearing, the Court asked undersigned counsel ("Mr. La Rue") to respond to Mr. Ben Cotton's "testimony on the hardware used in Arizona to run the Democracy Suite." [MINUTE ENTRY, Doc. 78.] Mr. La Rue's best recollection is that the Court's question, asked from the Bench, referenced "modems" or "cards" that Mr. Cotton testified were included within the Dominion tabulation machines. The County's witness, Mr. Scott Jarrett, was no longer present and Mr. La Rue was uncertain of the answer but offered to provide one no later than July 22, 2022. Having conferred with his client, Mr. La Rue offers the following response.

**1. There are no modems in any of Maricopa County's Dominion Voting Systems Democracy Suite equipment.** Mr. Cotton stated in his Declaration that a "subset" of Dominion "systems do contain wireless 802.11 modems that can connect to unauthorized networks if the user has administrative access." [Doc. 35 at 11.] It is not clear (to Mr. La Rue, at least) what systems Mr. Cotton means, nor is it clear whether Mr. Cotton is speaking about systems used by Maricopa County or other systems he has examined. [*See id*. (stating that "[i]n all the election systems that I have examined" there has been an attempt to separate the tabulation system from the voter registration system).] Regardless, there are no modems in any Dominion Democracy Suite equipment used by Maricopa County.

**2. Maricopa County does not enable ethernet ports that are standard in Dominion Voting Systems Democracy Suite 5-5B equipment, and also blocks access to the ports.** The Dominion Voting Systems Democracy Suite 5-5B precinct-based tabulators, including those used by Maricopa County, contain an ethernet port that can be programmed to allow an external modem to be plugged into them. Some jurisdictions in other states use this functionality to transmit tabulation results from the polling location to the central count facility. For this port to work, it must be enabled. Maricopa County does not enable the port. It also affixes a tamper-evident seal to the port so that it cannot be accessed.

**3. Although one of Maricopa County's Dominion Voting Systems Democracy Suite 5-5B adjudication stations contained a second hard drive, it created no risk of Internet connectivity; further, that adjudication station is no longer used by Maricopa**

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
225 WEST MADISON STREET
PHOENIX, ARIZONA 85003

**County.**  Prior to this lawsuit, Mr. Cotton participated in Cyber Ninjas' examination of Maricopa County's 2020 general election, including the Dominion Democracy Suite equipment the County had used.  Mr. Cotton and his company, CyFIR, provided analysis that was included in a report issued by Cyber Ninjas.  The Cyber Ninjas' report is not part of the record, but it is discussed in Doc. 29-14, *Correcting the Record*, which was Exhibit 13 in support of Maricopa County's Motion to Dismiss.  In it, Mr. Cotton alleged that one of Maricopa County's adjudication stations might have internet connectivity.  Mr. La Rue is uncertain whether Mr. Cotton has testified to that possibility in this lawsuit, but if so Mr. La Rue's response is as follows.

"Adjudication stations" are used by bi-partisan teams to adjudicate ballots that for various reasons cannot be read by the tabulation equipment.  Mr. Cotton noted that one of the County's adjudication stations contained a second hard drive and speculated that this might allow internet access.  [Doc. 29-14 at 45.]  However, the County had already learned about the presence of the second hard drive as a result of the forensic audit it authorized in February, 2021.  SLI Compliance—an EAC accredited testing laboratory—found the second hard drive and determined that (1) it was not plugged into the motherboard and (2) it had last been used on July 31, 2019, which was prior to Maricopa County acquiring the equipment.  [*Id*.]  These findings were significant.  First, because the second hard drive was not plugged into the motherboard, it could not act as a "jump box" for internet connectivity.  [*Id*.]  Second, because it had last been used (and so, had last been plugged into the motherboard) prior to Maricopa County's acquisition of the equipment, it had never posed any risk of internet connectivity while in the County's possession.  [*Id*.]  Regardless, this particular adjudication station, containing a second hard drive, is no longer used by Maricopa County.

//
//
//
//

RESPECTFULLY SUBMITTED this 22nd day of July, 2022.

>RACHEL H. MITCHELL
>MARICOPA COUNTY ATTORNEY
>
>BY: <u>/s/Joseph E. La Rue</u>
>    Thomas P. Liddy
>    Joseph J. Branco
>    Joseph E. La Rue
>    Karen Hartman-Tellez
>    Deputy County Attorneys
>
>THE BURGESS LAW GROUP
>    Emily Craiger
>
>*Attorneys for the Defendant*
>*Maricopa County Board of Supervisors*

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2022, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

/s/ *J. Christiansen*