RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

By:   Thomas P. Liddy (019384)
        Joseph J. Branco (031474)
        Joseph E. LaRue (031348)
        Karen J. Hartman-Tellez (021121)
        Deputy County Attorneys
        MCAO Firm No. 0003200

CIVIL SERVICES DIVISION
225 West Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-4316
liddyt@mcao.maricopa.gov
brancoj@mcao.maricopa.gov
laruej@mcao.maricopa.gov
hartmank@mcao.maricopa.gov
ca-civilmailbox@mcao.maricopa.gov

Emily Craiger (Bar No. 021728)
emily@theburgesslawgroup.com
THE BURGESS LAW GROUP
3131 East Camelback Road, Suite 224
Phoenix, Arizona 85016
Telephone: (602) 806-2100

*Attorneys for the Defendant
Maricopa County Board of Supervisors*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kari Lake and Mark Finchem,<br><br>        Plaintiffs,<br><br>vs.<br><br>Kathleen Hobbs, et al.,<br><br>        Defendants. | No. 2:22-cv-00677-JJT<br><br>**SECRETARY OF STATE AND MARICOPA COUNTY DEFENDANTS' JOINT NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendants Arizona Secretary of State Katie Hobbs (the "Secretary") and the Maricopa County Board of Supervisors jointly submit this Notice of Supplemental Authority in Support of the Secretary's Motion to Strike the Declarations of Ben Cotton and Douglas Logan and the Motion in Limine to Exclude their Testimony. [*See* Doc. 74; *see also* Doc. 75 (Maricopa County Joinder in Motion to Strike)] Specifically, the Secretary and the Maricopa County Defendants request to supplement the record with the results of the Arizona Attorney General's investigation of the Cyber Ninjas' allegations about deceased voters, which establish that Cotton and Logan are not qualified to serve as experts about the administration of Arizona elections because of the unreliability of their work. *See* Fed. R. Evid. 702.

On August 1, 2022, Arizona Attorney General Mark Brnovich sent a letter to Arizona Senate President Karen Fann about the Attorney General's investigation of certain allegations made by Plaintiffs' witnesses Logan and Cotton in their report to the Arizona Senate arising out of the "audit" of the 2020 general election results in Maricopa County. [*See* Ex. 1] In particular, the "audit" report asserted that "it was found that 282 individuals who were flagged as deceased prior to October 5, 2020, voted in the election." *See* Cyber Ninjas' Report, Vol. III, § 5.6.6, *available at*: https://www.azsenaterepublicans.com/_files/ugd/2f3470_d36cb5eaca56435d84171b4fe7ee6919.pdf. Yet "[a]fter spending hundreds of hours reviewing these allegations, [the Attorney General's] investigators were able to determine that only one of the 282 individuals on the list was deceased at the time of the election. All other persons listed as deceased were found to be current voters." [Ex. 1][1]

This comes as no surprise to the Maricopa County Defendants, whose own review of allegedly deceased voters showed far fewer possible instances of a ballot being processed and counted for a voter who passed away before the election than the 282 voters the Cyber

---

[1] It is not clear from the Attorney General's letter whether the one deceased voter died between the start of early voting on October 5, 2020 and election day on November 3, 2020, or if that one vote represented someone other than the deceased voter completing the deceased voter's ballot.

Ninjas identified. [*See* Doc. 29-14, Maricopa County, Correcting the Record, at 61-62] The Attorney General's investigation of potentially deceased voters proves that Logan's and Cotton's work product lacks the rigor required of an admissible expert opinion. Though whether deceased voters cast ballots in Maricopa County in 2020 is not before this Court, the Cyber Ninjas' analysis of such voters as part of their "audit" of Maricopa County's 2020 General Election has been so thoroughly debunked by the Attorney General's investigation that it casts significant doubt over all of Logan's and Cotton's other conclusions.

The results of the Attorney General's investigation further prove that Logan's and Cotton's analysis of Maricopa County's election administration is unreliable, because it is based on "unsupported speculation which is no more than unreliable ipse dixit guesswork." *Friend v. Time Mfg. Co.*, 422 F. Supp. 2d 1079, 1080 (D. Ariz. 2005) (citing *General Electric Co. v. Joiner*, 522 U.S. 136, 146 (1997) and *Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 607 (9th Cir. 2002)). The Cyber Ninjas' error rate of 99.65% "is the antithesis of the scientifically reliable expert opinion admissible under *Daubert* and Rule 702." *Cabrera v. Cordis Corp.,* 134 F.3d 1418, 1423 (9th Cir. 1998). As a result, the Court should strike Logan's and Cotton's declarations and exclude their testimony from the preliminary injunction hearing.

RESPECTFULLY SUBMITTED this 2nd day of August, 2022.

> RACHEL H. MITCHELL
> MARICOPA COUNTY ATTORNEY
>
> BY: */s/Karen J. Hartman-Tellez*
> Thomas P. Liddy
> Joseph J. Branco
> Joseph E. La Rue
> Karen J. Hartman-Tellez
> Deputy County Attorneys
>
> THE BURGESS LAW GROUP
> Emily Craiger
>
> *Attorneys for Defendant Maricopa County Board of Supervisors*

|   |   |
|---|---|
| 1 | COPPERSMITH BROCKELMAN PLC |
| 2 | BY: */s/ D. Andrew Gaona* (with permission) |
|   |      Roopali H. Desai |
| 3 |      D. Andrew Gaona |
| 4 |      Kristen Yost |
| 5 |      2800 North Central Avenue, Suite 1900 |
|   |      Phoenix, Arizona 85004 |

Sambo (Bo) Dul
**STATES UNITED DEMOCRACY CENTER**
8205 South Priest Drive, #10312
Tempe, Arizona 85284

Christine Bass *
**STATES UNITED DEMOCRACY CENTER**
3749 Buchanan Street, Unit 475165
San Francisco, California 94147-3103
* *Admitted Pro Hac Vice*

*Attorneys for Defendant*
*Arizona Secretary of State Katie Hobbs*

# CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2022, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

*/s/ Veronica Sisneros*