Emily Craiger (Bar No. 021728)
emily@theburgesslawgroup.com
THE BURGESS LAW GROUP
3131 East Camelback Road, Suite 224
Phoenix, Arizona 85016
Telephone: (602) 806-2100

RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

By:  Thomas P. Liddy (019384)
     Joseph J. Branco (031474)
     Joseph E. LaRue (031348)
     Karen J. Hartman-Tellez (021121)
     Deputy County Attorneys
     MCAO Firm No. 0003200

CIVIL SERVICES DIVISION
225 West Madison St.
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-8567
liddyt@mcao.maricopa.gov
brancoj@mcao.maricopa.gov
laruej@mcao.maricopa.gov
hartmank@mcao.maricopa.gov
ca-civilmailbox@mcao.maricopa.gov

*Attorneys for the Defendant
Maricopa County Board of Supervisors*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kari Lake and Mark Finchem, <br><br> Plaintiffs, <br><br> vs. <br><br> Kathleen Hobbs, et al., <br><br> Defendants. | No. 2:22-cv-00677-JJT <br><br> **MARICOPA COUNTY DEFENDANTS' APPLICATION FOR ATTORNEYS' FEES** <br><br> (Honorable John J. Tuchi) |

Pursuant to District of Arizona Local Rule Civil 54.2(c)(3) and (f) ("Local Rule 54.2") and the Court's Order filed December 1, 2022 (Doc. 106), Defendants Bill Gates, Clint Hickman, Jack Sellers, Thomas Galvin, and Steve Gallardo in their official capacities as members of the Maricopa County Board of Supervisors ("the County") respectfully apply for an award of $141,690.00 in attorneys' fees. These fees represent the amount reasonably incurred by the County to defend this frivolous lawsuit. The application is supported by the following Memorandum of Points and Authorities, the Statement of Consultation, attached as Exhibit 1, the assignment letter between Maricopa County and Emily Craiger of the Burgess Law Group, attached as Exhibit 2, the Task-Based Itemized Statements of Fees, attached as Exhibits 3 and 4, and the Affidavits of Emily Craiger, Joseph La Rue, Karen Hartman-Tellez and Thomas P. Liddy attached as Exhibit 5.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   ELIGIBILITY FOR AWARD OF ATTORNEYS' FEES**

   **A. Procedural History**

On May 20, 2022, by written correspondence, County counsel alerted Plaintiffs' counsel of its intention to file a Motion to Dismiss and seek Rule 11 sanctions. On May 27, 2022, County counsel, having received no response, sent e-mail correspondence to Plaintiffs' counsel requesting a meet and confer. On May 31, 2022, counsel for the Parties participated in a telephonic meet and confer. At that time, Plaintiffs' counsel stated they had not considered whether amending the FAC could remedy the issues raised in the County's May 20, 2022, correspondence. Accordingly, the Parties filed a stipulated request for extension of Defendants' responsive pleading deadline, so Plaintiffs could consider the issues raised by County counsel nearly two weeks prior. (Doc. 24). On June 6, 2022, the Parties participated in a second meet and confer in which Plaintiffs' counsel stated that it "disagreed" with the County's position and would not amend or dismiss the FAC, except they would no longer pursue Plaintiffs' claims based on A.R.S. § 11-251. The following day, on June 7, 2022, the County filed its Motion to Dismiss ("MTD"). (Doc. 27). One day later, on June 8, 2022, Plaintiffs filed their Motion for Preliminary Injunction ("MPI"),

as well as Motion for Leave to File Excess Pages. (Doc. 33 and 32 Respectively). Plaintiffs attached numerous exhibits to its MPI totaling over 1,000 pages. (Doc. 34-43). On June 21, 2022, the County filed its Opposition to Plaintiff's MPI. (Doc. 55).

