EXHIBIT "5"

Emily Craiger (Bar No. 021728)
emily@theburgesslawgroup.com
THE BURGESS LAW GROUP
3131 East Camelback Road, Suite 224
Phoenix, Arizona  85016
Telephone: (602) 806-2100

RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

By:     Thomas P. Liddy (019384)
        Joseph J. Branco (031474)
        Joseph E. LaRue (031348)
        Karen J. Hartman-Tellez (021121)
        Deputy County Attorneys
        MCAO Firm No. 0003200

CIVIL SERVICES DIVISION
225 West Madison St.
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-8567
liddyt@mcao.maricopa.gov
brancoj@mcao.maricopa.gov
laruej@mcao.maricopa.gov
hartmank@mcao.maricopa.gov
ca-civilmailbox@mcao.maricopa.gov

*Attorneys for the Defendant*
*Maricopa County Board of Supervisors*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kari Lake and Mark Finchem, | No. 2:22-cv-00677-JJT |
| Plaintiffs, | |
| vs. | **AFFIDAVIT OF EMILY CRAIGER IN SUPPORT OF DEFENDANT MARICOPA COUNTY'S APPLICATION FOR ATTORNEYS' FEES** |
| Kathleen Hobbs, et al., | |
| Defendants. | |
| | (Honorable John J. Tuchi) |

STATE OF ARIZONA        )
                                      ) ss.
County of Maricopa        )

Emily Craiger, being first duly sworn, states as follows:

1.     I am attorney of record for Defendant the Maricopa County Board of Supervisors (the "County") in the above-captioned action and make these statements based on my own personal knowledge and in support of the County's concurrently filed Application for Attorneys' Fees (the "Application").

2.     I have been a member of the State Bar of Arizona since 2002 and my practice focuses on election litigation and employment law.  I am a partner with the law firm of The Burgess Law Group.

3.     I earned my law degree from the University of Iowa College of Law in 2002 and was admitted to practice law in Arizona that same year.  In law school, I served as a judicial extern for Eighth Circuit District Court Judge, the Honorable Michael J. Melloy.

4.     Following graduation from Law School, I worked at the local law firms of Ridenour, Hienton, Kelhoffer, Lewis & Garth, P.C. and Robbins & Green, P.A., until I moved to the national law firm of Littler Mendelson, P.C., in 2004.  During my time at these three firms, I practiced in the area of civil litigation with a focus on employment law. I litigated numerous cases in state and federal courts, as well as arguing before the Arizona Court of Appeals and Ninth Circuit Court of Appeals. After practicing at Littler Mendelson for nearly ten years, I left my Of Counsel positon to work as a Senior Attorney in the Civil Division of the Maricopa County Attorney's Office ("MCAO"). While there, I continued to litigate in federal and state courts. I was promoted to the Land Use & Transactional and Government Advice Practice Group leader positions before moving into the Assistant Division Chief position overseeing the Civil Division. Among other things, I worked closely with the Board of Supervisors and other County elected officials, as well as leading the election law team during the 2020 election.  In 2022, I joined the Burgess Law Group as a Partner. Here I have continued my active litigation practice.

5.      In addition to this matter, I have defended Maricopa County in the following election-related cases:

- *Aguilera v. Fontes*, No. CV2020-014083 (Maricopa Cty. Super. Ct., voluntarily dismissed, Nov. 7, 2020).

- *Donald J. Trump for President, Inc. v. Hobbs*, No. CV2020-014248 (Maricopa Cty. Super. Ct., Min. Entry Order, November 13, 2020 (dismissing Complaint with prejudice)).  Complaint alleged that poll workers induced voters to press the "green button" forcing their ballots to be tabulated even though they had overvoted certain contests, which would therefore not be counted.  Superior Court dismissed the Complaint with prejudice after conducting an evidentiary hearing.

- *Arizona Republican Party v. Fontes*, No. CV2020-014553 (Maricopa Cty. Super. Ct., Min. Entry Order, Nov. 18, 2020 (dismissing Complaint with prejudice)). Complaint alleged that Maricopa County improperly conducted statutory hand count.  The Superior Court dismissed the complaint with prejudice.

- *Aguilera v. Fontes II*, No. CV2020-014562 (Maricopa Cty. Super. Ct., Min. Entry, Nov. 29, 2020, (dismissing Complaint with prejudice)), *affirmed* No. 1 CA-CV 20-0688 EL, 2021 WL 2425918 (Ariz. Ct. App. Jun. 15, 2021).  Complaint alleged that (1) "Sharpie" pens, provided by the County in polling locations, caused overvotes; (2) Arizona law requires "perfect" voting machines, and the County's tabulation equipment could not guarantee "perfect" results; and, (3) the Elections Procedures Manual requires that the public must have physical access—not online stream—to the ballot tabulation center where ballots are counted.  After conducting an evidentiary hearing, the Superior Court dismissed the Complaint with prejudice for failing to state a claim upon which relief can be granted, or alternatively, denied the relief sought because Plaintiffs failed to produce evidence demonstrating entitlement to same.

- *Stevenson v. Ducey*, No. CV2020-096490 (Maricopa Cty. Super. Ct., voluntarily dismissed December 7, 2020).

- *Ward v. Jackson*, No. CV2020-015285 (Maricopa Cty. Super. Ct., Min. Entry Ruling, Dec. 4, 2020 (dismissing the Complaint with prejudice)), *affirmed* No. CV-20-0343-AP/EL (Ariz. S. Ct. Dec. 8, 2020), *cert. denied*, 209 L. Ed. 2d 125, 141 S. Ct. 1381 (2021).  Complaint alleged that (1) the Maricopa County Recorder did not allow proper observation of signature verification for early ballot affidavit envelopes and so the verified signatures were suspect, and (2) ballots needing to be duplicated were duplicated erroneously.  After conducting evidentiary hearing, the Superior Court denied the requested relief, "confirming the election," because the Court found that evidence did not show fraud, misconduct, illegal votes, or erroneous vote count.  On appeal, the Arizona Supreme Court "conclud[ed], unanimously, that . . . . the challenge fails to present any evidence of 'misconduct,' 'illegal votes' or that the Biden Electors 'did not in fact receive the highest number of votes for office,' let alone establish any degree of fraud or a sufficient error rate that would undermine the certainty of the election results."  *Ward v. Jackson*, No. CV-20-0343-AP/EL, 2020 WL 8617817, at *2.

- *Bowyer v. Ducey*, No. CV-20-02321-PHX-DJH, 506 F.Supp.3d 699, 2020 WL 7238261 (D. Ariz. Dec. 9, 2020 (granting motion to dismiss)).  Complaint alleged fraud resulting from foreign interference in the election via offshore algorithms that somehow infiltrated Maricopa County's vote tabulation equipment, leading to "injections" of votes for President-elect Biden, and ballot fraud.  After reviewing the "evidence" submitted by the plaintiffs, the Court dismissed the case, ruling that the "Plaintiffs failed to provide the Court with factual support for their extraordinary claims[.]" 506 F. Supp.3d at 724.

- *Burk v. Ducey*, No. S1100CV202001869 (Pinal Cnty. Sup. Ct. Dec. 15, 2020 (granting motion to dismiss)), *affirmed* No. CV-20-0349-AP/EL, 2021 WL 1380620 (Ariz. Jan. 6, 2021), *cert. denied*, 209 L. Ed. 2d 735, 141 S. Ct. 2600 (2021).  Complaint alleged similar fraud as *Bowyer v. Ducey*.  The Superior Court granted the motion to dismiss and the Arizona Supreme Court affirmed.

6.      Filed as Exhibit 3 to the Application is a Task-Based Itemized Statement of Attorneys' Fees.  Exhibit 3 contains a detailed compilation of the legal time I devoted to the County's defense of this action.  Exhibit 3 is based on individual time entries I recorded on a daily basis.  The time records and description of tasks performed were regularly entered into the firm's computerized accounting and billing system.  Billings are generated from the computerized system and Exhibit 3 accurately reflects the legal work performed on behalf of the County.

7.      My billing rate of $400 per hour in connection with this matter is commensurate with my education, experience and training. I am generally familiar with the rates charged by other attorneys and law firms in this community with similar experience, education and training, and the rate I charged for the time expended on this matter is consistent with those rates.

8.      The amount of attorneys' fees paid by the County as indicated by the attached records is $71,220.00  Said sum is fair and reasonable compensation in this county for the nature of the service and the skill required in this action

9.      I have personally reviewed my billing statements generated in this representation and after evaluating the efforts necessary, I believe that the total sum of reasonable and appropriate attorneys' fees related to my representation of the County comes to $71,220.00.

Pursuant to Ariz.R.Civ.P. 80(i), I declare that under penalty of perjury that the foregoing is true and correct.

//
//
//
//
//
//
//
//
//

4

FURTHER AFFIANT SAYETH NAUGHT

                                                _____

                                                     Emily Craiger

SUBSCRIBED AND SWORN to before me this _____ day of December, 2022.

                                              _____

                                            Notary Public

Commission and Seal:

FURTHER AFFIANT SAYETH NAUGHT

Emily Craiger

SUBSCRIBED AND SWORN to before me this _15^TH_ day of December, 2022.

Notary Public

Commission and Seal:
10|21|2022

KIMBERLY GIPPERT
Notary Public - State of Arizona
MARICOPA COUNTY
Commission # 635378
Expires October 21, 2026

5

1
2
3
4
Emily Craiger (Bar No. 021728)
emily@theburgesslawgroup.com
THE BURGESS LAW GROUP
3131 East Camelback Road, Suite 224
Phoenix, Arizona  85016
Telephone: (602) 806-2100

5
6
RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

7
8
9
10
By:     Thomas P. Liddy (019384)
        Joseph J. Branco (031474)
        Joseph E. LaRue (031348)
        Karen J. Hartman-Tellez (021121)
        Deputy County Attorneys
        MCAO Firm No. 0003200

11
12
13
14
15
16
CIVIL SERVICES DIVISION
225 West Madison St.
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-8567
liddyt@mcao.maricopa.gov
brancoj@mcao.maricopa.gov
laruej@mcao.maricopa.gov
hartmank@mcao.maricopa.gov
ca-civilmailbox@mcao.maricopa.gov

17
18
*Attorneys for the Defendant*
*Maricopa County Board of Supervisors*

19
20
**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| 21  Kari Lake and Mark Finchem, | No. 2:22-cv-00677-JJT |
| 22              Plaintiffs, | **AFFIDAVIT OF JOSEPH E. LA RUE** |
| 23  vs. | **IN SUPPORT OF DEFENDANT** **MARICOPA COUNTY'S** |
| 24  Kathleen Hobbs, et al., | **APPLICATION FOR ATTORNEYS** **FEES** |
| 25              Defendants. | |
| 26 | (Honorable John J. Tuchi) |
| 27 | |
| 28  STATE OF ARIZONA            )                )  ss. | |

County of Maricopa                    )

     Joseph E. La Rue , being first duly sworn, states as follows:

1.    I am attorney of record for Defendant the Maricopa County Board of Supervisors (the "County") in the above-captioned action and make these statements based on my own personal knowledge and in support of the County's concurrently filed Application for Attorneys' Fees (the "Application").

2.    I graduated from Notre Dame Law School in 2006 and was admitted to practice in Ohio that same year. I was admitted to practice in Arizona in 2014. I have been practicing law continuously for sixteen years.

3.    I have extensive election law experience, as explained in this Affidavit. Paragraphs 4-7 describe my experience chronologically. Paragraphs 8 and 9 provide a list of representative cases in which I have participated.

4.    I was trained in election law by prominent election law attorney James Bopp, Jr., at The Bopp Law Firm. Following graduation from law school, I was employed at Graydon Head & Ritchey, a large, regional law firm headquartered in Cincinnati, Ohio, before accepting a position with the Bopp Law Firm in Terre Haute, Indiana in October, 2007.[1] The Bopp Law Firm is a boutique law firm specializing in election law. I had the opportunity to be trained by James ("Jim") Bopp, Jr., the lead attorney in the Firm. Mr. Bopp is regarded as one of the premier Republican election law attorneys in America.[2] In May, 2010, I was appointed to lead the Campaign Finance and Independent Expenditure

---

[1] The Firm's name when I joined it was *Bopp, Coleson & Bostrom*.

[2] *See, e.g.*, Reuters, "The Echo Chamber: Influence at the Supreme Court" (Dec. 8, 2014), *available at* https://www.reuters.com/investigates/special-report/scotus/ (recognizing Mr. Bopp as one of "an elite cadre of lawyers (that) has emerged as first among equals, giving their clients a disproportionate chance to influence the law of the land" by getting their clients' appeals heard by the Supreme Court at a remarkable rate); Mark Bennett, "Terre Haute's Jim Bopp Jr. a conservative titan," *The Washington Times* (June 29, 2014), *available at* https://www.washingtontimes.com/news/2014/jun/29/terre-hautes-jim-bopp-jr-a-conservative-titan/#ixzz369d7Ykgt%20; Viveca Novak, "Citizen Bopp," *The American Prospect* (Jan. 2, 2012), *available at* https://prospect.org/power/citizen-bopp/ (noting that "Over the past 30 years, Bopp has been at the forefront of litigation strategies that have reshaped campaign-finance law inexorably"); Stephanie Mencimer, "The Man Behind Citizens United Is Just Getting Started," *Mother Jones* (May/June, 2011), *available at* https://www.motherjones.com/politics/2011/05/james-bopp-citizens-united/.

1

Practice Group at the Bopp Law Firm. In that role, I managed a group of attorneys whose focus concerned advising and representing clients making independent expenditures, including litigating cases concerning their constitutional right to engage in this type of protected political speech.

5. I left the Bopp Law Firm in November, 2011 to become the Deputy General Counsel for Friends of Herman Cain, Inc., which was Herman Cain's campaign for president of the United States. I served in that position until January, 2012, when I joined Newt 2012, Inc., Newt Gingrich's campaign for president of the United States, as Deputy General Counsel.

6. From October, 2016 through December, 2019[3], I served as the senior election law attorney at the Arizona Attorney General's Office. In that capacity, I provided advice and representation for election law matters to the Arizona Secretary of State, the Arizona Elections Director, and the Citizens Clean Elections Commission.

7. In January 2020, I joined the Maricopa County Attorney's Office ("MCAO") as a Senior Counsel in its Government Advice Practice Group, where I continued my practice of election law. I am currently the Election Law Team Leader for MCAO, responsible to oversee and lead the attorneys who work on election law matters.

8. I have been involved in a significant number of election law cases, including the following: *Minnesota Citizens Concerned for Life, Inc. v. Swanson*, 640 F.3d 304 (8th Cir. 2011), *reh'g en banc granted, opinion vacated* (July 12, 2011), *on reh'g en banc*, 692 F.3d 864 (8th Cir. 2012) (successful challenge to Minnesota political reporting requirements for committees making independent expenditures); *Thalheimer v. City of San Diego*, 645 F.3d 1109 (9th Cir. 2011) (successful challenge to contribution and independent expenditure limits for political committees; first case to expand the holding of *Citizens United v. Fed. Elec. Comm'n*, 130 S.Ct. 876 (2010), to recognize that

---

[3] I worked for a legal nonprofit from April, 2012 through October, 2016, where I represented clients with first amendment free speech and freedom of religion concerns and litigated cases involving those issues.

2

1   government cannot limit contributions to independent expenditure committees); *Fam.*
2   *PAC v. McKenna*, 685 F.3d 800 (9th Cir. 2012) (ruled that law banning political
3   committees from accepting contributions exceeding $5,000 within 21 days of general
4   election was unconstitutional as applied to ballot measure committees); *Democratic Nat'l*
5   *Comm. v. Reagan*, 329 F. Supp. 3d 824 (D. Ariz.), *aff'd*, 904 F.3d 686 (9th Cir. 2018)
6   (upheld Arizona law requiring in-precinct voting and banning ballot collection after ten-
7   day bench trial)[4]; *Arizona Libertarian Party v. Hobbs*, 925 F.3d 1085 (9th Cir. 2019)
8   (upheld Arizona ballot-access scheme, including signature requirements for ballot access,
9   for recognized parties' candidates); *De La Fuente v. Arizona*, No. CV-16-02419-PHX-
10  JZB, 2019 WL 2437300 (D. Ariz. June 11, 2019) (upheld Arizona ballot-access scheme,
11  including signature requirements for ballot access, for independent candidates); *Isabel v.*
12  *Reagan*, 394 F. Supp. 3d 966 (D. Ariz. 2019), *aff'd on other grounds*, 987 F.3d 1220 (9th
13  Cir. 2021) (upheld Arizona's voter registration deadline against constitutional challenge);[5]
14  *Maricopa Cty. Libertarian Party v. Maricopa County*, No. CV2021-002205 (Maricopa
15  Cty. Super. Ct., May 4, 2021 (granting motion to dismiss Complaint alleging Maricopa
16  County unlawfully excluded the Libertarian Party from observing forensic audit of
17  County's tabulation equipment).

18       9.    Additionally I have extensive experience with litigation defending Maricopa
19  County's 2020 general election, including the following cases:

20

21

---

22  [4] I was only involved in the bench trial and initial appeal, which is the portion to which I
    cited in this affidavit.  The case continued after I left the Attorney General's Office.
23  Ultimately, the United States Supreme Court agreed with the District Court's decision,
    which upheld the Arizona laws that I helped defend.  The full citation for this matter is
24  *Democratic Nat'l Comm. v. Reagan*, 329 F. Supp. 3d 824 (D. Ariz.), *aff'd*, 904 F.3d 686
    (9th Cir. 2018), *on reh'g en banc sub nom. Democratic Nat'l Comm. v. Hobbs*, 948 F.3d
25  989 (9th Cir. 2020), *rev'd and remanded sub nom. Brnovich v. Democratic Nat'l Comm.*,
    210 L. Ed. 2d 753, 141 S. Ct. 2321 (2021), *and rev'd and remanded sub nom. Democratic*
26  *Nat'l Comm. v. Hobbs*, 948 F.3d 989 (9th Cir. 2020), *and rev'd and remanded sub nom.*
    *Brnovich v. Democratic Nat'l Comm.*, 210 L. Ed. 2d 753, 141 S. Ct. 2321 (2021), *and*
27  *aff'd sub nom. Democratic Nat'l Comm. v. Hobbs*, 9 F.4th 1218 (9th Cir. 2021).

    [5] I represented the Secretary of State at the trial court, and represented Maricopa County
28  and the Maricopa County Recorder at the Ninth Circuit Court of Appeals.

- *Aguilera v. Fontes*, No. CV2020-014083 (Maricopa Cty. Super. Ct., voluntarily dismissed, Nov. 7, 2020).

- *Donald J. Trump for President, Inc. v. Hobbs*, No. CV2020-014248 (Maricopa Cty. Super. Ct., Min. Entry Order, November 13, 2020 (dismissing Complaint with prejudice)). Complaint alleged that poll workers induced voters to press the "green button" forcing their ballots to be tabulated even though they had overvoted certain contests, which would therefore not be counted. Superior Court dismissed the Complaint with prejudice after conducting an evidentiary hearing.

- *Arizona Republican Party v. Fontes*, No. CV2020-014553 (Maricopa Cty. Super. Ct., Min. Entry Order, Nov. 18, 2020 (dismissing Complaint with prejudice)). Complaint alleged that Maricopa County improperly conducted statutory hand count. The Superior Court dismissed the complaint with prejudice.

- *Aguilera v. Fontes II*, No. CV2020-014562 (Maricopa Cty. Super. Ct., Min. Entry, Nov. 29, 2020, (dismissing Complaint with prejudice)), *affirmed* No. 1 CA-CV 20-0688 EL, 2021 WL 2425918 (Ariz. Ct. App. Jun. 15, 2021). Complaint alleged that (1) "Sharpie" pens, provided by the County in polling locations, caused overvotes; (2) Arizona law requires "perfect" voting machines, and the County's tabulation equipment could not guarantee "perfect" results; and, (3) the Elections Procedures Manual requires that the public must have physical access—not online stream—to the ballot tabulation center where ballots are counted. After conducting an evidentiary hearing, the Superior Court dismissed the Complaint with prejudice for failing to state a claim upon which relief can be granted, or alternatively, denied the relief sought because Plaintiffs failed to produce evidence demonstrating entitlement to same.

- *Stevenson v. Ducey*, No. CV2020-096490 (Maricopa Cty. Super. Ct., voluntarily dismissed December 7, 2020).

- *Ward v. Jackson*, No. CV2020-015285 (Maricopa Cty. Super. Ct., Min. Entry Ruling, Dec. 4, 2020 (dismissing the Complaint with prejudice)), *affirmed* No. CV-20-0343-AP/EL (Ariz. S. Ct. Dec. 8, 2020), *cert. denied*, 209 L. Ed. 2d 125, 141 S. Ct.

4

1  1381 (2021).   Complaint alleged that (1) the Maricopa County Recorder did not allow
2  proper observation of signature verification for early ballot affidavit envelopes and so the
3  verified signatures were suspect, and (2) ballots needing to be duplicated were duplicated
4  erroneously.     After conducting evidentiary hearing, the Superior Court denied the
5  requested relief, "confirming the election," because the Court found that evidence did not
6  show fraud, misconduct, illegal votes, or erroneous vote count.   On appeal, the Arizona
7  Supreme Court "conclud[ed], unanimously, that . . . . the challenge fails to present any
8  evidence of 'misconduct,' 'illegal votes' or that the Biden Electors 'did not in fact receive
9  the highest number of votes for office,' let alone establish any degree of fraud or a
10  sufficient error rate that would undermine the certainty of the election results."   *Ward v.*
11  *Jackson*, No. CV-20-0343-AP/EL, 2020 WL 8617817, at *2.

12         • *Bowyer v. Ducey*, No. CV-20-02321-PHX-DJH, 506 F.Supp.3d 699, 2020
13  WL 7238261 (D. Ariz. Dec. 9, 2020 (granting motion to dismiss)).   Complaint alleged
14  fraud resulting from foreign interference in the election via offshore algorithms that
15  somehow infiltrated Maricopa County's vote tabulation equipment, leading to "injections"
16  of votes for President-elect Biden, and ballot fraud.   After reviewing the "evidence"
17  submitted by the plaintiffs, the Court dismissed the case, ruling that the "Plaintiffs failed to
18  provide the Court with factual support for their extraordinary claims[.]" 506 F. Supp.3d at
19  724.

20         • *Burk v. Ducey*, No. S1100CV202001869 (Pinal Cnty. Sup. Ct. Dec. 15,
21  2020 (granting motion to dismiss)), *affirmed* No. CV-20-0349-AP/EL, 2021 WL 1380620
22  (Ariz. Jan. 6, 2021), *cert. denied*, 209 L. Ed. 2d 735, 141 S. Ct. 2600 (2021).   Complaint
23  alleged similar fraud as *Bowyer v. Ducey*.   The Superior Court granted the motion to
24  dismiss and the Arizona Supreme Court affirmed.

25         10.     Filed as Exhibit 4 to the Application is a Task-Based Itemized Statement of
26  Attorneys' Fees that includes my billing entries.   Exhibit 4 contains a detailed compilation
27  of the legal time I devoted to the County's defense of this action.   Exhibit 4 is based on
28

1    individual time entries I recorded on a daily basis.  The time records and description of

2    tasks performed were regularly entered into MCAO's computerized accounting system.  I

3    am paid a salary by the County and am required to track my time for County internal

4    budgeting purposes. Billings are generated from the computerized system and Exhibit 4

5    accurately reflects the legal work I performed on behalf of the County.

6         11.    My billing rate of $300 per hour in connection with this is commensurate

7    with my education, experience and training. I am generally familiar with the rates charged

8    by other attorneys and law firms in this community with similar experience, education and

9    training, and the rate I charged for the time expended on this matter is consistent with

10   those rates. In addition, the Arizona Court of Appeals approved as reasonable a rate of

11   $300 per hour for the work of two Assistant Attorneys General in an action that arose

12   under the Arizona Fair Housing Act in 2015.  *See City of Tempe v. State*, 237 Ariz. 360,

13   367-68, ¶¶ 28-34 (App. 2015).  Comparing the *City of Tempe* case with this matter, the

14   "difficulty and quality of the work performed, the experience and reputation of counsel,

15   and the nature and significance of the result" are comparable. *Id*.

16        12.    The amount of attorneys' fees I billed as indicated by the attached records is

17   $40,770.00  Said sum is fair and reasonable compensation in this county for the nature of

18   the service and the skill required in this action.

19        13.    I have personally reviewed my billing statements generated in this

20   representation and after evaluating the efforts necessary, I believe that the total sum of

21   reasonable and appropriate attorneys' fees related to my representation of the County

22   comes to $40,770.00.

23        Pursuant to Ariz.R.Civ.P. 80(i), I declare that under penalty of perjury that the

24   foregoing is true and correct.

25        FURTHER AFFIANT SAYETH NAUGHT

26

27                                        Joseph E. La Rue

28

6

1

2   SUBSCRIBED AND SWORN to before me this 15th day of December, 2022.

3

4   Notary Public

5   Commission and Seal:

6   04/27/2024

7                                              JOSHUA DESIMONE
                                               Notary Public - Arizona
                                               Maricopa County
                                               Commission # 579987
                                               My Comm. Expires Apr 27, 2024

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

Emily Craiger (Bar No. 021728)
emily@theburgesslawgroup.com
THE BURGESS LAW GROUP
3131 East Camelback Road, Suite 224
Phoenix, Arizona  85016
Telephone: (602) 806-2100


RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

By:    Thomas P. Liddy (019384)
       Joseph J. Branco (031474)
       Joseph E. LaRue (031348)
       Karen J. Hartman-Tellez (021121)
       Deputy County Attorneys
       MCAO Firm No. 0003200

CIVIL SERVICES DIVISION
225 West Madison St.
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-8567
liddyt@mcao.maricopa.gov
brancoj@mcao.maricopa.gov
laruej@mcao.maricopa.gov
hartmank@mcao.maricopa.gov
ca-civilmailbox@mcao.maricopa.gov

*Attorneys for the Defendant*
*Maricopa County Board of Supervisors*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kari Lake and Mark Finchem, | No. 2:22-cv-00677-JJT |
| Plaintiffs, | **AFFIDAVIT OF KAREN J. HARTMAN-TELLEZ IN SUPPORT OF DEFENDANT MARICOPA COUNTY'S APPLICATION FOR ATTORNEYS' FEES** |
| vs. | |
| Kathleen Hobbs, et al., | |
| Defendants. | (Honorable John J. Tuchi) |

STATE OF ARIZONA          )
                          ) ss.
County of Maricopa        )

Karen J. Hartman-Tellez, being first duly sworn, states as follows:

1.      I am attorney of record for Defendant the Maricopa County Board of Supervisors (the "County") in the above-captioned action and make these statements based on my own personal knowledge and in support of the County's concurrently filed Application for Attorneys' Fees (the "Application").

2.      I am Senior Counsel in the Civil Division of the Maricopa County Attorney's Office. I was admitted to practice in 2001, following my graduation *magna cum laude* from Arizona State University College of Law. After law school, I completed a judicial clerkship for then-Vice Chief Justice Ruth V. McGregor on the Arizona Supreme Court

3.      Before joining the Maricopa County Attorney's Office, I practiced in the area of civil litigation, with a focus on constitutional and media law, at the law firm of Steptoe & Johnson LLP. I entered government practice in 2009, working for the Maricopa County Office of General Litigation Services from 2009 to 2011 and the Office of the Arizona Attorney General from 2011 to 2019, where I served as an Assistant Attorney General, Unit Chief Counsel, and Section Chief Counsel. Since 2013, I have been the editor of the Arizona Attorneys' Manual chapter on litigation with government agencies. *See e.g. Meyerson, Bruce and Norris, Patricia eds., Arizona Attorneys' Fees Manual* (State Bar of Ariz., 7th ed. 2021), Chapter 4, Litigation with Government Agencies.

4.      I have substantial experience in voting rights and election litigation in state and federal courts, including representing plaintiffs in *Gonzalez v. Arizona*, No. CV06-1268-PHX-ROS (aka *Purcell v. Gonzalez*, 549 U.S. 1 (2006) and *Inter Tribal Council of Ariz. v. Arizona*, 570 U.S. 1 (2013)) and the government defendants, including the Arizona Secretary of State, in *Feldman v. Arizona*, No. CV-16-01065-PHX-DLR (aka *Democratic Nat'l Comm. v. Reagan*, 329 F. Supp. 3d 824 (D. Ariz.), *aff'd*, 904 F.3d 686 (9th Cir. 2018) and *Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321 (2021)). In both of those cases,

1

I participated in bench trials in the District of Arizona and proceedings in the Ninth Circuit Court of Appeals and United States Supreme Court.

5.     Filed as Exhibit 4 to the Application is a Task-Based Itemized Statement of Attorneys' Fees that includes my billing entries.  Exhibit 4 contains a detailed compilation of the legal time I devoted to the County's defense of this action.  Exhibit 4 is based on individual time entries I recorded on a daily basis.  The time records and description of tasks performed were regularly entered into MCAO's computerized accounting system.  I am paid a salary by the County and am required to track my time for County internal budgeting purposes. Billings are generated from the computerized system and Exhibit 4 accurately reflects the legal work I performed on behalf of the County.

6.     My billing rate of $300 per hour in connection with this is commensurate with my education, experience, and training. I am generally familiar with the rates charged by other attorneys and law firms in this community with similar experience, education, and training, and the rate I charged for the time expended on this matter is consistent with those rates.  In addition, the Arizona Court of Appeals approved as reasonable a rate of $300 per hour for the work of two Assistant Attorneys General in an action that arose under the Arizona Fair Housing Act in 2015. *See City of Tempe v. State*, 237 Ariz. 360, 367-68, ¶¶ 28-34 (App. 2015). Those Assistant Attorneys General were my colleagues in the Arizona Civil Rights Division and I was familiar with the work they did in that case.  Comparing the *City of Tempe* case with this matter, the "difficulty and quality of the work performed, the experience and reputation of counsel, and the nature and significance of the result" are comparable. *Id.*

7.     The amount of attorneys' fees I billed as indicated by the attached records is $19,500.00  Said sum is fair and reasonable compensation in this county for the nature of the service and the skill required in this action

8.     I have personally reviewed my billing statements generated in this representation and after evaluating the efforts necessary, I believe that the total sum of

reasonable and appropriate attorneys' fees related to my representation of the County comes to $19,500.00.

Pursuant to Ariz.R.Civ.P. 80(i), I declare that under penalty of perjury that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NAUGHT

Karen J. Hartman-Tellez

SUBSCRIBED AND SWORN to before me this ___15th___ day of December, 2022.

Notary Public

Commission and Seal:

LESLIE J. SHELINE
Notary Public - State of Arizona
MARICOPA COUNTY
Commission # 624081
Expires January 31, 2026

3

1   Emily Craiger (Bar No. 021728)
    emily@theburgesslawgroup.com
2   THE BURGESS LAW GROUP
    3131 East Camelback Road, Suite 224
3   Phoenix, Arizona  85016
    Telephone: (602) 806-2100
4

5
    RACHEL H. MITCHELL
6   MARICOPA COUNTY ATTORNEY

7   By:   Thomas P. Liddy (019384)
          Joseph J. Branco (031474)
8         Joseph E. LaRue (031348)
          Karen J. Hartman-Tellez (021121)
9         Deputy County Attorneys
          MCAO Firm No. 0003200
10

11  CIVIL SERVICES DIVISION
    225 West Madison St.
12  Phoenix, Arizona 85003
    Telephone (602) 506-8541
13  Facsimile (602) 506-8567
    liddyt@mcao.maricopa.gov
14  brancoj@mcao.maricopa.gov
    laruej@mcao.maricopa.gov
15  hartmank@mcao.maricopa.gov
    ca-civilmailbox@mcao.maricopa.gov
16

17  *Attorneys' for the Defendant*
    *Maricopa County Board of Supervisors*
18

19              IN THE UNITED STATES DISTRICT COURT

20                 FOR THE DISTRICT OF ARIZONA

21  Kari Lake and Mark Finchem,          No. 2:22-cv-00677-JJT

22              Plaintiffs,              **AFFIDAVIT OF THOMAS P. LIDDY**
                                         **IN SUPPORT OF DEFENDANT**
23  vs.                                  **MARICOPA COUNTY'S**
                                         **APPLICATION FOR ATTORNEYS**
24  Kathleen Hobbs, et al.,              **FEES**

25              Defendants.
26                                       (Honorable John J. Tuchi)

27

28

STATE OF ARIZONA       )
                            ) ss.
County of Maricopa      )

       Thomas P. Liddy , being first duly sworn, states as follows:

       1.      I am attorney of record for Defendant the Maricopa County Board of Supervisors (the "County") in the above-captioned action and make these statements based on my own personal knowledge and in support of the County's concurrently filed Application for Attorneys' Fees (the "Application").

       2.      I am Chief of the Civil Division of the Maricopa County Attorney's Office. I was admitted to practice in 1992, following my graduation from Fordham Law School. I am admitted to the bars of Arizona, New York, the District of Columbia and New Jersey (inactive).

       3.      Before joining the Maricopa County Attorney's Office, I practiced in the area of civil litigation, with a focus on constitutional and media law, at the law firm Collier, Shannon, Rill & Scott in Washington, D.C. In 1995, I was appointed Deputy Counsel for the Republican National Committee where I practiced election law, campaign finance law, constitutional law and civil litigation. I was admitted to practice in Arizona in 1999, working in the area of tort defense and other civil litigation.

       4.      I have substantial experience in election law practice, including litigation, in state and federal courts, including representing candidates in the U.S. House of Representatives contest in Pennsylvania (*Fox vs. Hoeffel*); U.S. Senate contest in Nevada (*Ensign vs. Reid*), U.S. House of Representatives and Presidential contests in New Mexico (*Wilson vs. Kelly*); (*Bush vs. Gore*) and in 2008 in Hawaii and Washington for Senator John S. McCain's presidential campaign. In addition, I have represented numerous Maricopa County officials in election litigation from 2008 to present, including:

- *Aguilera v. Fontes*, No. CV2020-014083 (Maricopa Cty. Super. Ct., voluntarily dismissed, Nov. 7, 2020).

- *Donald J. Trump for President, Inc. v. Hobbs*, No. CV2020-014248 (Maricopa Cty. Super. Ct., Min. Entry Order, November 13, 2020 (dismissing Complaint

with prejudice)).  Complaint alleged that poll workers induced voters to press the "green button" forcing their ballots to be tabulated even though they had overvoted certain contests, which would therefore not be counted.  Superior Court dismissed the Complaint with prejudice after conducting an evidentiary hearing.

- *Arizona Republican Party v. Fontes*, No. CV2020-014553 (Maricopa Cty. Super. Ct., Min. Entry Order, Nov. 18, 2020 (dismissing Complaint with prejudice)).  Complaint alleged that Maricopa County improperly conducted statutory hand count.  The Superior Court dismissed the complaint with prejudice.

- *Aguilera v. Fontes II*, No. CV2020-014562 (Maricopa Cty. Super. Ct., Min. Entry, Nov. 29, 2020, (dismissing Complaint with prejudice)), *affirmed* No. 1 CA-CV 20-0688 EL, 2021 WL 2425918 (Ariz. Ct. App. Jun. 15, 2021).  Complaint alleged that (1) "Sharpie" pens, provided by the County in polling locations, caused overvotes; (2) Arizona law requires "perfect" voting machines, and the County's tabulation equipment could not guarantee "perfect" results; and, (3) the Elections Procedures Manual requires that the public must have physical access—not online stream—to the ballot tabulation center where ballots are counted.  After conducting an evidentiary hearing, the Superior Court dismissed the Complaint with prejudice for failing to state a claim upon which relief can be granted, or alternatively, denied the relief sought because Plaintiffs failed to produce evidence demonstrating entitlement to same.

- *Stevenson v. Ducey*, No. CV2020-096490 (Maricopa Cty. Super. Ct., voluntarily dismissed December 7, 2020).

- *Ward v. Jackson*, No. CV2020-015285 (Maricopa Cty. Super. Ct., Min. Entry Ruling, Dec. 4, 2020 (dismissing the Complaint with prejudice)), *affirmed* No. CV-20-0343-AP/EL (Ariz. S. Ct. Dec. 8, 2020), *cert. denied*, 209 L. Ed. 2d 125, 141 S. Ct. 1381 (2021).  Complaint alleged that (1) the Maricopa County Recorder did not allow proper observation of signature verification for early ballot affidavit envelopes and so the verified signatures were suspect, and (2) ballots needing to be duplicated were duplicated erroneously.  After conducting evidentiary hearing, the Superior Court denied the requested

2

relief, "confirming the election," because the Court found that evidence did not show fraud, misconduct, illegal votes, or erroneous vote count. On appeal, the Arizona Supreme Court "conclud[ed], unanimously, that . . . . the challenge fails to present any evidence of 'misconduct,' 'illegal votes' or that the Biden Electors 'did not in fact receive the highest number of votes for office,' let alone establish any degree of fraud or a sufficient error rate that would undermine the certainty of the election results." *Ward v. Jackson*, No. CV-20-0343-AP/EL, 2020 WL 8617817, at *2.

- *Bowyer v. Ducey*, No. CV-20-02321-PHX-DJH, 506 F.Supp.3d 699, 2020 WL 7238261 (D. Ariz. Dec. 9, 2020 (granting motion to dismiss)). Complaint alleged fraud resulting from foreign interference in the election via offshore algorithms that somehow infiltrated Maricopa County's vote tabulation equipment, leading to "injections" of votes for President-elect Biden, and ballot fraud. After reviewing the "evidence" submitted by the plaintiffs, the Court dismissed the case, ruling that the "Plaintiffs failed to provide the Court with factual support for their extraordinary claims[.]" 506 F. Supp.3d at 724.

- *Burk v. Ducey*, No. S1100CV202001869 (Pinal Cnty. Sup. Ct. Dec. 15, 2020 (granting motion to dismiss)), *affirmed* No. CV-20-0349-AP/EL, 2021 WL 1380620 (Ariz. Jan. 6, 2021), *cert. denied*, 209 L. Ed. 2d 735, 141 S. Ct. 2600 (2021). Complaint alleged similar fraud as *Bowyer v. Ducey*. The Superior Court granted the motion to dismiss and the Arizona Supreme Court affirmed.

5. Filed as Exhibit 4 to the Application is a Task-Based Itemized Statement of Attorneys' Fees that includes a detailed compilation of some of the legal time I devoted to the County's defense of this action. Although I am salaried and as Division Chief, I am not required to track my time in the County Attorney's time-keeping software, Exhibit 4 accurately reflects the legal work I performed on behalf of the County. I kept track of my time in Outlook in part by using my e-mail and calendar.

6. My billing rate of $300 per hour in connection with this is commensurate with my education, experience and training. I am generally familiar with the rates charged by

3

other attorneys and law firms in this community with similar experience, education and training, and the rate I charged for the time expended on this matter is consistent with those rates. In addition, the Arizona Court of Appeals approved as reasonable a rate of $300 per hour for the work of two Assistant Attorneys General in an action that arose under the Arizona Fair Housing Act in 2015. *See City of Tempe v. State*, 237 Ariz. 360, 367-68, ¶¶ 28-34 (App. 2015). Comparing the *City of Tempe* case with this matter, the "difficulty and quality of the work performed, the experience and reputation of counsel, and the nature and significance of the result" are comparable. *Id*.

7.     The amount of attorneys' fees I billed as indicated by the attached records is $10,200.00  Said sum is fair and reasonable compensation in this county for the nature of the service and the skill required in this action

8.     I have personally reviewed my billing statements generated in this representation and after evaluating the efforts necessary, I believe that the total sum of reasonable and appropriate attorneys' fees related to my representation of the County comes to $10,200.00.

Pursuant to Ariz.R.Civ.P. 80(i), I declare that under penalty of perjury that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NAUGHT

Thomas P. Liddy

SUBSCRIBED AND SWORN to before me this 15th day of December, 2022.

Notary Public

Commission and Seal:

LESLIE J. SHELINE
Notary Public - State of Arizona
MARICOPA COUNTY
Commission # 624081
Expires January 31, 2026

4

PCL XL error

    Warning:   IllegalMediaSource