**WILENCHIK & BARTNESS**
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona 85004

Telephone: 602-606-2810    Facsimile: 602-606-2811

Dennis I. Wilenchik, #005350
John D. Wilenchik, #029353
admin@wb-law.com
*Attorneys for Non-Party Alan Dershowitz*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Kari Lake and Mark Finchem,** | Case No. 2:22-cv-00677-PHX-JJT |
| **Plaintiffs,** | **APPLICATION FOR ORDER TO SHOW CAUSE** |
| v. | *(Oral Argument Requested)* |
| **Kathleen Hobbs, et al.;** | *(Assigned to the Honorable John J. Tuchi)* |
| **Defendants.** | |

Alan Dershowitz, specially appearing by and through undersigned counsel, hereby files this Motion requesting an order for Maricopa County to show cause as to why an award of sanctions should be entered against Mr. Dershowitz personally or his consulting firm, and asks this Honorable Court to deny any such award given his limited involvement in this matter and his lack of any involvement in the issues raised by the Court in its Order granting sanctions.

Mr. Dershowitz has been a highly acclaimed and internationally-renowned lawyer and Professor for many years. He is now 84 years old with serious medical limitations on travel. As a result, he now holds himself out primarily as a consultant and advisor to other lawyers. He has a limited consulting practice with no active office, staff, or direct role in the trial of cases. He

has been licensed to practice law since 1968 in Massachusetts. After graduating from Yale Law School, first in his class, and serving as Editor in Chief of the law journal, he clerked for the Chief Judge of the DC Circuit Court, Judge David Bazelon, and then served as law clerk for the Hon. Justice Arthur Goldberg at the U.S. Supreme Court. From 1964 until his retirement from teaching in 2013, he served as a professor of law at Harvard University Law School. He maintained a civil and criminal practice focusing on appellate work for many years and now focuses on consulting work to other lawyers. In his 60 years of practice, involved in many high-profile matters, he has never once been sanctioned by any court or otherwise disciplined or subjected to a bar complaint. Mr. Dershowitz has written fifty books, appeared in many well-known cases and been an advisor to government officials across the world, as well as a commentator on television on law and the political process. He taught legal ethics for 25 years and would never knowingly violate any ethical rule. (Declaration of Alan Dershowitz, paragraph 4.)

Earlier this year, Mr. Dershowitz was retained by Mike Lindell to represent him and his company against defamation claims. His role was to serve as a consultant to Mr. Lindell's primary legal team on First Amendment and related constitutional issues. Mr. Dershowitz helped to develop the following argument: when a private company is hired by the government to perform a quintessential governmental function such as vote counting, it cannot refuse to provide relevant information about the workings of its machines on the ground of business secrets. Mr. Dershowitz believed and still believes that this is a profoundly important issue that goes to the heart of future voting integrity. He is a liberal Democrat who has almost never voted for a Republican candidate. He strongly believes that the 2020 election was fair and resulted in the correct outcome. The only election he has ever challenged was in 2000, when the Supreme Court stopped the Florida count that resulted in *Bush v. Gore*. He wrote a book about that

election entitled *Supreme Injustice*. He has never challenged the outcome of any 2020 elections in Arizona or elsewhere. (Declaration of Alan Dershowitz, paragraph 2.)

With respect to this action, Mr. Dershowitz was only asked to provide his consultation on constitutional issues in lawsuits involving voting machines. (*See* Declaration of Alan Dershowitz, paragraph 3.) His role was expressly limited to the potential for future abuses based on the unwillingness of voting machines companies to disclose the inner workings of their machines. Mr. Dershowitz is not an expert on voting machines or the 2022 Arizona election, but he is an expert on constitutional law; and accordingly, he limited his advice to his area of expertise. (Declaration of Alan Dershowitz, paragraph 3.) Mr. Dershowitz expressly refused to become counsel in the case and insisted on being listed as only "Of Counsel," which is how he is identified on the Complaint. (See Complaint, page 55, on which Mr. Dershowitz specially appeared as only "of counsel.") On May 10th, he was informed by Plaintiff's counsel Andrew Parker that he needed to be admitted *pro hac vice*, even though he was only "of counsel" and not retained to be on proceedings in the matter. He has been listed as "of counsel" in many other cases in which his role was limited to consulting on constitutional or other legal issues. He has long regarded that as the proper designation in such cases. Outside of his role as a consultant on the one constitutional issue pertaining to discovery (which is also described at paragraph 8 of the Complaint), he did not participate in the drafting of the Complaint or in any investigation leading up to the drafting; nor did he participate in the drafting or investigation of the Motion for Preliminary Injunction. His only role was as a legal consultant – a role that he has served in for numerous cases – on the singular potential constitutional issue identified above. (Declaration of Alan Dershowitz, paragraph 4.)

Mr. Dershowitz did not author or file the pleadings or other documents filed in this case, and otherwise had no input into their drafting, with the exception of paragraphs of the Complaint which pertained to the issue on which he was retained, such as paragraph 8:

3

> It is important to note that this Complaint is not an attempt to undo the past. Most specifically, it is not about undoing the 2020 presidential election. It is only about the future – about upcoming elections that will employ voting machines designed and run by private companies, performing a crucial governmental function, that refuse to disclose their software and system components and subject them to neutral expert evaluation. It raises the profound constitutional issue: can government avoid its obligation of democratic transparency and accountability by delegating a critical governmental function to private companies?

(Complaint, paragraph 8, pages 3-4.)

Critically, this profound constitutional issue was not the subject of the Court's order awarding sanctions or otherwise implicated by it. Because this action was dismissed by the Court, it did not reach the discovery stage and therefore there was no occasion to reach the legal merits of this constitutional issue.

He does not recall authorizing his signature to any of the filings in this matter that do not list him as "of counsel" and the name of his consulting firm. All filings were made through a law firms account, and no filings were made through Mr. Dershowitz electronic account.[1] It can be seen on a number of the filings in this case that they identified Mr. Dershowitz's old address in Cambridge (and did not correctly identify the name of his consulting firm or repeat that he was "of counsel"); Mr. Dershowitz did not actively participate in or sign any of those filings, or else he would have noted that information as incorrect.

On August 10, 2022, Maricopa County sought sanctions against "Plaintiff's counsel" for the filing of the Complaint and Motion for Preliminary Injunction. The Motion for Sanctions did not name Mr. Dershowitz, whose role was only as "of counsel." Nor did Maricopa County provide a basis for assessing sanctions as to Mr. Dershowitz in particular. In this Court's ruling

---

[1] Please note that LRCiv 5.5(g) states: "**Signatures.** The log-in and password required to submit documents to the ECF System constitute the Registered User's signature on all electronic documents filed with the Court for purposes of Rule 11 of the Federal Rules of Civil Procedure. ***Documents signed by an attorney shall be filed using that attorney's ECF log-in and password and shall not be filed using a log-in and password belonging to another attorney.*** No person shall knowingly permit or cause to permit a Registered User's password to be used by anyone other than an authorized agent of the Registered User." (Emphasis added).

4

on the Motion for Sanctions, it was stated only that the motion was "granted," based on certain areas of the Court's concern; but whether culpability for sanctions was to be assessed against Mr. Dershowitz personally or his consulting firm was not directly stated or addressed.

Based on his limited role, no sanction would be appropriate against him. Mr. Dershowitz did not present, file or advocate for any of the matters that were the actual subject of this Court's order granting sanctions, and thus sanctions against him would be unwarranted.

Rule 11 provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party *that violated the rule or is responsible for the violation*." (Emphasis added). 28 U.S.C. § 1927 likewise provides for sanctions against the "attorney or other person admitted to conduct cases…who so multiplies the proceedings in any case unreasonably and vexatiously." Mr. Dershowitz is not responsible for, and did not violate, Rule 11 in this matter; nor has he acted to "multipl[y] the proceedings…unreasonably and vexatiously." *Id.* Given that the action did not proceed to discovery, there was no occasion for him to advocate on the singular constitutional issue for which he was retained as a consultant; and he did not "multiply" or even affect any proceeding at all, much less do so in an unreasonable manner or vexatiously. Further, he never reasonably expected, based on the limited nature of his appearance, to be at risk of personal liability or sanctions in the amount of $141,690.00 in attorneys' fees and costs, which Maricopa County claims to have incurred with respect to the various filings and other proceedings that Mr. Dershowitz was not involved in.

In assessing sanctions, the Court must consider the relative fault *vel non* of the parties and their various counsel. *See e.g. McCarty v. Verizon New England, Inc.*, 772 F. Supp. 2d 362, 366 (D. Mass. 2011), *aff'd*, 674 F.3d 119 (1st Cir. 2012)(finding Rule 11 sanctions unwarranted against two of three attorneys, based on one attorney's sworn affidavit that he was only "of counsel" to the firm and that the action was erroneously filed under his name; and the other

1 attorney's affidavit that he only entered a limited appearance for a summary judgment
2 hearing); *Mars v. Anderman*, 136 F.R.D. 351, 352 (E.D.N.Y. 1989)(finding sanctions for filing
3 complaint unwarranted against co-counsel who only filed limited appearance to handle the trial);
4 *Trout v. Garrett*, 780 F. Supp. 1396, 1428 (D.D.C. 1991)(finding sanctions unwarranted against
5 two of three U.S. Attorneys, where only the first U.S. Attorney actually signed the filings; he
6 "affixed" the signatures of the other two attorneys to his filings; and the court found that the
7 other two attorneys were insufficiently involved to warrant sanctions). This Court has also noted
8 that sanctions may be awarded for some claims made and not others. Certainly, it cannot be said
9 that Mr. Dershowitz's opinion on the limited constitutional issue that he was asked to consult on
10 should be subject to sanctions. However, Mr. Dershowitz has already suffered – it was widely
11 reported, erroneously, that he was "lead attorney" on this matter, and to his knowledge he is the
12 only lawyer against whom a bar complaint has been filed based on this Court's order. Not only
13 is Mr. Dershowitz not "lead attorney" on this matter, but he has never even met the plaintiffs
14 and has no retainer agreement with them – his consulting agreement is with one of the lawyers –
15 and he has not participated in any proceedings in this matter to date.

16 Finally, sanctions proceedings must afford due process in all respects. *See e.g. Tom
17 Growney Equip., Inc. v. Shelley Irr. Dev., Inc.*, 834 F.2d 833 (9th Cir. 1987)(reversing
18 imposition of court sanctions without affording prior notice and meaningful opportunity to be
19 heard). Here, there was no specific reference in the Motion for Sanctions to seeking sanctions
20 against Mr. Dershowitz, who is only "of counsel" in this matter (the Motion sought only
21 sanctions against "counsel," without naming Mr. Dershowitz); nor did the Motion state any
22 reason for assessing sanctions against him in particular. A distinguished lawyer with a
23 distinguished career and impeccable record, who is only "of counsel" in this matter on a limited
24 constitutional issue, should not be subjected to the chilling and damaging effect of a sanction for
25 that limited role. The Court's Order on the Motion also did not identify him by name or his
26

6



consulting firm as the subject of sanctions or otherwise address the nature of his participation. Clearly, Mr. Dershowitz has not previously been heard on this or any other issue, and it is only just and proper for the Court to hear this Motion now to determine if there is any basis for sanctions against Mr. Dershowitz personally or his consulting firm. Mr. Dershowitz therefore respectfully asks that the Honorable Court issue an order for Maricopa County to show cause as to why an award of sanctions should be entered against Mr. Dershowitz personally or his consulting firm in this matter, and asks that the Court deny any such award given his limited role and lack of any involvement in the issues raised by the Court in its Order granting sanctions. If the Court feels that an evidentiary hearing or other supplemental evidence in the record would be helpful, then Mr. Dershowitz respectfully requests the opportunity to present the same. Undersigned counsel attempted to confer with the County prior to the filing of this Motion but was unable to resolve these issues. Mr. Dershowitz reserves all rights in connection with the Motion and the county's basis *vel non* for seeking sanctions against Mr. Dershowitz personally or his consulting firm, and request the right to supplement this filing based on his continuing investigation into this matter.

      **RESPECTFULLY SUBMITTED** this December 29, 2022.

                              **WILENCHIK & BARTNESS, P.C.**

                              */s/ John D. Wilenchik*
                              Dennis I. Wilenchik, Esq.
                              John D. Wilenchik, Esq.
                              The Wilenchik & Bartness Building
                              2810 North Third Street
                              Phoenix, Arizona 85004
                              admin@wb-law.com
                              *Attorneys for Non-Party Alan Dershowitz*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2022, I electronically transmitted the foregoing Notice of Filing to the Clerk of the Court through the CM/ECF system, which will send a Notice of Electronic Filing to all CM/ECF registrants for this matter.

*/s/ Christine M. Ferreira*

# EXHIBIT A



## Declaration of Alan Dershowitz

I, Alan Dershowitz, make this Declaration of my own knowledge, and I am competent to testify to the matters contained herein.

1. I am 84 years old and mostly retired from the practice of law and teaching. I limit my role to consultation on legal and constitutional issues. I have no office staff and my medical conditions – l have had three strokes – limit my travel and court appearances. I am in bed with Covid now.

2. Earlier this year, I was retained by Mike Lindell to represent him and his company against defamation charges. My role was to serve as a consultant to his primary legal team on First Amendment and related constitutional issues. I helped to develop the following argument: when a private company is hired by the government to perform a quintessential governmental function such as vote counting, it cannot refuse to provide relevant information about the workings of its machines on the ground of business secrets. I believed and still believe that this is a profoundly important issue that goes to the heart of future voting integrity. I am a liberal Democrat who has almost never voted for a Republican candidate. I strongly believe that the 2020 election was fair and resulted in the correct outcome. The only election I have ever challenged was in 2000, when the Supreme Court stopped the Florida count that resulted in Bush v. Gore. I wrote a book about that election entitled *Supreme Injustice*. I

Page 1 of 4

have never challenged the outcome of any 2020 elections in Arizona or elsewhere.

3. I have not familiarized myself with the details of the 2022 Arizona election. I was asked to provide my consultation only on constitutional issues in lawsuits involving voting machines. My role was expressly limited to the potential for future abuses based on the unwillingness of voting machine companies to disclose the inner workings of their machines. I am not an expert on voting machines, but I am an expert on constitutional law, and I have limited my advice to the area of my expertise.

4. I expressly refused to become counsel in the case, and I insisted on being listed of "Of Counsel." On May 10th, I was informed by Plaintiffs' counsel Andrew Parker that I needed to be admitted *pro hac vice* even though I was only "of counsel" and not retained to be on proceedings in the matter. I have been listed as "of counsel" in many other cases in which my role was limited to consulting on constitutional or other legal issues. I have long regarded that as the proper designation in such cases. I was not assigned to investigate any aspect of this case and did not participate in the drafting of the Complaint other than to advise on the paragraphs pertaining to the legal claim that a private company hired to perform a governmental function may not claim business secrets in response to a relevant discovery request. My only role was as a legal

consultant – a role I have played in numerous cases. I was not retained to participate in any investigation regarding the underlying factual basis for the complaint. I did not believe that agreeing to be an "of counsel" legal consultant places any obligation on me to evaluate factual allegations. If that were the case, I could never be a legal or constitutional consultant because at my age, and because I do not have the resources or energy to do anything but provide my legal and constitutional expertise. In my nearly 60 years as a lawyer, I have never been sanctioned, disciplined or subjected to a bar complaint. I do not believe that I violated any ethical rules in this case. I taught legal ethics for 25 years and would never knowingly violate any ethical rule. If I inadvertently violated any Arizona rule, I apologize and will not do it again.

5. I have already suffered greatly and disproportionately from the sanction order. To my knowledge I am the only lawyer against whom a bar complaint has been filed based on the order. My name has been highlighted in all the media reporting, including the claim that "[a]ccording to the court docket, Harvard Law School Professor Alan Dershowitz is Lake's <u>lead attorney</u> in the matter." (Law and Crime, December 1, 2022, emphasis added). Not only am I not Lake's lead attorney, I have never met her and have no retainer agreement with her. My consulting agreement is with one of the lawyers.

6. The media and the bar complaint have falsely attributed all of the misstatements listed in the order to me, <u>personally</u>, despite the fact that I did not participate in the drafting on the complaint other than to advise on the paragraphs pertaining to the legal claim that a private company hired to perform a governmental may not claim business secrets in response to a relevant discovery request.

7. I have reviewed the Application for Order to Show Cause, and the statements made therein are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the State of Arizona that I have read the above Declaration, am familiar with its contents, and know the same to be true and correct of my own personal knowledge.

Dated: 12/29/2022

Signature: *[DocuSigned by: /s/ Alan Dershowitz, 5F220877417004F4...]*

Printed Name: <u>Alan Dershowitz</u>