**PARKER DANIELS KIBORT**
Andrew Parker (028314)
888 Colwell Building
123 Third Street North
Minneapolis, Minnesota 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com

**OLSEN LAW, P.C.**
Kurt Olsen (D.C. Bar No. 445279)*
1250 Connecticut Ave., NW, Suite 700
Washington, DC 20036
Telephone: (202) 408-7025
ko@olsenlawpc.com
* Admitted *Pro Hac Vice*

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Kari Lake and Mark Finchem,<br><br>    Plaintiffs,<br><br>    v.<br><br>Kathleen Hobbs, as Arizona Secretary of State; Bill Gates, Clint Hickman, Jack Sellers, Thomas Galvin, and Steve Gallardo, in their capacity as members of the Maricopa County Board of Supervisors; Rex Scott, Matt Heinz, Sharon Bronson, Steve Christy, Adelita Grijalva, in their capacity as members of the Pima County Board of Supervisors,<br><br>    Defendants. | No. 2:22-cv-00677-JJT<br><br>**OPPOSITION TO MARICOPA COUNTY DEFENDANTS' APPLICATION FOR ATTORNEYS' FEES** |

In accordance with this Court's December 1, 2022, Order, ECF No. 106, the undersigned counsel ("Plaintiffs' counsel") submit the following opposition to the Maricopa County

Defendants' ("Defendants") Application for Attorneys' Fees. The Court ordered this opposition speak "only as to the reasonableness of the requested award." ECF No. 106, at 30. Plaintiffs' counsel's opposition intends to adhere to this directive. Plaintiffs' counsel note, however, that Defendants went to great lengths to discuss the procedural history of this case in an effort to cast aspersions on Plaintiffs' counsel to justify an increased fee award. Without setting forth a full commentary regarding the inaccuracies in Defendants' recitation of events, suffice it to say that Plaintiffs' counsel dispute Defendants' version of procedural events. ECF No. 107, at 1-3. Fundamentally, Plaintiffs' counsel maintain that there is no basis for a sanction and that there should be no fee award. Plaintiffs' counsel submit the following fee amount response consistent with the direction of the Court.

**I.    Applicable Legal Standards.**

Courts in the Ninth Circuit use the "lodestar" calculation to determine a reasonable attorney fee award. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001); *Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1993). "'The "lodestar" is calculated by multiplying the number of hours . . . reasonably expended on the litigation by a reasonable hourly rate.'" *Ferland*, 244 F.3d at 1149 n.4 (quoting *Morales v. City of San Rafel*, 96 F.3d 359, 363 (9th Cir. 1996)); *accord Bouman v. Block*, 940 F.2d 1211, 1235 (9th Cir. 1991). Plaintiff's counsel does not contest that the hourly rates claimed by Defendants' attorneys are reasonable, based on their experience and the prevailing market rate for similar attorneys in the local geographical area.

However, to properly make a lodestar calculation, this Court must determine how much

time was reasonably spent by which attorneys on tasks that were required by examining the billing records and affidavits submitted in support of the fee application. ECF Nos. 107-3 through -5. These documents were prepared and submitted by attorneys Emily Craiger, outside counsel employed by The Burgess Law Group, and three attorneys employed by Maricopa County: Joseph La Rue, Thomas Liddy, and Karen Hartman-Tellez.

**II.     Argument.**

Several time entries contained in Defendants' attorneys' billing records contain fees that are improperly documented, tasks for which fees are not recoverable, fees for excessive time spent on tasks, errant entries, and entries that represent duplicative and unnecessary efforts. The fees associated with entries should be either discounted or disallowed.

**A.     The Court Should Reduce or Reject Defendants' Billing Entries that Are Block Billed or Lack Specificity.**

This Court's Local Rules emphasize the importance of detailed task-based itemizations in attorney fee applications. Local Rule 54.2(e)(1) describes the information each entry in an itemized statement must contain:

(A)   The date on which the service was performed;
(B)   The time devoted to each individual unrelated task performed on such day;
(C)   A description of the service provided; and
(D)   The identity of the attorney, paralegal, or other person performing such service.

D. Ariz. L.R. 54.2(e)(1).[1] Dozens of the billing entries submitted by Defendants' attorneys

---

[1] This Court's Rules also require that any "itemized account of the time expended" must be "in chronological order." D. Ariz. L.R. 54.2(e)(1). Mr. La Rue's billing statement is not in chronological order, which unnecessarily complicates its review. ECF No. 107-4, at 6.

3

improperly aggregate multiple unrelated tasks or are too vague to discern the task performed, which makes it impossible to identify "[t]he time devoted to each individual unrelated task performed" on each day. *Id.* R. 54.2(e)(1)(B). In this circuit, a reduction or rejection of time entries with vague descriptions is proper when considering an attorney fee application. *E.g.*, *Mo. Rahman v. Us LLC*, 594 F. Supp. 3d 1199, 1205-06 (C.D. Cal. 2022) (applying an across-the-board reduction for block billed hours); *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 969 (N.D. Cal. 2014) (reducing by 25% vague entries identifying "attention to" certain tasks by 25%); *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (a district court has discretion to reduce hours to offset "poorly documented" billing). Scrutinizing several entries illustrates why the Court should reject them outright or at least reduce several line items in the application.

Several entries submitted by Mr. La Rue lack any specificity at all. On at least two occasions (June 1, 2022 (5.0 hours), and June 20, 2022 (7.0 hours)), Mr. LaRue submitted entries with no description of the work done other than "[v]arious work on this matter." ECF No. 107-4, at 4. A third entry on June 21, 2022 (11.3 hours), includes "various phone confs re this matter" and "various other work re this matter." *Id.* Based on these entries, it is impossible to tell what Mr. La Rue spent 23.3 hours doing, whether that time was reasonable for the tasks completed, or whether the work was even needed to advance this case. The Court should reject Defendants' efforts to have 23.3 hours ($6,990.00) of Mr. La Rue's fees reimbursed.

Several other entries by two of Defendants' attorneys are improperly block billed because they combine several unrelated tasks into a single entry. *See Brandt v. Astrue*, No. 08-0658-TC, 2009 U.S. Dist. LEXIS 50268, at *7 (D. Or. June 16, 2009) ("Block billing 'lumps together

multiple tasks making it impossible to evaluate their reasonableness.'" (quoting *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 971 (D.C. Cir. 2004)). When attorneys' fees are requested, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992)). A party engaging in block billing "fail[s] to carry [that burden], because block billing makes it more difficult to determine how much time was spent on particular activities." *Welch*, 480 F.3d at 948 (citing *Role Models Am.*, 353 F.3d at 971). The practice also violates this Court's Rule 54.2(e)(1)(B), which requires a fee application to identify "[t]he time devoted to *each individual unrelated* task performed on such day." D. Ariz. L.R. 54.2(e)(1)(B) (emphasis added). As a result, attorneys engaging in block billing "do so at their own peril." *Brandt*, 2009 U.S. Dist. LEXIS 50268, at *7.

Ms. Craiger's bill contains several billing entries that are block billed. For example, on May 18, 2022, Ms. Craiger spent 6.3 hours working on this case. ECF No. 107-3, at 3. There are six tasks listed, but no explanation of how much time was spent on each task. Without knowing the time Ms. Craiger spent on each task, the Court cannot determine whether the time spent on each task was reasonable.

There are striking similarities between Ms. Craiger's bill and one submitted by an attorney in a case where a reduction was imposed. In *Banas v. Volcano Corp.*, the United States District Court for the Northern District of California significantly reduced a proposed fee award because the application was supported by block billed time entries. *Banas*, 47 F. Supp. 3d at

966-67. Rejecting the notion that block billing was a "typical practice," the Court instead analyzed the block billed entries. *Id*. One of several entries warranting a reduction was for 6.1 hours, and contained the following description:

> Attention to trial preparation; conference call with M. Rhodes and D. Lippoldt re: trial planning, summary judgment hearing and budget; attention to sanctions motion filed by plaintiff and plan response to motion with A. Main; attention to preparation for summary judgment hearing and communication with M. Rhodes and A. Main re: same; attention to jury instructions and voir dire form and communicate with B. Lobo re: same.

*Id.* at 967.

Ms. Craiger's entries are at least as deficient as those discounted in *Banas*. For example, on May 18, 2022, Ms. Craiger billed 6.3 hours on these six tasks:

> Review Mahoney decision re Texas election equipment; review and respond to e-mail correspondence from J. LaRue, J. Blanco, and T. Liddy re Rule 11/MTD letter; research case law re reliance on public record re MTD; telephone conference with J. LaRue re MTD, factual record and draft letter re Rule 11/MTD; draft Rule 11/MTD letter; e-mail correspondence with Pima and Maricopa County re public records requests.

ECF No. 107-3, at 3. Ms. Craiger's bill also includes block billed entries on May 31, 2022 (5.8 hours), June 15, 2022 (5.6 hours), June 17, 2022 (11.8 hours), and July 20, 2022 (8.4 hours). *Id.* at 3-5. Mr. La Rue submitted block billed entries on June 21, 2022 (11.3 hours), and August 9, 2022 (0.8 hours). ECF No. 107-4, at 4, 6. Because these attorneys cumulatively submitted a total of 50.0 block billed hours, there is no plausible way to determine what amount of time either spent on the large number of tasks listed.

These entries should at least be discounted. *See Havens v. Leong P'ship*, 586 B.R. 760, 768-69 (N.D. Cal. 2018) (observing that a 10% to 30% reduction for block billed hours have

6

been approved by other courts (collecting authorities)); *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1222-23 (9th Cir. 2010) (reducing blocked billed hours by 30%); *Welch*, 480 F.3d at 948 (affirming a 20% reduction for block billed hours, but reversing for a double reduction of other time entries); *Valentine v. Equifax Info. Servs., LLC*, 543 F. Supp. 2d 1232, 1236 (D. Or. 2008) (entirely striking time entries which "constute[d] improper block billing). These entries should be rejected or reduced by at least 30% in accordance with circuit precedent.[2]

### B. The Court Should Reject Fee Requests Tied to Clerical or Administrative Tasks.

The Court should summarily reject several time entries reflecting time spent on tasks that are clearly clerical or administrative.

It is settled law that costs associated with clerical tasks are considered overhead expenses reflected in an attorney's hourly billing rate and are not separately reimbursable. *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). *See also Bellflower Unified Sch. Dist. v. Arnold*, 586 F. Supp. 3d 1010, 1018 (C.D. Cal. 2022) ("Clerical work is not compensable." (citation omitted)); *Lemus v. Timberland Apts., LLC*, 876 F. Supp. 2d 1169, 1179 (D. Or. 2012) ("Time entries reflecting the performance of clerical tasks should . . . be deducted from the totals listed in the fee petition."). In fact, seeking reimbursement for clerical tasks shows "a grave failure to show good billing judgment." *See Brandt*, 2009 U.S. Dist. LEXIS 50268, at *9. "Filing" and "downloading" documents are clerical. *Id.*; *see also id.* (providing that tasks like "typing,

---

[2] A 30% reduction would result in a reduction of $4,548.00 attributable to Ms. Craiger's block billed hours and $1,089.00 for Mr. La Rue's blocked billed hours, for a total of $5,669.00.

7

copying, mailing, filing, talking with clients regarding their case, scanning documents to convert them to PDF format, traveling to retrieve mail, and mail items to the Court or other parties, traveling to file matters with the Court and electronic filing" are all clerical tasks (quotation marks omitted)); *Lemus*, 876 F. Supp. 2d at 1179 ("Several courts in this district have deemed downloading to be a clerical task and excluded time associated with downloading from attorney fees." (collecting cases)); *Arizona v. Maricopa County Med. Soc'y*, 578 F. Supp. 1262, 1270 (D. Ariz. 1984) (disallowing time spent "indexing" cases).

Mr. La Rue included at least 14 time entries claiming that he filed or downloaded document or emails, which are clearly clerical tasks:[3]

|  | Date | Narrative Summary | Time |
|---|---|---|---|
| **[1]** | May 27, 2022 | "***Filing*** numerous emails and docs that were in my Inbox." | 0.5 hours |
| **[2]** | June 28, 2022 | Time spent filing emails and documents. | 1.0 hours |
| **[3]** | June 30, 2022 | Time spent filing emails. | 2.0 hours |
| **[4]** | July 15, 2022 | Time spent filing emails and documents. | 0.7 hours |
| **[5]** | July 19, 2022 | Time spent filing emails and documents. | 0.5 hours |
| **[6]** | July 24, 2022 | Time spent "[d]ownloading the recent filings in this matter." | 1.2 hours |
| **[7]** | July 25, 2022 | Time spent filing emails and documents. | 0.5 hours |
| **[8]** | July 27, 2022 | Time spent "[d]ownload[ing]" a declaration. | 0.7 hours |
| **[9]** | August 4, 2022 | Time spent filing emails and documents. | 1.1 hours |
| **[10]** | August 8, 2022 | Time spent filing emails and documents. | 1.1 hours |
| **[11]** | September 20, 2022 | Time spent filing emails and documents. | 1.0 hours |
| **[12]** | October 4, 2022 | Time spent filing emails and documents. | 0.3 hours |
| **[13]** | October 5, 2022 | Time spent filing emails and documents. | 0.1 hours |
| **[14]** | December 6, 2022 | Time spent filing emails and documents. | 0.1 hours |

---

[3] Mr. La Rue's tendency to block bill makes a further refined analysis of which part of his time was spent on clerical tasks impossible.

8

Altogether, Mr. La Rue spent some—or all—of 10.8 hours of time performing clerical tasks. These entries should be disallowed, resulting in a further $3,240.00 reduction.

### D. The Court Should Exclude Duplicative Time Entries.

Several other entries reflect duplicative work. "[G]ood 'billing judgment' requires attorneys to not bill for more than two attorneys to review pleadings or to attend oral argument.'" *Lemus*, 876 F. Supp. 2d at 1179 (quoting *Nat'l Warranty Ins. Co. v. Greenfield*, No. CV-97-1654-ST, 2001 U.S. Dist. LEXIS 7763, at *14 (D. Or. Feb. 8, 2001)). When "more than two individuals are involved," efforts are presumptively duplicative. *See League of Wilderness Defenders v. Turner*, 305 F. Supp. 3d 1156, 1172 (D. Or. 2018); *see also Tahara v. Matson Terminals, Inc.*, 511 F.3d 950, 956 (9th Cir. 2007) (affirming exclusion of time spent "memorializing phone conversations with opposing counsel" as duplicative of the phone call). *Cf. Sorenson v. Mink*, 239 F.3d 1140, 1145-47 (9th Cir. 2001) (recognizing that a district court has discretion to disallow fees for duplicative efforts, but remanding for specific findings on the reason for the reduction).

Here, *all four* of Defendants' lawyers billed time for attending the hearing: Mr. Liddy, Ms. Hartman-Tellez, and Ms. Craiger billed approximately 9.0 hours apiece. ECF No. 107-3, at 5; ECF No. 4, at 5, 6, 8. Ms. Hartman-Tellez did not even speak at the hearing. ECF No. 98 (transcript). Two attorneys attending a hearing is sufficient. *Lemus*, 876 F. Supp. 2d at 1179. The time billed by more than two attorneys (18.0 hours each) should not be included in a fee award, resulting in a further $5,400.00 reduction.

Defendants' attorneys' own billing records show at least *three* attorneys attended several

phone calls, intra-office meetings, and strategy sessions. The time affected by these entries should be reduced accordingly:

| | Date | Narrative Summary | Time |
|---|---|---|---|
| **[1]** | May 12, 2022 (Hartman-Tellez) | Conference with at least two other attorneys. | 1.0 hours |
| **[2]** | June 10, 2022 (Hartman-Tellez) | Teleconference with two other attorneys. | 0.4 hours |
| **[3]** | June 6, 2022 (Liddy) | Meeting with two other attorneys. | 0.4 hours |
| **[4]** | July 12, 2022 (Liddy) | "Litigation strategy session" with at least two other attorneys. | 1.5 hours |
| **[5]** | July 13, 2022 (Liddy) | "Team meeting" about litigation strategy. | 0.8 hours |
| **[6]** | August 19, 2022 (Liddy) | Telephone call with two other lawyers. | 0.4 hours |
| **[7]** | May 12, 2022 (Craiger) | Phone conference with two other attorneys. | 0.5 hours |

These entries total 5.0 hours. Reducing any fee award by the lowest billable rate applicable to Defendants' attorneys—$300.00/hour—results in a further $1,500.00 reduction.

**E.     The Court Should Reduce or Disallow Excessive Time Spent Drafting Pleadings and Motions.**

Defendants' attorneys all proclaim to be experts on election law. Based on their own statements about their expertise, the amount of time spent researching basic tenants of election law is excessive.

"Compensation for significant amounts of time which are billed for general education is generally not reasonable." *Wepsic v. Josephson (In re Wepsic)*, 238 B.R. 845, 848 (Bankr. S.D. Cal. 1999) (citing *In re Maruko*, 160 B.R. 633 (Bankr. S.D. Cal. 1993)). In fact, attorneys with "expertise" in a practice area cannot excessively bill for research performed in that practice area. *Id.*

Much of the time Defendants' attorneys spent "researching" is block billed, but at least

12 entries reflect "research" performed on unknown topics or on topics that attorneys with decades of expertise in election law should already know, such as the standards for preliminary injunctions, the *Daubert* standard, and something called "constitutional claims."

|  | Date | Time |
|---|---|---|
| [1] | May 18, 2022 (Craiger) | 6.3 hours |
| [2] | June 15, 2022 (Craiger) | 5.6 hours |
| [3] | August 25, 2022 (Craiger) | 2.2 hours |
| [4] | May 28, 2022 (La Rue) | 7.0 hours |
| [5] | July 3, 2022 (La Rue) | 7.0 hours (two entries) |
| [6] | May 23, 2022 (Hartman-Tellez) | 3.2 hours |
| [7] | May 25, 2022 (Hartman-Tellez) | 4.1 hours |
| [8] | May 26, 2022 (Hartman-Tellez) | 1.3 hours |
| [9] | May 28, 2022 (Hartman-Tellez) | 1.0 hours |
| [10] | July 14, 2022 (Hartman-Tellez) | 2.1 hours |
| [11] | July 17, 2022 (Hartman-Tellez) | 1.2 hours |

Defendants do not explain why this group of attorneys was required to expend around 40 hours researching basic tenants of election law. Because this Court should not compensate a group of seasoned attorneys purportedly billing over 40 hours of time for researching basic tenants of law, a reduction or disallowance[4] of fees related to this time is proper.[5]

A review of the billing records submitted also shows a tremendous amount of time spent by the entire team of Defendants' lawyers "drafting" and "editing" pleadings and motions that had purportedly been exhaustively researched. For example, Ms. Craiger spent at least a total of

---

[4] Rejecting these hours would result in a reduction of the total fee request of $14,990.00.

[5] Defendants also observe this group of attorneys spent approximately 200 hours "drafting," "editing," and "revising" pleadings or briefs that were already exhaustively researched. Defendants' attorneys' block billing makes a precise amount impossible to determine. There is no explanation concerning how the amount of time spent was reasonable.

11

11.5 hours over two days (July 13 and July 14, 2022) to "continue" drafting a sanctions motion[6] after others on her team had already researched the issue. ECF No. 107-3, at 5.

### F. The Court Should Reduce Time Entries Reflecting Incorrect or Discrepant Time Entries.

Even ignoring the duplicative nature of many the entries on the submitted bills, there are a number of entries that are either obviously incorrect or are suspect.

On May 12, 2022, Ms. Craiger's bill indicates that she participated in a telephone conference with Mr. Liddy and Mr. La Rue to discuss the Complaint and strategize. ECF No. 107-3, at 2. She billed 0.5 hours of time. *Id.* Mr. Liddy's bill indicates that he participated in a "[c]onference call re: litigation strategy" on the same date and billed 0.4 hours of time. ECF No. 107-4, at 2. Ms. Hartman-Tellez claims she attended the same call (although her name does not appear on any other bill), and she billed 1.0 hours. ECF No. 107-4, at 7. Mr. La Rue, however, attended the same conference call and billed an astonishing **5.3** hours. ECF No. 107-4, at 6. It strains credibility that four lawyers could attend the same call and have three claim the call lasted between 0.1 hours and 1.0 hours, yet have one attorney claim the call lasted more than five times longer. This time entry for Mr. La Rue must be excluded, resulting in a further reduction of $1,590.00 in any award.

The Court should also view with skepticism time entries where a lawyer claimed to have attended a meeting or participated in a phone conference with specific lawyers, but the other lawyers' time sheets do not reflect the meeting or conference took place. For example, on June

---

[6] She spent a further 2.1 hours "continuing" her draft and making a phone call to two other lawyers about it. ECF No. 107-3, at 5.

7, 2022, Ms. Craiger claims to have spent part of 0.6 hours in a meeting with Mr. La Rue and Ms. Hartman-Tellez. ECF No. 107-3, at 4. But the only entry for Ms. Hartman-Tellez for June 7 says nothing about a meeting with Ms. Craiger, and Mr. La Rue did not bill any time on that day. ECF No. 107-3, at 4-6, 7. That gives rise to suspicion that the meeting did not occur.

Finally, one time entry consists of an itemization of tasks, but the time spent does not add up to the total time in the fee request. A June 19, 2022, time entry submitted by Ms. Hartman-Tellez contains two entries: one for reviewing and editing a pleading (0.9 hours), and one for an e-mail communication to several other lawyers (0.2 hours). The total of those two entries is plainly 1.1 hours. ECF No. 107-4, at 8. However, Defendants request reimbursement of $630.00 for 2.1 hours of work. *Id.* County Defendants offer no explanation for this error. Accordingly, this entry should be discounted, resulting in a further $300.00 reduction.

### III.   Conclusion.

As explained above, scores of time entries contained in Defendants' attorneys' billing records consist of fees that are improperly documented, fees that are simply not recoverable, fees for excessive time spent on tasks. These entries should be discounted or rejected altogether. At a minimum, the Court should discount or eliminate those portions of Defendants' fee request.

DATED: December 29, 2022.   **PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
   Andrew D. Parker (AZ Bar No. 028314)
   888 Colwell Building
   123 N. Third Street
   Minneapolis, MN 55401
   Telephone: (612) 355-4100
   Facsimile: (612) 355-4101
   parker@parkerdk.com


**OLSEN LAW, P.C.**

By */s/ Kurt Olsen*
   Kurt Olsen (D.C. Bar No. 445279)*
   1250 Connecticut Ave., NW, Suite 700
   Washington, DC 20036
   Telephone: (202) 408-7025
   ko@olsenlawpc.com
   * Admitted *Pro Hac Vice*


*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2022, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

/s/ Andrew D. Parker
Andrew D. Parker