Emily Craiger (Bar No. 021728)
emily@theburgesslawgroup.com
THE BURGESS LAW GROUP
3131 East Camelback Road, Suite 224
Phoenix, Arizona 85016
Telephone: (602) 806-2100

RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

By:   Thomas P. Liddy (019384)
      Joseph J. Branco (031474)
      Joseph E. LaRue (031348)
      Karen J. Hartman-Tellez (021121)
      Deputy County Attorneys
      MCAO Firm No. 0003200

CIVIL SERVICES DIVISION
225 West Madison St.
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-8567
liddyt@mcao.maricopa.gov
brancoj@mcao.maricopa.gov
laruej@mcao.maricopa.gov
hartmank@mcao.maricopa.gov
ca-civilmailbox@mcao.maricopa.gov

*Attorneys for the Defendant*
*Maricopa County Board of Supervisors*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kari Lake and Mark Finchem,<br><br>Plaintiffs,<br><br>vs.<br><br>Kathleen Hobbs, et al.,<br><br>Defendants. | No. 2:22-cv-00677-JJT<br><br>**MARICOPA COUNTY DEFENDANTS' RESPONSE OPPOSING APPLICATION FOR ORDER TO SHOW CAUSE [DOC. 108]**<br><br>(Honorable John J. Tuchi) |

# INTRODUCTION

The Maricopa County Defendants moved this Court for sanctions "against Plaintiffs' counsel" without any exceptions. [Doc. 97 at 1.] This Court granted the Motion for Sanctions, specifically finding that "Plaintiffs made false, misleading, and unsupported factual assertions in their FAC and MPI and that their claims for relief did not have an adequate factual or legal basis grounded in a reasonable pre-filing inquiry, in violation of Rules 11(b)(2) and (b)(3). . . . [and] that Plaintiffs' counsel acted at least recklessly in unreasonably and vexatiously multiplying the proceedings by seeking a preliminary injunction based on Plaintiffs' frivolous claims, in violation of Section 1927." [*Id*. at 28-29.] This Court imposed sanctions "against Plaintiffs' counsel, who signed and filed the offending papers"—*i.e.*, the FAC and the MPI. [Doc. 106 (the "Sanctions Order") at 29.]

Plaintiffs' FAC and MPI were signed with "/s/" signatures by three of Plaintiffs' attorneys—Andrew Parker, Kurt Olsen, *and Alan Dershowitz*. [Doc. 3 at 51; Doc. 50 at 35-36.] This Court expressly, and correctly, imposed the sanctions against all three attorneys.

Dershowitz has now filed an Application for an Order to Show Cause against the Maricopa County Defendants (the "OSC Application"), seeking to overturn this Court's Sanctions Order as it applies to him. [Doc. 108.] But as explained below, Dershowitz's arguments are misdirected. And even were that not so, they are too late. To the extent that any of Dershowitz's contentions are both true and legally significant, his OSC Application should be brought against his co-counsel, not the Maricopa County Defendants.

# ARGUMENT

**I.  Dershowitz's OSC Application is Misdirected, Naming Maricopa County Instead of His Co-Counsel.**

Dershowitz asks this Court to enter an Order directing *Maricopa County* to show cause why sanctions should be entered against Dershowitz and his consulting firm. [OSC Application at 1.] But as explained more fully below, the OSC Application should be directed against his co-counsel, not the Maricopa County Defendants. Dershowitz's co-counsel are the only ones who can know the truth or falsity of the allegations made in the

OSC Application, which Dershowitz claims should excuse him from liability. Further, the allegations include claims of misconduct by Dershowitz's co-counsel, essentially arguing that the co-counsel used Dershowitz's signature without his permission and so should have to indemnify Dershowitz from sanctions liability. Andrew Parker and Kurt Olsen, the co-counsel at issue here, should be afforded the opportunity to defend themselves, something that the Maricopa County Defendants cannot possibly do. Accordingly, the OSC Application is misdirected, and this Court should deny it.

### A.   Dershowitz's Signature.

Dershowitz was identified as "of counsel" on the FAC, and "counsel" on the MPI. Both documents (as well as Plaintiffs' other filings in this matter) were signed with the "/s/" signatures of Andrew Parker, Kurt Olsen, and Alan Dershowitz. This strongly suggests that, at the very least, Dershowitz reviewed and approved those filings. Dershowitz, however, alleges in the OSC Application that "[h]e does not recall authorizing his signature to any of the filings in this matter that do not list him as 'of counsel' and the name of his consulting firm." [OSC Application at 4.] Dershowitz also alleges that he "did not actively participate in or sign" the MPI or the Opposition to the Motion for Sanctions, despite his "/s/" signature appearing on those documents. [*Id.*]

Although dramatically understated, the gravity of this allegation cannot be missed. Dershowitz accuses one or both of his co-counsel of using his signature on the MPI and other filings without his knowledge and permission. The Maricopa County Defendants take no position on whether this allegation is true.[1] Indeed, the Maricopa County Defendants *cannot* know whether Dershowitz's allegations are true, and so cannot respond to allegations made in the OSC Application. Only Dershowitz's co-counsel could do that—but, for whatever reason, Dershowitz—who is himself an attorney and is represented here by counsel—has declined to bring his OSC Application against his co-counsel, to whom it should be directed.

---

[1] The Maricopa County Defendants note that either (1) one or both of Dershowitz's co-counsel signed Dershowitz's name to filings without his permission, or (2) Dershowitz is making false claims to a federal Judge. Either would be a serious infraction, possibly subject to disciplinary action beyond this proceeding.

Nor has he included with his OSC Application a declaration from his co-counsel supporting his version of events. Instead, he has brought it against the Maricopa County Defendants, who cannot be responsible for using Dershowitz's signature without his permission (assuming that such actually happened) on the Plaintiffs' filings. Accordingly, the OSC Application is misdirected.[2]

### B. Dershowitz's Role in This Proceeding.

Dershowitz also argues in the OSC Application that he had a very "limited role" in the litigation. [OSC Application, *passim*.] While he says this in many different ways, one clear statement of it is his allegation that he "did not present, file or advocate for any of the matters that were the actual subject of this Court's order granting sanctions, and thus sanctions against him would be unwarranted." [*Id*. at 5.] The Maricopa County Defendants have no way of knowing the extent of Dershowitz's role in drafting the Complaint, First Amended Complaint, or Motion for Preliminary Injunction in this matter—again, Dershowitz's co-counsel are the only ones who can possibly know whether Dershowitz's allegation is true. But the Maricopa County Defendants do know that Dershowitz participated in teleconferences and was present telephonically for the preliminary injunction hearing. *See, e.g.,* July 21. 2022 Hr'g Tr. at 12:13-16; Doc. 107-1, at 1 (Statement of Consultation); *id*. at 8 (email seeking to reschedule teleconference to permit Dershowitz, who was traveling, to participate). Indeed, Dershowitz sought and obtained admission to practice *pro hac vice* in this Court, which would not have been necessary if he were merely "consulting." *See* Unnumbered Docket Entries on May, 18, 2022 and June 15, 2022; *see also* AZ Law, *BREAKING: AZ Court Kicks Alan Dershowitz Out of Court; Kari Lake & Mark Finchem*

---

[2] Although the OSC Application is misdirected and so should be dismissed, Dershowitz has not succeeded in excusing himself from sanctions liability even if his allegation concerning the unauthorized use of his signature is true. In the OSC Application, Dershowitz claims that "[h]e does not recall authorizing his signature to any of the filings in this matter that do not list him as 'of counsel' and the name of his consulting firm." [OSC Application at 4.] The FAC lists Dershowitz as "of counsel," so presumably he *does* recall authorizing his signature to be used on it. And, the FAC is one of the documents that the Court called "offending papers" and for which it specifically imposed sanctions. [Sanctions Order, Doc. 106, at 29.] So, even if Dershowitz's allegation in the OSC Application concerning the unauthorized use of his signature is true, sanctions against him would still be appropriate.

*Lose Their Big Gun Due To "Noncompliance"* (May 19, 2022) https://arizonaslaw.blogspot.com/2022/05/breaking-az-court-kicks-alan-dershowitz.html (quoting Dershowitz's explanation that he would be correcting a technical error in his *pro hac vice* application).

By alleging that he performed only a limited role in this matter, Dershowitz appears to be attempting to re-litigate the sanctions award. But as explained below, it is too late: the time to respond to the Maricopa County Defendants' Motion for Sanctions is long past. *See infra*, Part II. Even if that were not so, Dershowitz's argument, which relies on various cases that held that non-responsible attorneys should not be sanctioned for the faults of their co-counsel, fails. Dershowitz cites to *McCarty v. Verizon New England, Inc.*, 772 F. Supp. 2d 362 (D. Mass. 2011), *aff'd*, 674 F.3d 119 (1st Cir. 2012), which held that two attorneys who submitted affidavits avowing that they had limited roles in that matter should not be sanctioned. [OSC Application at 5.] But in *McCarty*, all three of the attorneys facing sanctions timely submitted affidavits detailing their roles in the proceedings in response to the sanctions motion. *Id.* at 365-66. One attorney took responsibility for the matter and asked that his co-counsel not be sanctioned. *Id.* On the basis of the sworn representations of all counsel, the court declined to sanction two of the three attorneys. *Id.* Here, in contrast, the Court has only Dershowitz's word, which is belied by his actions in this case.

Similarly, Dershowitz relies on *Trout v. Garrett*, 780 F. Supp. 1396 (D.D.C. 1991), which declined to impose sanctions against two attorneys whose signatures were "affixed" by their co-counsel. [OSC Application at 6.] But that case does not help Dershowitz, either. In *Trout*, it was certain that the signatures at issue had been affixed: they were handwritten, and the co-counsel who wrote them added his initials to clarify that he, not the other attorneys, had written the signatures. 780 F. Supp. at 1428. Here, all of the signatures on the FAC and the MPI—including Dershowitz's—are provided with the "/s/," without any indication that someone signed for Dershowitz or did so without his authorization. Further, the *Trout* court reached its decision to decline to impose sanctions as part of its sanctions order. Here, Dershowitz chose to forego timely informing the Court that his signature had

been used without his authorization (assuming such actually occurred), and only now brings that allegation *four months* after he should have. Finally, the *Trout* court noted that "under the law, [it could] proceed against the other two counsel [whose signatures had been affixed] as well." 780 F. Supp at 1428 (citing *Robinson v. Chicago*, 868 F.2d 959 (7th Cir.1989)). Dershowitz and his counsel conveniently failed to inform this Court of that.

As this Court has previously noted, there are many similarities between this action and *King v. Whitmer*. *See* Doc. 106, at 24. So again, with Dershowitz's attempts to avoid sanctions. In *King*, it was high-profile attorney L. Lin Wood who sought to distance himself from the case and assert that he had not authorized the other attorneys in the case to include him on sanctionable filings. 556 F. Supp. 3d 680, 699-700. But as the Eastern District of Michigan Court did in *King*, this Court should reject Dershowitz's attempts to distance himself from the sanctions this Court has already awarded. *Id.* at 701-02 ("[W]hile Wood now seeks to distance himself from this litigation to avoid sanctions, the Court concludes that he was aware of this lawsuit when it was filed, was aware that he was identified as co-counsel for Plaintiffs, and as a result, shares the responsibility with the other lawyers for any sanctionable conduct.").

Dershowitz's OSC Application cannot bring him relief from liability for the monetary sanctions lawfully imposed by this Court because his OSC Application is misdirected. It should be directed to his co-counsel, who (he claims) misappropriated his signature and were fully responsible for the FAC and MPI. Because Dershowitz chose to misdirect his OSC Application, bringing it against the Maricopa County Defendants, this Court should deny it.

**II.    Dershowitz's OSC Application is Untimely.**

The Maricopa County Defendants' Motion for Sanctions was filed on August 10, 2022. [Doc. 97.] Pursuant to the Local Rules of Civil Procedure, any response opposing sanctions was due fourteen days later. LRCiv 7.2(c). Plaintiffs timely filed their Opposition to the Motion for Sanctions on August 24, 2022, which Dershowitz signed with his "/s/" signature (as did his co-counsel). [Doc. 99 at 18.] Now, in the OSC Application, filed on December 29, 2022, Dershowitz makes new arguments concerning why he should not be sanctioned.

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
225 WEST MADISON STREET
PHOENIX, ARIZONA 85003

But those arguments are untimely by over four months and this Court should not consider them. Dershowitz could have made those arguments in the timely-filed Opposition to the Motion for Sanctions. Or, he could have timely filed his own response opposing sanctions. Dershowitz did neither. This Court should not award him a second bite at the apple four months after the fact, when the Court has already ruled on the Motion.

Dershowitz seeks to overcome this procedural bar by asserting that "[t]he Motion for Sanctions did not name Mr. Dershowitz" and "he never reasonably expected, based on the limited nature of his appearance, to be at risk of personal liability or sanctions[.]" [OSC Application at 4, 5.] But the Maricopa County Defendants sought sanctions against "Plaintiffs' counsel," without exception. [Doc. 97 at 1. *See also id*. at 2 (asking for sanctions against Plaintiffs' counsel "to deter future filings of similarly frivolous lawsuits"); *id*. at 9 ("Plaintiffs and their counsel violated Rule 11(b)(1) by pursuing this frivolous lawsuit that has no factual or legal basis"); *id*. at 10-11 ("Plaintiffs' counsels' numerous false allegations and misrepresentations of evidence, as well as their continued pursuit of baseless claims, especially after Defendants repeatedly alerted them to these misrepresentations, are sufficient to justify sanctions pursuant to Section 1927.").]

Further, the Maricopa County Defendants emailed their Rule 11 letter to Dershowitz at his gmail address on May 20, 2022, and again on May 27, 2022. [Doc. 97-2.] That letter put Dershowitz on notice that "[a]bsent immediate dismissal, in addition to filing a motion to dismiss, our client will seek Rule 11 sanctions, including attorneys' fees and costs." [Doc. 97-1 at 1.] Dershowitz's "I didn't know" argument is unpersuasive and is further belied by the fact that he signed the Response Opposing Sanctions. The time for arguing whether sanctions are appropriate is long past. This Court has already ruled on that question and issued its Order concerning it. The Court should deny the OSC Application as untimely.

## CONCLUSION

Dershowitz claims that he had little to nothing to do with the lawsuit and filings that gave rise to this Court's sanctions order against him. But that is false. Dershowitz—a prominent, well-known attorney—lent his name to Plaintiffs and their benefactor, Mike

Lindell, to bring an action that made allegations about elections in Arizona and Maricopa County that were demonstrably false. Presumably, Dershowitz was paid for his role in this lawsuit. Now, faced with sanctions, Dershowitz seeks to re-write history and gloss over his role.

But Dershowitz already participated in the offensive conduct that this Court determined warrants sanctions. His "/s/" signature appears on the FAC and MPI, just the same as the other attorneys' signatures. If he *really* had nothing to do with anything, as he now alleges, the time to alert the Court to that fact was in August 2022, when the Opposition to the Sanctions Motion was filed. Dershowitz's "/s/" signature appears on that Opposition, the same as the other attorneys'. But no mention is made of Dershowitz's limited involvement.

This Court should not allow Dershowitz to avoid the consequences of his actions. He participated in the attempt to frivolously discredit Arizona and Maricopa County. He should be held responsible. Because the OSC Application is both misdirected and also untimely, this Court should deny it.

RESPECTFULLY SUBMITTED this 4th day of January, 2023.

>THE BURGESS LAW GROUP
>
>BY: */s/ Emily Craiger*
>　　Emily Craiger
>
>
>RACHEL H. MITCHELL
>MARICOPA COUNTY ATTORNEY
>
>BY: Thomas P. Liddy
>　　Joseph J. Branco
>　　Joseph E. La Rue
>　　Karen Hartman-Tellez
>　　Deputy County Attorneys
>
>*Attorneys for the Defendant*
>*Maricopa County Board of Supervisors*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2023, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

/s/ Dana N. Troy