Emily Craiger (Bar No. 021728)
emily@theburgesslawgroup.com
THE BURGESS LAW GROUP
3131 East Camelback Road, Suite 224
Phoenix, Arizona 85016
Telephone: (602) 806-2100


RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

By:   Thomas P. Liddy (019384)
      Joseph J. Branco (031474)
      Joseph E. LaRue (031348)
      Karen J. Hartman-Tellez (021121)
      Deputy County Attorneys
      MCAO Firm No. 0003200

CIVIL SERVICES DIVISION
225 West Madison St.
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-8567
liddyt@mcao.maricopa.gov
brancoj@mcao.maricopa.gov
laruej@mcao.maricopa.gov
hartmank@mcao.maricopa.gov
ca-civilmailbox@mcao.maricopa.gov

*Attorneys for the Defendant
Maricopa County Board of Supervisors*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kari Lake and Mark Finchem, | No. 2:22-cv-00677-JJT |
| Plaintiffs, | **MARICOPA COUNTY DEFENDANTS' REPLY IN SUPPORT OF ITS APPLICATION FOR ATTORNEYS' FEES** |
| vs. | |
| Kathleen Hobbs, et al., | |
| Defendants. | (Honorable John J. Tuchi) |

Defendants Bill Gates, Clint Hickman, Jack Sellers, Thomas Galvin, and Steve Gallardo in their official capacities as members of the Maricopa County Board of Supervisors ("the County") hereby file their reply in support of their application for attorneys' fees (the "Application"). Plaintiffs' Response (the "Response") (Doc. 110) fails to set forth any basis for a reduction of the fees requested by Defendants. Plaintiffs' counsel concedes that the rates charged by Defendants' counsel are reasonable and makes no assertion that the overall amount requested is unreasonable[1]. Likewise, Plaintiffs' counsel makes no effort to address the Local Rule 54.2 factors expressly addressed in the Application, instead erroneously asserting that, "[t]here is no explanation concerning how the amount of time spent was reasonable." [Response at 11 n.5]. Finally, there is no basis for Plaintiffs' counsels' erroneous assertions that Defendants' counsels' billing practices warrant a reduction in fees.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   THE COUNTY'S FEE REQUEST IS REASONABLE.

As an initial matter, it should be noted that, but for one case, none of the cases cited in the Response address attorneys' fee awards in the context of sanctions for violations of Rule 11 and 28 U.S.C. § 1927. In fact, Plaintiffs' counsel completely ignores the court's significantly higher attorneys' fee awards in *King v. Whitmer*, 2021 WL 5711102 (E.D. Michigan, December 2, 2021) and *O'Rourke v. Dominion Voting Systems, Inc.*, 571 F.Supp.3d 1190 (D. Colorado Nov. 22, 2021). Two cases in which attorneys' fee awards were granted in election-related litigation where Plaintiffs' counsel similarly failed to "conduct a reasonable inquiry into whether the factual allegations had evidentiary

---

[1] As was set forth in the affidavits submitted by the Maricopa County Attorney's Office ("MCAO") attorneys, their time is generally tracked for internal budgeting purposes. As such, time for "clerical-related" activities are sometimes billed. Defendants take no position on whether these entries are appropriate for inclusion in an award of attorneys' fees under the circumstances of this matter. Defendants' counsel also does not contest that the 5.3 hours billed by Mr. La Rue on May 12, 2022, for a phone call was a typographical error and fees for only 0.5 hours at Mr. La Rue's rate of $300 per hour were incurred for that phone call. Likewise, Ms. Hartman-Tellez's one hour mathematical error should be excluded from Defendant's request. Accordingly, Defendants have reduced their fee request by $1740.00.

1

support." *Id*. at 1208.

Moreover, while Defendants agree the Court must use the "lodestar" method in calculating the reasonableness of an attorneys' fee award, using that method further supports the award requested. *See Caudle v. Bristow Optical Co., Inc*., 224 F.3d 1014, 1028 (9th Cir.2000); *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir.1996). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id*. The Response makes no claim, because it cannot, that the total amount of hours expended was unreasonable under the circumstances of this case. Indeed, as set forth in the Application, the amount requested represents the reasonable fees incurred by the County in connection with: (1) fully briefing its Motion to Dismiss ("MTD") and all related meet and confer obligations; (2) fully briefing its opposition to Plaintiffs' Motion for Preliminary Injunction ("MPI"); (3) preparing for and appearing at the July 21, 2022, all day hearing in this matter, including preparing for and presenting witnesses and arguing both the County's MTD and Opposition to MPI; (4) fully briefing matters as requested by the Court following the hearing; and (5) fully briefing its Motion for Sanctions, including all meet and confer obligations.

Because of the expedited nature of this matter, multiple attorneys were required to adequately represent the interests of the County. Of note, Plaintiffs were represented by a total of five attorneys; the County similarly staffed this case, yet it only requested fees for four of its attorneys and did not seek fees that are duplicative. The requested amount is reasonable and appropriate and Plaintiffs offer no legal or factual basis for finding to the contrary.

**A. Defendants' counsel did not improperly block bill their time for unrelated tasks.**

The Response primarily asserts that the requested fee award should be reduced because Defendants' counsel improperly blocked billed time to unrelated tasks. Plaintiffs' assertions are inaccurate. This case was litigated, almost entirely, within a three and a half

2

1  month period of time on an expedited track. Given this compressed timeframe, to the extent
2  some time entries were provided in blocks, those blocks of time were for related tasks.
3  There simply was no time to "multi-task" in this matter. The May 18, 2022, time entry by
4  Ms. Craiger that is highlighted by Plaintiff's counsel in the Response at p. 6, clearly shows
5  her billing that day for researching and drafting the Rule 11 and Motion to Dismiss letter
6  sent to Plaintiff's counsel the following day. The billing entry in *Banas v. Volcano Corp.*,
7  47 F. Supp. 3d 957 (N.D. Cal. 2014) despite Plaintiffs' erroneous assertion, is in no way
8  comparable. That billing entry shows time for preparing for a motion for summary
9  judgment hearing, preparing for trial, responding to a motion for sanctions and budgeting,
10 among other things. *Id*. at 967.

11      Moreover, the *Banas* case involved an entirely different basis for a fee award
12 and an extraordinarily high fee request. Specifically, in *Banas*, the court awarded
13 attorneys' fees to the prevailing party in a contract dispute pursuant to an attorneys' fees
14 provision in the merger agreement at issue. *Id*. at 961. And, the prevailing party in that
15 matter sought a fee award of $3,557,034.50. *Id*. There is no comparison between the *Banas*
16 matter and the instant action.

17      Finally, courts exclude block billed time under the lodestar method to the extent
18 it cannot determine whether "the compensation sought is for hours reasonably related to
19 the litigation of successful claims and claims closely related to successful claims." *Frank*
20 *Music Corp. v. Metro–Goldwyn–Mayer, Inc*., 886 F.2d 1545, 1557 (9th Cir.1989). A
21 party's "failure to specify the subject of work performed results in the exclusion from the
22 lodestar calculation of any time spent in tasks whose relatedness to such claims cannot be
23 determined from the supporting time entries". *Frevach v. Multnomah County*, No. CV–
24 99–1295–HU, 2001 WL 34039133, at *13–14, 2001 U.S. Dist. LEXIS 22255, at *45
25 (D.Or. Dec. 18, 2001).  Here, the Court awarded Defendants <u>all</u> fees incurred from the
26 filing of the First Amended Complaint until it granted Defendants' Motion for Sanctions.

27      **B. Defendants appropriately excluded excessive, duplicative time entries.**
28      As addressed above, given the nature of the case and the expedited timeframe,

3

Defendants appropriately staffed this matter. Plaintiffs' FAC (Doc. 3) was nearly 55 pages, their MPI (Doc. 50) was nearly 38 pages, and both included thousands of pages of exhibits. Researching, moving for dismissal, responding to the MPI and preparing for the hearing in this matter required an experienced team that had to work together quickly. The five hours of total time billed for strategy sessions and phone calls between the attorneys, identified in the Response at p. 10, is by no means excessive.

Further, Plaintiffs' reliance on *Lemus v. Timberland Apartments, LLC*, 876 F Supp. 2d 1169, 1179 (D.Or. 2012) for the assertion that more than two attorneys billing for a hearing is presumptively unreasonable is, once again, misplaced. At issue in that case was whether a second attorney's time, who made only a few remarks at oral argument on a motion for summary judgment, was appropriately included in the fee application. Notably, the court found that it was, stating, "it was reasonable for two attorneys to appear on behalf of a single client for oral argument on several motions." *Id*. But here the time billed was for appearance at an all-day evidentiary hearing on the MPI for which the parties had only ten days to prepare. Given the demands of preparing for and appearing at such a hearing, the staffing of four attorneys is entirely reasonable and, as noted above, comparable to the staffing by Plaintiffs' counsel.

**C. Defendants' counsels' time for drafting its various pleadings is reasonable.**

Plaintiffs contend that despite Defendants' counsels' expertise in election law, they spent excessive time researching and drafting pleadings. As an initial matter, as the Court is aware, the claims and relief requested in this matter were unprecedented. Defending against these difficult constitutional and statutory questions concerning election administration, as well as determining the profoundly detrimental impact that the relief sought would have on the voters of Arizona was a time consuming endeavor. Those questions were unnecessarily made more complicated because many were supported by factual allegations that had little to no basis in reality and were not relevant to elections in Arizona. Defendants not only had to respond to those legal questions, but they also had to explain the true state of affairs regarding elections in Arizona and Maricopa County in

order to demonstrate the lawfulness, integrity, and trustworthiness of the County's election equipment and processes because of the numerous false and misleading assertions made by Plaintiffs' counsel. The difficulty was exacerbated by the compressed time-period of just three and a half months during which this litigation, from start to finish, occurred.

Moreover, Plaintiffs' assertion that this time is "excessive" without further specification is insufficient. *See In re Indenture of Tr. Dated January 13, 1964*, 235 Ariz. 40, 52–53, ¶ 47 (App. 2014) ("A party challenging the amount of fees requested must provide specific references to the record and specify which amount or items are excessive."); *Id., quoting State v. Maricopa Cnty. Med. Soc'y*, 578 F.Supp. 1262, 1264 (D. Ariz. 1984) ("'[A]n opposing party does not meet his burden merely by asserting broad challenges to the application. It is not enough ... simply to state, for example, that the hours claimed are excessive…'"); *see also* Ariz. Dist. Ct. Local Rule 54.2(f), (requiring party opposing request for attorneys' fees and related non-taxable expenses to "separately identify each and every disputed time entry or expense item").

Finally, Plaintiff's assertion, in the Response at p. 12, that Defendants' counsel spending slightly more than 13 hours drafting the Motion for Sanctions, that was granted, is excessive because Rule 11 had already been researched is, on its face, absurd. Although all counsel for Defendants are seasoned election law attorneys and litigators, none have ever, in their decades long careers, filed for sanctions under Rule 11 or 28 U.S.C. § 1927. Further, the process for filing under Rule 11 requires several technical steps with discrete timelines, all of which, it is undisputed, Defendants followed. As such, the research concerning this process is not, as Plaintiffs assert, "compensation for general education", even if the bankruptcy matters on which the Plaintiffs rely for this proposition were applicable. *See, Wepsic v. Josephson (In re Wepsic)*, 238 B.R. 845, 848 (Bankr. S.D. Cal. 1999) (*citing In re Maruko*, 160 B.R. 633 (Bankr. S.D. Cal. 1993)). Further, the sanctions motion required combing through the hundreds and hundreds of pages of irrelevant and misleading documents filed by Plaintiffs in order to paint a clear picture for the Court.

## II.     CONCLUSION

The County respectfully asks the Court to award attorneys' fees totaling $139,950, which is the amount the County originally requested [*see* Doc. 107], less the amount identified in footnote 1 as incorrectly billed, *supra*.

RESPECTFULLY SUBMITTED this 5th day of January, 2023.

                            THE BURGESS LAW GROUP

                            BY: */s/ Emily Craiger*
                                  Emily Craiger

                            RACHEL H. MITCHELL
                            MARICOPA COUNTY ATTORNEY

                            BY: Thomas P. Liddy
                                  Joseph J. Branco
                                  Joseph E. La Rue
                                  Karen J. Hartman-Tellez
                                  Deputy County Attorneys

                            *Attorneys for the Defendant*
                            *Maricopa County Board of Supervisors*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2023, I electronically transmitted the foregoing document to the U.S. District Court Clerk's Office using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants.