**WILENCHIK & BARTNESS**
— A PROFESSIONAL CORPORATION —

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone: 602-606-2810        Facsimile: 602-606-2811

Dennis I. Wilenchik, #005350
John D. Wilenchik, #029353
admin@wb-law.com
*Attorneys for Non-Party Alan Dershowitz*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Kari Lake and Mark Finchem,**<br><br>Plaintiffs,<br><br>v.<br><br>**Kathleen Hobbs, et al.;**<br><br>Defendants. | Case No. 2:22-cv-00677-JJT<br><br>**REPLY IN SUPPORT OF APPLICATION FOR ORDER TO SHOW CAUSE**<br><br>(Oral Argument Requested) |

Because Rule 11 awards "*must be limited* to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated," and the County fails to allege any conduct by Mr. Dershowitz in the past, present or future that would be "deterred" by assessing fees against him, then no amount of fees should be assessed against Mr. Dershowitz or his consulting firm in this matter. Fed.R.Civ.P.11(c)(4)(emphasis added); *see also* Advisory Committee's Notes on Fed. Rule Civ. Proc. 11, 28 U.S.C. App., p. 129 (1982 ed., Supp. V). To assess fees under 28 U.S.C. § 1927 likewise requires a specific finding that a named attorney has acted recklessly or in bad faith; and "[l]ike the purpose of Rule 11, [its] goal … [is] not to make a party whole, but to deter and punish." *Tildon-Jones v. Boladian*, 581 F. App'x 493, 498 (6th

Cir. 2014); *United States v. Associated Convalescent Enterprises, Inc*., 766 F.2d 1342, 1346 (9th Cir.1985); *see also Barnd v. City of Tacoma*, 664 F.2d 1339, 1343 (9th Cir.1982)(reversing award due to lack of specific finding that counsel acted in bad faith). But the County offers no evidence to support a specific finding that Mr. Dershowitz acted recklessly, acted in bad faith, or otherwise violated that statute. Indeed, no sanctions should be imposed on him because he, personally, did no wrong. At worst, he may have made an honest mistake about the state of an "of counsel" consultant under Arizona law and practice.

Rather, the County argues that Mr. Dershowitz should be held summarily responsible for the entirety of its $141,690.00 in attorneys' fees because of the "/s/" signature that appeared for him on filings, and because of his alleged passive participation in a phone call(s) or in listening to a court proceeding. The County fails to allege that Mr. Dershowitz personally advanced any improper position or claim in such teleconference(s), court proceedings, pleadings or otherwise, or that he acted recklessly or in bad faith in any respect. To assess sanctions here for such vague and unsupportable reasons would not serve the fundamental purpose of "deterrence" that Rule 11 and 28 U.S.C. § 1927 are designed to serve. The record stands undisputed that Mr. Dershowitz's role was very limited and narrow in scope, and that he was not involved in the actual issues this Court has deemed sanctionable. In fact, he spent approximately three (3) hours in total on this case, again focusing on the single potential constitutional issue for which he was retained to consult as "of counsel." (See Second Declaration of Alan Dershowitz, ¶ 1, submitted herewith; *see also* Declaration of Andrew Parker, submitted herewith). He has served in such capacity in many proceedings in the past, never intending thereby to endorse arguments or positions advanced by co-counsel or expecting to be sanctioned for conduct in which he did not participate. There is no doubt that he is an accomplished constitutional jurist who has consulted on many notable cases in such capacity, without necessarily agreeing with or endorsing other substantive positions taken by co-counsel. If he is wrong in this basic assumption, then he

apologizes for such a mistake and will not repeat it – but it is an honest mistake, if a mistake at all. He represents that if he was mistaken, he will not repeat his mistake in any future filing. Assessing fees against him here would advance no beneficial purpose and would only serve to deter him and other eminent legal scholars from trying to offer their well-reasoned opinions and research to counsel and to the Court on areas of their expertise, with the ultimate effect of stunting the development of law surrounding complex issues such as the one on which Mr. Dershowitz was retained (regarding the constitutional ramifications of public access to records held by private government vendors). Assessing sanctions against him for this limited role would not, in this or in any other case, deter improper pleadings, motions or papers or positions taken by others. Of the matters and claims that the Court deemed sanctionable, none implicated his participation in this case, and the County points to no evidence otherwise.

      The County points out that Mr. Dershowitz was admitted *pro hac vice* in this matter—but in fact, as the court docket reflects, there was an unusual history on this issue that also serves to emphasize his limited role. Mr. Dershowitz's expressed intent was always to be "of counsel" only, and he did not believe that he needed to be admitted *pro hac vice* to serve in that role. (See Declaration of Alan Dershowitz, ¶ 4.) An administrative order was entered on May 18, 2022 terminating him "for noncompliance with admission procedures; party or parties represented by other admitted counsel." Mr. Dershowitz was informed by his co-counsel that he needed to be admitted *pro hac vice* despite his "of counsel" role; and so his *pro hac vice* paperwork was submitted. (*Id.*)  Mr. Dershowitz's *pro hac vice* motion was granted on June 15, 2022, which was around one-and-a-half months after the Amended Complaint was filed. These facts clearly do not support a substantial role in this litigation for Mr. Dershowitz, nor do they evidence that he personally or primarily advanced any improper claim or matter in violation of Rule 11 or 28 U.S.C. § 1927.

In drafting Rule 11, the Advisory Committee specifically "[r]ecogniz[ed] the need to tailor the sanction to each particular situation, [and] the Advisory Committee emphasized…the need for 'flexibility' in dealing with violations." *Pavelic & LeFlore v. Marvel Ent. Grp.*, 493 U.S. 120, 130 (1989) (Marshall, J.). "Flexibility is no less important when a judge decides whether one, some, or all of the many entities before him should be held responsible for improper pleadings, motions, or papers." *Id.* Where there is no evidence that a lawyer has personally committed conduct that must be "deterred," or that was reckless or in bad faith, then an award of fees is unwarranted. Consistent with its function of "deterrence," Rule 11 also generally "de-emphasizes monetary sanctions and discourages direct payouts to the opposing party." *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 395 (6th Cir. 2009); *see also* Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendment). In fact, the Committee Notes point to the availability of other sanctions that may be more targeted towards deterrence, such as "issuing an admonition, reprimand, or censure; requiring participation in seminars or other education programs; ordering a fine payable to the court; [or] referring the matter to disciplinary authorities." 12 Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendment). In cases such as this, where no intentional misconduct can be found on the part of Mr. Dershowitz, who has practiced law for many years without any sanction or ethics violation, an award of fees against Mr. Dershowitz would serve only to deter well-intentioned legal scholars from being associated with litigation in any way, or from even listening in to court proceeding(s) or phone calls, which ultimately will not result in a salutary effect on the legal system. Mr. Dershowitz already acknowledges that if his approach to appearing as "of counsel" in this matter was inconsistent with Arizona's rules or procedure, then he will not do so again. (Declaration of Alan Dershowitz, ¶ 4.) Further, a Bar complaint has unfortunately already been filed against him arising out of this Court's order, and so a referral to disciplinary authorities is unnecessary. As a

result of this sanction and complaint, he cannot apply for *pro hac vice* admission in other jurisdictions including for *pro bono* cases, which constitute half of his consulting time.

Maricopa County's off-handed reference to sanctions against an attorney named L. Lin Wood is unfairly prejudicial and confusing; Wood's case is clearly different from Mr. Dershowitz. (Among other things, Mr. Wood was prominently and publicly involved in his lawsuit, and in a court filing he even "took credit" for having filed it. *King v. Whitmer*, 556 F. Supp. 3d 680, 702 (E.D. Mich. 2021).) Nor does the County meaningfully distinguish the series of cases cited by Mr. Dershowitz in support of limiting sanctions to deter conduct by certain counsel and not others. The County merely argues that Mr. Dershowitz's filings are untimely, which they are not. (See following section.)

### **This Application, and Dershowitz's Response to the Motion for Fees, Are Not Untimely**

It is proper and timely for the Court to hear Mr. Dershowitz's objections to being assessed $141,690.00 in attorney fees against him/his consulting firm. Indeed, we submit it is absolutely necessary to do so. The apportionment of fees among counsel and parties has not been previously addressed, and Mr. Dershowitz filed a timely response to the County's Motion for Attorneys' Fees. Because the original Motion for Sanctions sought only sanctions against "counsel" (and did not name him or expressly include "of counsel"), and because of his lack of involvement in the case, he only became aware that he may have been the subject of a sanction after media reports mentioned him by name in connection with the Court's sanctions order, at which time he retained counsel to file the instant Application and Response to the Motion for Attorneys' Fees. In *Barlow v. Am. Tel. & Tel. Co.*, 935 F.2d 273 (9th Cir. 1991), the Ninth Circuit partly reversed a sanctions award that had been entered simply against "counsel," where "counsel" could have referred to either one or both of two lawyers on the case; and it was "unclear from the Magistrate's order precisely against whom the Rule 11 sanction was imposed." *Id.*, 935 F.2d at 273 (reversing award of fees against one lawyer but not the other).

Mr. Dershowitz should clearly be afforded an opportunity to be heard, and/or to have his declarations considered to support that his conduct did not contribute to anything sanctionable, and therefore no amount of fees should be awarded against him or his consulting firm.

### Conclusion

Mr. Dershowitz has not done anything improper that sanctions would serve to "deter" in this matter, and therefore no amount of fees should be assessed against him or his consulting firm. He respectfully requests that this honorable Court clear him of any claim of bad faith or participation in any vexatious litigation.

**RESPECTFULLY SUBMITTED** on January 11, 2023.

**WILENCHIK & BARTNESS, P.C.**

 /s/ Dennis I. Wilenchik
Dennis I. Wilenchik, Esq.
John D. Wilenchik, Esq.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com
*Attorneys for Non-Party Alan Dershowitz*

### CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2023, I electronically transmitted the foregoing Notice of Filing to the Clerk of the Court through the CM/ECF system, which will send a Notice of Electronic Filing to all CM/ECF registrants for this matter.

 /s/ Christine M. Ferreira