**WILENCHIK & BARTNESS**
— A PROFESSIONAL CORPORATION —

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone: 602-606-2810     Facsimile: 602-606-2811

Dennis I. Wilenchik, #005350
John D. Wilenchik, #029353
admin@wb-law.com
*Attorneys for Non-Party Alan Dershowitz*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Kari Lake and Mark Finchem,** | Case No. 2:22-cv-00677-JJT |
| **Plaintiffs,** | **SUPPLEMENT TO RECORD** |
| v. | |
| Kathleen Hobbs, et al.; | |
| **Defendants.** | |

Respondent Non-Party Alan Dershowitz, by and through undersigned counsel, hereby moves for leave to supplement the record before the Court finally rules on the sanctions motion [Doc. 97] and Order [Doc 106] as to his limited involvement. The Supplement we seek to file would concern a response by various experts on the ramifications, effects, and distinction placed on the "Of Counsel" designation used by Dershowitz, intending to convey his limited function and engagement with the Plaintiff's law firm, to consult and argue certain constitutional issues as to the transparency required of private companies acting in a governmental function. The Supplement would thus focus on exactly how such a limited expert consultant should properly participate in a litigation matter to avoid general sanctions for conduct on which he was not engaged and whether such limited participation is appropriately conveyed by the designation "of counsel" so as to avoid sanctions being assessed against such counsel participating in a limited

capacity, for all other matters deemed sanctionable by the Court beyond that limited role. At least a 30 to 60-day stay on the ruling is requested for reasons more fully set forth hereinbelow.

**RESPECTFULLY SUBMITTED** on May 30, 2023.

                              **WILENCHIK & BARTNESS, P.C.**

                               /s/ *Dennis I. Wilenchik*
                               Dennis I. Wilenchik, Esq.
                               John D. Wilenchik, Esq.
                               The Wilenchik & Bartness Building
                               2810 North Third Street
                               Phoenix, Arizona 85004
                               admin@wb-law.com
                               *Attorneys for Non-Party Alan Dershowitz*

## MEMORANDUM OF POINTS AND AUTHORITIES

To be clear, Dershowitz maintains that there is no compelling case law or other authority that provided him adequate notice that he would be held potentially responsible as "counsel" for all matters deemed sanctionable under Rule 11, when designating himself "of counsel" to reflect just the opposite intent, in his limited capacity. At the recent hearing held by this Court, it appeared that the Court was interested in a response from undersigned counsel on the issue of whether there is such legal authority on the meaning and import of using an "Of Counsel" designation on pleadings, as contrasted with the usual "Counsel" designation, insofar as the issue of relative sanctions are concerned. There was admittedly a dearth of authority directly on this subject, as the Court noted as well. Given this, it is Dershowitz's position that it would be inappropriate to sanction him for conduct he did not sign on for, or endorse, as he clearly intended by this designation to convey only the limited role he intended to contribute. On the other hand, the County would argue that regardless of his intent, and prior practice in using the designation without objection, that the lack of such clear authority should have deterred him from relying on the distinction.

The question of the difference between the use of the "counsel" or "of counsel" designation in the litigation context, has thus taken on paramount importance, in determining

whether sanctions may be imposed for conduct beyond the limited engagement undertaken by legal experts such as Dershowitz, who seek to offer their particular expertise in the litigation only, and not participate as such in other issues not involving that particular expertise. In essence, are they responsible for all acts of other counsel spearheading the litigation. It seems there are three sub questions that must be reviewed in analyzing the issue:

    1) Is there a difference conveyed between designation as "counsel" and "of counsel" in the context of a consultant who intends to play a limited role in the complaint and ensuing case, and seeks to convey that limited role by the latter designation?

    2)  Even if there is no clear authority on the difference, did Dershowitz, in good faith, believe there was, such that sanctions here would serve no useful purpose in deterring such conduct in the future, particularly given his history of employing this distinction in the past for that purpose, and in light of his 35 years of experience teaching legal ethics?

    3)  If the designation is nonetheless deemed somehow reckless, what specifically should he, and other lawyers in similar situations have done, or do in the future, to avoid being held responsible for primary counsel's conduct deemed sanctionable by the Court?

    In considering these questions, Dershowitz believes that the opinions of other legal ethics experts are important given the lack of clear guidance by the authorities to date. Therefore, he respectfully requests the Court allow sufficient time for him to gather that information through the use of the letter attached hereto as **Exhibit A** that he is sending to such notable experts in the field.

    Because the clerk's office specifically accepted the "of counsel" designation and demanded the *pro hoc vice* admission, Dershowitz reasonably believed his usual use of this term to convey his limited role, was at least consistent with the clerk's acceptance of that specific designation, as distinct from requiring his appearance as "counsel", which term connoted to him a full responsibility for the pleadings as a whole under Rule 11. We contend the "of counsel" designation so accepted, clearly imported to Dershowitz a much narrower scope of involvement being conveyed to the Court, and not a full endorsement of all points and positions beyond his limited contribution as a constitutional scholar. If the Clerk's office believed there was no

3

difference between the "of" counsel and counsel designation, it appears to us they should not have accepted the "of" counsel designation at all, or advised Dershowitz directly that he was held nonetheless to the standard of Rule 11 as to all pleadings and positions despite this designation. And, if Dershowitz made a mistake in this regard, as he has stated, it was nothing more than an honest one. However, in fairness, his "of counsel" filing should have been rejected outright, if there is no such designation that is acceptable. But, by not doing so, it is fair to at least accept that Mr. Dershowitz honestly believed there was a distinction drawn, or that he would simply be required to sign on as counsel, period. Had this been clear to him, he would obviously have refused to sign on at all. The issue is not a clear one at all. Nor is it well settled. But, now if he is to be treated in hindsight as being considered "counsel" for all purposes, when that was clearly never his intent, it would be a grave injustice in imposing sanctions on him for positions taken he never intended to be his own. At no time did he ever know he was being considered as signing on to any pleading beyond the limited role he played in the drafting of the Complaint and participating in the matter. Any mistake in listing him later as "counsel" appears to be simply an honest administrative error by someone else innocently filing papers electronically at Mr. Parker's firm, since Parker too was not cognizant of that matter either. At no time did Dershowitz approve, or even note this. If he had, it is clearly obvious his old Cambridge address would have been corrected as well.

    In any event, since it appears there is no clear authority informing Dershowitz that his understanding of the "of counsel" distinction was wrong, vel non, or that it did not adequately denote his distinction from being generally responsible for all pleadings and positions taken in the case as "counsel" his good faith on believing there was a distinction with a difference should not be questioned. Sanctions in such a unique circumstance would be highly unwarranted given his actual, undisputed limited involvement.

    Given this general uncertainty on the issue, however, we believe certainty should be sought now, and the Court's apparent interest involving the effect of that uncertainty concerning that matter, should hopefully persuade the Court this is not an exercise in futility but rather of

enlightenment for this matter, and others in the future.[1] It is important to understand from a consensus of experts in the area, what is the proper way to convey and differentiate responsibility in a litigation matter, for purposes of apportioning responsibility in a sanctions context, and whether Dershowitz's designation is a proper basis for such consideration. A reasonable time frame to gather that information of 30 to 60 days and provide it to the court and supplement the record thereby is hereby requested.

Dershowitz reasonably believed that the "of counsel" designation, and which the Clerk accepted, conveyed his limited role in this matter. As he testified, he was clearly of the belief that there were only four choices available to him under the circumstances: (1) [H]e could designate himself as "of counsel" on the pleadings as stated so as to convey his limited participation (which he did); (2) he could agree to be designated fully as "counsel," which would misrepresent his limited role (and which he refused to do); 3) he could "hide" his involvement in the matter entirely by not appearing on the pleadings at all (which in his view would mislead the court and the public worse than listing his actual role); or (4) he could decline the representation entirely (which would deprive his client and the Court of the benefit of the limited expertise he believed he had to offer in the litigation).

Dershowitz therefore ultimately chose the "of counsel" designation as best suited to the truth and circumstances he believed was appropriate. The clear ethical and appropriate choice to him was the first one above and was consistent with what he had previously done for years, without any criticism or question raised. Given these choices, an award of sanctions here would only serve to deter lawyers who seek to serve in a limited consulting role like Dershowitz, from being able to offer their services without fear of being sanctioned for matters they offer no assistance on. No useful public purpose would be thereby served. To the contrary, sanctions here against such an expert would only chill and deter such persons able to be of assistance in limited

---

[1] Mr. Dershowitz clearly does concede that if sanctions were warranted as to the specific area he was retained to consult on, under Rule 11 or 28 U.S.C. § 1927, that he should not evade those requirements by virtue of the "of counsel" designation. Such is not the case here, however.

areas of law, requiring their expertise and guidance to other lawyers not as well schooled in these topics.

We therefore respectfully submit that before this court considers imposing any career ruining sanctions on someone of Dershowitz's esteemed record and history, now also facing Bar inquiry in Arizona as well as Massachusetts over this same issue, that there should be clear guidance and consensus as to what SHOULD be done under these circumstances.

The issues posed by the choices available to Dershowitz in such a circumstance appear to be a proper subject for a law review article, or a formal ethical opinion by the Bar, or by a reasoned decision from this Court, to lend guidance on a subject not at all presently clear. Indeed, Professor Dershowitz intends to do just that: write a law review article on the complexities of the decision that must be made by an increasing number of retired professors, judges and lawyers who have consulting practices that are limited to providing legal advice without wishing to undertake the core responsibilities of lead counsel, counsel of record or full counsel, and who wish to not be subjected to the full responsibility of potential sanctions on other issues they are not involved with or familiar with or have any expertise on. Thus, Dershowitz is seeking the advice of various other ethical experts, as well as a formal opinion from the Bar Associations asked to investigate these same issues. He fully intends to comply with the highest degree of ethics, as he believed he was doing in this case, and in the previous cases where he in good faith listed himself as "of counsel" to avoid this very issue. Indeed, there are two (2) experts that have already weighed in: Harvey A. Silverglate and Ronald L. Sullivan, Jr. See **Exhibit B**, attached hereto and incorporated herein.

Dershowitz has appeared over the years as an expert, in the "of counsel" capacity. Attached hereto at **Exhibit C**, highlighted in yellow, are numerous 2nd Circuit cases in which Dershowitz has appeared in the "of counsel" capacity, where he as a constitutional law professor, advises counsel and litigants in this specific area of the law. In fact, in *United States of America v. Pietro Tussa, et al.*, 816 F.2d 58 (2d Cir. 1987), the Assistant United States Attorney appeared as "of counsel;" therefore, even the government believes there is a difference, to signify their limited input and involvement in a case. Moreover, Robert Fiske, former

6

distinguished United States Attorney in New York agreed to or suggested Dershowitz's listing as of counsel in the case, *United States of America v. Kahn, et al*., 472 F.2d 272 (2d Cir. 1973), again, to signify his limited involvement.

Finally, from a reading of the Sanctions Order, the Court indirectly may have concluded that Dershowitz essentially was trying to help Kari Lake get elected by the use of false pretenses, including false statements to the Court, about the balloting process, and thereby helping to create unfair distrust in the electoral process thereby. As to Professor Dershowitz, in particular, given his history, if that is the case, we wish to make clear that nothing would be further from the truth. It would, indeed, be nothing less than fundamentally unfair, and unjust, to apply or even infer these kinds of actions or motives to him, since the record is undisputed that a) as a liberal Democrat for his entire life, he strongly favored Lake's opponent; and b) his expressed goal in seeking to argue transparency of private companies undertaking governmental functions was, and is, constitutionally required, and which he contends, would actually increase voter confidence in the voting process and restore confidence in its integrity, not the opposite. It was merely his input that simply requiring private voting machine companies to fully disclose their workings, and to be fully transparent, was constitutionally required, if they are to assume and undertake governmental responsibilities and functions. That was his only interest here. That very issue, and its limited role here, is at the heart of why it is so critical to not simply hold such an "of counsel" consultant fully responsible for other matters argued by others, which he was not retained on, and did not agree to work on, and which he actually does not even endorse or necessarily condone. This Court must have had this in mind also, we hope, when stating in the Sanctions Order that "[L]astly, the Court must identify the appropriate sanction. Under Rule 11, the 'sanction imposed . . . must be limited to what suffices to deter repetition of the conduct **or comparable conduct by others similarly situated**.' Fed.R.Civ.P. 11(c)(4)". (Emphasis added). See, Sanctions Order [Doc. 106], p.30.  Thus, full consideration of just what the specific conduct Dershowitz found himself situated in is critical.  It was not to be fully responsible for all other positions and arguments found frivolous or sanctionable by the Court. The Court also noted, that "[R]ule 11 authorizes the Court "to impose an appropriate sanction on any attorney, law firm, or

party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1)." *Id*. That is not Dershowitz.

Thus, in order to appropriately deter others, the Court *must* say what a lawyer similarly situated with, and faced with the limited choices Dershowitz had, as referenced above, should do. It is simply not enough to say that what he did was "wrong" in believing his limited designation was sufficient to convey his limited involvement, in hindsight. To be an effective deterrent there must be effective guidance in advance. There was none available here that was clear. To assist others in the future similarly situated, we seek to provide that guidance, and we respectfully believe this Court should want that too in determining what is appropriate here.

In conclusion, in consideration of the Court Order on Sanctions, Dershowitz is simply not "responsible" for the violations identified by the Court in its Order as to the offending filings, and so Rule 11 is not an appropriate sanction as to his participation here.[2] And, because there was no "bad faith" or "recklessness" involved in what he did, considering that the Court awarded that sanction under 28 U.S.C. § 1927 for specific conduct Dershowitz had no involvement with either, sanctions for such conduct, would not be appropriate here as to Prof. Dershowitz's participation.[3]

Finally, the concept of lenity is appropriate in this instance for punitive sanctions. This rule, an ancient doctrine and principle used in criminal law, calls for fair warning and fair play, and, as such, when there is ambiguity in statutory construction, it requires a court to resolve the ambiguity in favor of the defendant and against the state. Because there is this ambiguity related to the "of counsel" status, this Court should err on the side of lenity as it relates to Dershowitz.

---

[2] The basis for sanctions under Rule 11, as found by the Court specifically was, "that Plaintiffs made false, misleading, and unsupported factual assertions in their FAC and MPI, and that their claims for relief did not have an adequate factual or legal basis grounded in a reasonable pre-filing inquiry, in violation of Rules 11(b)(2) and (b)(3)." Certainly, the record is clear that Dershowitz did not have any involvement in the foregoing, as to his limited role and involvement in the matter.

[3] The court in this regard specifically found reckless and vexatious conduct in bad faith, as to conduct pertaining to the Preliminary Injunction relief sought. "The Court further finds that Plaintiffs' counsel acted at least recklessly in unreasonably and vexatiously multiplying the proceedings by seeking a preliminary injunction based on Plaintiffs' frivolous claims, in violation of Section 1927." Sanctions Order [Doc. 106], p. 29. Again, Dershowitz had no such involvement as to the proceedings requesting that relief.



**RESPECTFULLY SUBMITTED** on May 30, 2023.

        **WILENCHIK & BARTNESS, P.C.**

        */s/ Dennis I. Wilenchik*
        Dennis I. Wilenchik, Esq.
        John D. Wilenchik, Esq.
        The Wilenchik & Bartness Building
        2810 North Third Street
        Phoenix, Arizona 85004
        admin@wb-law.com
        *Attorneys for Non-Party Alan Dershowitz*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2023, I electronically transmitted the foregoing Request to Supplement to the Clerk of the Court through the CM/ECF system, which will send a Notice of Electronic Filing to all CM/ECF registrants for this matter.

*/s/ Alice Nossett*