Emily Craiger (Bar No. 021728)
emily@theburgesslawgroup.com
THE BURGESS LAW GROUP
3131 East Camelback Road, Suite 224
Phoenix, Arizona 85016
Telephone: (602) 806-2100

RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

By:   Thomas P. Liddy (019384)
       Joseph J. Branco (031474)
       Joseph E. LaRue (031348)
       Karen J. Hartman-Tellez (021121)
       Deputy County Attorneys
       MCAO Firm No. 0003200

CIVIL SERVICES DIVISION
225 West Madison St.
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-8567
liddyt@mcao.maricopa.gov
brancoj@mcao.maricopa.gov
laruej@mcao.maricopa.gov
hartmank@mcao.maricopa.gov
ca-civilmailbox@mcao.maricopa.gov

*Attorneys for the Defendant*
*Maricopa County Board of Supervisors*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kari Lake and Mark Finchem,<br><br>Plaintiffs,<br><br>vs.<br><br>Kathleen Hobbs, et al.,<br><br>Defendants. | No. 2:22-cv-00677-JJT<br><br>**MARICOPA COUNTY DEFENDANTS' RESPONSE TO NON-PARTY ALAN DERSHOWITZ'S SUPPLEMENT TO RECORD**<br><br>(Honorable John J. Tuchi) |

Non-Party Alan Dershowitz has filed what he termed a "Supplement to Record." [Doc. 128 (hereafter "Supplement").] This is either intended to be a notice of supplemental authority or else a motion to supplement the record. Either way, it fails. This Court should affirm its Order granting sanctions against Dershowitz for signing on to a Complaint and Motion for Preliminary Injunction ("MPI") that this Court found "made false, misleading, and unsupported factual assertions[,]" with "claims for relief that did not have an adequate factual or legal basis grounded in a reasonable pre-filing inquiry," in violation of Rule 11 and 28 U.S.C. § 1927. [Doc. 106, Order, at 28-29.]

## ARGUMENT

### I. The Supplement is Not a Proper Notice of Authority.

Although the Federal Rules of Civil Procedure provide no specific rule for notices of supplemental authority, they are utilized in trial courts under the same circumstances as they are allowed in the Courts of Appeal. That is, notices of supplemental authority are designed to alert the court to new "pertinent and significant" authority that arises after the party filed her brief, or after oral argument has occurred. Fed. R. App. P. 28(j).

Dershowitz's Supplement is not that. Here, Dershowitz has found no new authority. Rather, he improperly uses his Supplement to announce that, in fact, *there is no new authority to be found*, but he wants the Court to give him time to create some. Specifically, Dershowitz wants to write a law review article, which presumably will support Dershowitz's position that he is somehow exempt from the ethical rules that apply to all attorneys who sign filings made to a court. [Supplement at 6.] Dershowitz will then presumably cite his law review article to this Court to argue that he should not be sanctioned for signing on to a Complaint and Motion for Preliminary Injunction ("MPI") that this Court found "made false, misleading, and unsupported factual assertions[,]" with "claims for relief did not have an adequate factual or legal basis grounded in a reasonable pre-filing inquiry," in violation of Rule 11 and 28 U.S.C. § 1927. [Doc. 106, Order, at 28-29.] Dershowitz will then likely argue that Rule 11 does not apply to him, despite the fact that Rule 11 *on its face* applies to *every* attorney who signs a filing made to a federal court (as Dershowitz did here).

Dershowitz also writes that he wants to ask other "legal ethics experts" to offer their opinions. And Dershowitz asks that "the Court allow sufficient time[,]" perhaps "30 to 60 days," to gather this information, after which (presumably) Dershowitz will offer it to the Court. [Supplement at 3, 5, and 6.]

Further, Dershowitz uses this filing to supplement his argument that, *if* he failed his ethical obligations under Rule 11, *it is the Court's clerk's office's fault*. [Supplement at 3-4.] This argument is absurd. Dershowitz's Supplement is not how notices of supplemental authority work. As such, it is improper and this Court should strike all of his late and duplicative argument.

## II.   The Supplement is Unpersuasive as a Motion to Supplement the Record and Should be Denied.

Dershowitz now claims that he only wanted to provide the Court with the benefit of his "limited expertise" concerning whether the Constitution requires companies manufacturing voting systems "to be fully transparent[.]" [Supplement at 5, 7.] And he claims that his only option to accomplish this objective was to list himself on the various filings as "of counsel." [*Id*. at 5.] But Dershowitz is incorrect. If he really only wanted to opine on a narrow topic within this litigation, Dershowitz should have sought leave to file an *amicus curiae* brief as an independent party to address that topic. Or alternatively, he could have consulted by providing his expertise to Plaintiffs' counsel of record without listing himself as one of Plaintiffs' attorneys and signing the filings made to the Court. But Dershowitz took neither of those approaches. Rather, he appeared on the Complaint as an attorney of record, signing the Complaint as "Of Counsel for Plaintiffs Kari Lake and Mark Finchem." [Doc. 3, Am. Cmplt., at 51.] And he appeared on the MPI as an attorney of record, this time signing it *not* as "of counsel" but rather as "Counsel for Plaintiffs Kari Lake and Mark Finchem." [Doc. 33, MPI, at 36.][1]

Dershowitz sold his name and reputation to a lawsuit filled with false and misleading

---

[1] To be clear, despite Dershowitz's attempt to distinguish the "of counsel" and "counsel" designations, he identified himself as "counsel" on the MPI.

allegations about elections and electoral processes. By placing his signature on the filings, Dershowitz subjected himself to the ethical responsibilities under Rule 11 and § 1927 that are incumbent upon those who are privileged to serve the public as attorneys and seek the benefit of limited judicial resources. This Court should reject his attempt to evade his ethical obligations.

Remarkably, Dershowitz seeks to shift responsibility for his failings to this Court's clerk's office. He claims that the clerk's office "demanded" that he seek *pro hac vice* admission, [Supplement at 3], as if someone from the clerk's office forced him to participate in this litigation. And Dershowitz then appears to *blame* the clerk's office for not advising him of his ethical responsibilities under Rule 11, and appears to claim some type of detrimental reliance because the clerk's office allowed him to use the designation "of counsel" on some of his filings. [*Id*. at 4.] But the clerk's office is not Dershowitz's attorney and had no obligation to advise him of the legal ramifications of signing filings made to the court, or of what designations to use (or not to use).[2] To require the clerk's office to advise those filing documents of the law's requirements would place an impossible burden on these public servants. And to be clear, Dershowitz chose to participate in the litigation and signed the Complaint and MPI, not any of the dedicated public servants in the clerk's office. His blaming of the clerk's office is bizarre. As an attorney, Dershowitz is an officer of the Court, and such officers do not blame clerks for the decisions that they—the attorneys—make. Officers of the court take responsibility for their actions, or, at least, they should.

In his Supplement, Dershowitz also attempts to draw a distinction between being "counsel" and "of counsel" on legal filings, [Supplement, *passim*], despite the fact that he signed the MPI as "counsel," not as "of counsel." But regardless, Dershowitz's argument fails. While the "counsel" and "of counsel" designations have significance in the employment and partnership structure of law firms, on legal filings they are distinctions

---

[2] *See* https://www.azd.uscourts.gov/sites/default/files/documents/clerk%20help.pdf (listing assistance that the Clerk's Office can and cannot provide to litigants and counsel, including "[w]e cannot tell you what words to use in your court papers").

without a difference. Attorneys cannot evade their Rule 11 and 28 U.S.C. § 1927 ethical responsibilities by simply designating themselves "of counsel" on their filings. A ruling granting Dershowitz a pass on his ethical responsibilities because he called himself "of counsel" will effectively eliminate these ethical requirements for our profession. No attorney will ever again sign a filing as "counsel" if he can evade Rule 11 responsibilities by simply calling himself "of counsel," and attorney legal work product will become filled with the type of wild, ridiculous, untethered-to-reality allegations that were made in the Complaint and MPI that Dershowitz signed—the very thing that Rule 11 and 28 U.S.C. § 1927 are designed to avoid.

Dershowitz nonetheless says that additional research is needed concerning whether listing oneself as "of counsel" obviates an attorney's responsibilities under Rule 11 and 28 U.S.C. § 1927. [Supplement at 2-7.] And he claims that there is "a dearth of authority" concerning whether an attorney can evade his ethical responsibilities by signing as "of counsel." [*Id*. at 2-3.] And he claims that there is "ambiguity" concerning whether signing a filing as "of counsel" excuses an attorney from his ethical responsibilities. [Supplement at 8.][3] Dershowitz is incorrect about all of these things. There is no "dearth of authority;" rather, there is Rule 11 and § 1927, which command attorneys to behave in a certain fashion when they file documents in court. And far from being ambiguous, those rules are clear. Rule 11 clearly states that "***an attorney*** or unrepresented party" who signs filings presented to courts "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the factual allegations are supported by evidence and that the filing is not being presented for an improper purpose. Fed. R. Civ. P. 11(b). And § 1927 plainly states that "***[a]ny attorney*** or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to

---

[3] Dershowitz asserts that he is now seeking formal ethics opinions from the entities investigating bar complaints against him. [Supplement at 6.] But the time to seek such opinions was *before* he signed his name to the pleadings in this case and applied for *pro hac vice* admission, not now when he is facing sanctions and potential discipline.

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
225 WEST MADISON STREET
PHOENIX, ARIZONA 85003

satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Neither rule differentiates between attorneys based on how they choose to designate themselves on filings. Rather, they unambiguously apply to *all* attorneys signing filings.

## **CONCLUSION**

For the foregoing reasons, this Court should strike the Supplement, which is not a proper notice of supplemental authority. If, however, the Court construes the Supplement as a motion to supplement the record, this Court should deny it. The Court should rather affirm its Order, [Doc. 106], granting sanctions against Dershowitz.

RESPECTFULLY SUBMITTED this 31st day of May, 2023.

    THE BURGESS LAW GROUP

    BY: */s/ Emily Craiger*
        Emily Craiger

    RACHEL H. MITCHELL
    MARICOPA COUNTY ATTORNEY

    BY: Thomas P. Liddy
        Joseph J. Branco
        Joseph E. La Rue
        Karen Hartman-Tellez
        Deputy County Attorneys

    *Attorneys for the Defendant*
    *Maricopa County Board of Supervisors*

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2023, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

*/s/ Angie Renteria*