By Order dated July 11, 2022, the Court set an in-person hearing for July 21, 2022, to consider argument on the MTDs filed by the County and the Secretary of State and for the parties' presentations on Plaintiffs' MPI. (Doc. 68). On July 18, 2022, County counsel served its Motion for Sanctions on Plaintiffs' counsel in advance of filing it, pursuant to the requirements of Rule 11, Fed. R. Civ. P. ("Rule 11"). The County received no response. On August 10, 2022, the County filed its Motion for Sanctions. (Doc. 97). On August 24, 2022, Plaintiffs' filed their Response in Opposition to the County's Motion for Sanctions. (Doc. 99). On August 26, 2022, the Court granted Defendants' Motions to Dismiss and denied as moot Plaintiffs' MPI. (Doc. 100). By Order dated December 1, 2022, the Court granted the County's Motion for Sanctions. (Doc. 106).

## B. Judgment and Legal Authority Supporting Award

This application for attorneys' fees is authorized by the Court's Order filed December 1, 2022. (Doc. 106 at 30). In its Motion for Sanctions, the County sought an award of attorneys' fees as sanctions pursuant to Rule 11 and 28 U.S.C. § 1927.

Rule 11 states, in pertinent part, that when an attorney presents a signed paper to a court, that person is certifying that to the best of his or her "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—"

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery ...

Fed. R. Civ. P. 11(b).

A district court may impose appropriate sanctions "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated." Fed. R. Civ. P. 11(c).

A federal court may also base an order of sanctions on authority granted by 28 U.S.C. § 1927, which states, in pertinent part, that:

> Any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

Thus, "Section 1927 authorizes the imposition of sanctions against any lawyer who wrongfully proliferates litigation proceedings once a case has commenced." *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1117 (9th Cir. 2000).

## II.  COMPLIANCE WITH RULE 54.2(D)

The County has complied with the supporting documentation requirements of Local Rule 54.2 as follows:

**(A)** **Statement of Consultation:** Undersigned counsel and co-counsel Joseph La Rue personally consulted by phone with counsel for Plaintiffs on December 13, 2022. (Exhibit 1).  Present on the call were Andrew Parker, Jesse Kibort and Alan Dershowitz.  Mr. Parker stated he was representing Kurt Olsen and Joseph Pull on the call. (*Id.*) The parties to the call discussed the consultation requirement and determined there were no issues that could be resolved. Ms. Craiger offered to provide a draft of the fee application and counsel for Plaintiffs stated they would review it.  That draft was provided on December 14, 2022. (*Id.*)

**(B)** **Fee Agreement:** The Assignment Letter for the Burgess Law Group signed by Maricopa County Attorney Rachel Mitchell that includes the agreed about hourly rate for Ms. Craiger is attached hereto as Exhibit 2.

3

**(C)     Task-Based Itemized Statement of Fees and Expenses:** Task-based itemized statements of time expended are included as Exhibits 3 and 4, for Ms. Craiger and the assigned counsel from the Maricopa County Attorneys' Office respectively.

**(D)     Affidavits:** This application is supported by the Affidavits of undersigned counsel and co-counsel attached as Exhibit 5.

**III.    REASONABLENESS OF REQUESTED AWARD**

This Court considers the thirteen (13) factors enumerated in LRCiv. 54.2(c)(3) when determining the reasonableness of an attorneys' fees award. Each such factor is discussed below.

**(A)     The Time and labor required of counsel:**

As required by LRCiv. 54.2(d)(3), Task-Based Itemized Statements of Fees are attached hereto as Exhibit 3 and 4. The County seeks an award of attorneys' fees in the amount of $141,690.00. This represents the reasonable fees incurred by the County in connection with: (1) fully briefing its MTD and all related meet and confer obligations; (2) fully briefing its opposition to Plaintiffs' MPI; (3) preparing for and appearing at the July 21, 2022, all day hearing in this matter, including preparing for and presenting witnesses and arguing both the County's Motion to Dismiss and Opposition to MPI; (4) fully briefing matters as requested by the Court following the hearing; and (5) fully briefing its Motion for Sanctions, including all meet and confer obligations. Because of the expedited nature of this matter, multiple attorneys were required in order to adequately represent the interests of the County. However, the County has not requested fees for every attorney on this case and has not sought fees that are duplicative. The requested amount is reasonable and appropriate.

**(B)     The novelty and difficulty of questions presented:**

Plaintiffs' challenge was, unfortunately, not extremely novel. It would have been, prior to 2020. But ever since the general election that year, misleading lawsuits challenging the integrity of elections and the equipment used to administer them have become all too

4

common, both in Arizona and elsewhere. Plaintiffs' challenge did, however, present difficult constitutional and statutory questions concerning election administration. Those questions were unnecessarily made more complicated because many were supported by factual allegations that had little to no basis in reality and were not relevant to elections in Arizona. Responding to those legal questions—including by explaining the true state of affairs regarding elections in Arizona and Maricopa County—in order to demonstrate the lawfulness, integrity, and trustworthiness of the County's election equipment and processes was a difficult and time-consuming endeavor. The difficulty was exacerbated by the compressed time-period of just three and a half months during which this litigation, from start to finish, occurred. The successful defense of the County--securing the Order dismissing the action with prejudice--required the attorneys involved to have significant knowledge of not only the legal issues, but also a clear understanding of Maricopa County's election processes and procedures, technical issues related to the County's Election Management System, as well as an understanding of the litigation history concerning the 2020 election cycle.

  **(C) The skill required to perform the legal service properly:**

  Complex expedited election-related litigation is a specialized practice of law, as addressed above. And as just noted, to successfully litigate this matter—as the County's attorneys did—required great familiarity with election law and also the County's election practices and procedures. Further, each of the attorneys involved is an experienced litigator who has practiced in Federal Court for decades. It was entirely appropriate and necessary to have attorneys with the experience of Ms. Craiger, Mr. La Rue, Ms. Hartman-Tellez and Mr. Liddy on the litigation team.

  **(D) The preclusion of other employment by counsel because of the acceptance of the action.**

  By accepting this representation, counsel was forced to expend substantial time in an expedited timeframe defending the County with respect to the baseless claims asserted by Plaintiffs. Mr. La Rue, Ms. Hartman-Tellez, and Mr. Liddy are government attorneys

who represent government clients set by law. They receive their salaries from the government; they do not offer their services to other potential clients, but only represent the government officials that the law provides that they shall represent. Ms. Craiger is in private practice. Because she agreed to represent the County in this matter, she was precluded from accepting additional work from other paying clients.

**(E)   The customary fee charged in matters of the type involved:**

As detailed in the Affidavits of counsel, attached hereto as Exhibit 5 and incorporated by reference herein, the rate of each attorney that worked on this matter is commensurate with the experience and background of each individual and within the rates charged in the community by similar professionals. All but one of the named defense counsel are government attorneys and necessarily bill at rates significantly below what their respective experience would warrant in the private sector; therefore, the rates for those attorneys is *de facto* reasonable.

**(F)   Whether the Contracted fee is Fixed or Contingent:**

As required by LRCiv. 54(d)(2), a copy of the fee agreement between undersigned counsel Emily Craiger and Maricopa County is attached hereto as Exhibit 2.

**(G)   Any time limitations imposed by the client or the circumstances;**

As discussed above, there were substantial time limitations that were imposed on the County because of Plaintiffs' unreasonable delay in bringing this matter until just six months before the 2022 general election, and then seeking a preliminary injunction that would have enjoined the County from using its tabulation equipment to tabulate ballots cast in that election. The upshot was that a severely compressed time-table for litigating this matter was created, forcing the County to prepare and defend the issues raised with minimal time to prepare.

**(H)   The amount of money, or the value of the rights, involved and the results obtained:**

While money was not at issue in this matter, the value of the rights at issue could

not be more significant – at the heart of Plaintiffs' claim were allegations that, left undisputed, might baselessly undermine public confidence in their right to exercise their fundamental right to vote. As the Court stated, in its Order,

> Imposing sanctions in this case is not to ignore the importance of putting in place procedures to ensure that our elections are secure and reliable. It is to make clear that the Court will not condone litigants ignoring the steps that Arizona has already taken toward this end and furthering false narratives that baselessly undermine public trust at a time of increasing disinformation about, and distrust in, the democratic process. It is to send a message to those who might file similarly baseless suits in the future.

(Doc. 106 at 30).

**(I)     The experience, reputation and ability of counsel:**

The majority of the work done on this case was performed by attorneys Emily Craiger, Joseph La Rue, Karen Hartman-Tellez and Thomas P. Liddy. Ms. Craiger has more than 20 years of experience involving litigation in Federal Courts in Arizona, as well as extensive experience litigating election-related matters. Mr. La Rue has practiced law for 16 years and that entire time he has focused his practice on election-related and constitutional matters. Ms. Hartman-Tellez has been practicing law for more than 21 years, focusing on representing governmental entities in election and constitutional-related matters. Finally, Mr. Liddy has practiced law for over 30 years, he is the Civil Division Chief of the Maricopa County Attorney's Office. Further, he has extensive experience in election-related litigation throughout the United States. These attorneys are all licensed to practice in the State of Arizona.

**(J)     The "undesirability" of the case:**

Election-related litigation in Arizona and nationwide is closely monitored and heavily scrutinized by the media and on social media. The attorneys who worked on this matter on behalf of Maricopa County do this work, in part, because of their dedication to democracy, the rule of law and to the hardworking and dedicated elected officials and employees of Maricopa County. However, the disinformation campaigns relating to elections in this country have caused many attorneys who defend these democratic

institutions to be subjected to unwarranted public ridicule, at times, like that discussed in Defendants' Reply in Support of its Motion for Sanctions. (Doc.102 at p. 8).

**(K)  The nature and length of the professional relationship between the attorney and the client:**

Each attorney who worked on this case has worked closely with Maricopa County for several years, including successfully defending it in numerous election-related cases, as set forth in each attorney's affidavit.

**(L)  Awards in similar actions:**

County counsel is unaware of any similar sanction award in an election-related litigation matter in the District of Arizona. However, in *King v. Whitmer*, 2021 WL 5711102 (E.D. Michigan, December 2, 2021), a case upon which this Court relied in its Order, the court awarded sanctions totaling more than $175,000.00. That case involved similar baseless claims concerning election integrity. Likewise in *O'Rourke v. Dominion Voting Systems, Inc.*, 571 F.Supp.3d 1190 (D. Colorado Nov. 22, 2021), the court awarded sanctions totaling more than $186,922.00. Sanctions were awarded pursuant to Rule 11 and 28 U.S.C. § 1927 because, among other reasons, "in light of the unusual and highly volatile circumstances of this case and the surrounding political environment, Plaintiff's counsel did not conduct a reasonable inquiry into whether the factual allegations had evidentiary support." *Id.* at 1208. Here counsel for the County requests a substantially lower sanction award.

**IV.  CONCLUSION**

The County respectfully asks the Court to award attorneys' fees totaling $141,690.00.

RESPECTFULLY SUBMITTED this 15th day of December, 2022.

          THE BURGESS LAW GROUP

          BY: */s/ Emily Craiger*
               Emily Craiger


          RACHEL H. MITCHELL
          MARICOPA COUNTY ATTORNEY

          BY: Thomas P. Liddy
               Joseph J. Branco
               Joseph E. La Rue
               Karen J. Hartman-Tellez
               Deputy County Attorneys

          *Attorneys for the Defendant*
          *Maricopa County Board of Supervisors*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2022, I electronically transmitted the foregoing document to the U.S. District Court Clerk's Office using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants.