**WILENCHIK & BARTNESS**
— A PROFESSIONAL CORPORATION —

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone: 602-606-2810    Facsimile: 602-606-2811

Dennis I. Wilenchik, #005350
John D. Wilenchik, #029353
admin@wb-law.com
*Attorneys for Non-Party Alan Dershowitz*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Kari Lake and Mark Finchem,**<br><br>                    **Plaintiffs,**<br><br>v.<br><br>**Kathleen Hobbs, et al.;**<br><br>                    **Defendants.** | Case No. 2:22-cv-00677-JJT<br><br>**REPLY IN SUPPORT OF SUPPLEMENT TO RECORD**<br><br><br>**(Assigned to the Honorable Judge Tuchi)** |

In reply to the county's response to his "Supplement to Record," Non-Party Alan Dershowitz reiterates that sanctions proceedings must afford due process including a full opportunity to submit evidence and pertinent legal authority. *Tom Growney Equip., Inc. v. Shelley Irr. Dev., Inc*., 834 F.2d 833 (9th Cir. 1987); *F.T.C. v. Alaska Land Leasing, Inc*., 799 F.2d 507, 510 (9th Cir.1986)("[d]ue process further requires that parties subject to sanctions have sufficient opportunity to demonstrate that their conduct was not 'undertaken recklessly or wilfully'"); *see also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980)(where the Supreme Court, in considering the imposition of a penalty on attorneys, cautioned that "[l]ike other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record").

To that end, Mr. Dershowitz also submits a brief declaration regarding the history of his use of the "of counsel" designation, which reaches back to at least 1973. (*See* Third Declaration of Alan Dershowitz, attached as Exhibit "A" hereto.)

Otherwise, in reply to the County's arguments in its Response: nowhere has Mr. Dershowitz "blamed" the Court Clerk. The County has argued that his *pro hac vice* admission is evidence that he intended to, and did, serve a wider role in this litigation than he actually did. His argument is simply that his *pro hac vice* admission was a direct result of the Clerk's notice terminating him unless he applied for *pro hac vice* admission, which caused him to do so reluctantly. In no way does this support that he intended to, or ever did, take on the role of lead counsel in the case or otherwise participate in proceedings or conduct that the Court found sanctionable.

The County also misconstrues Mr. Dershowitz's request to supplement, which was for additional time in which to submit materials – specifically ethics opinions – on the issue of the legal import (*vel non*) of using an "of counsel" designation. (He is not asking for additional time in which to write and publish a law review article, as the County suggests.)

The County's argument that Mr. Dershowitz should have "sought leave to file an *amicus curiae* brief as an independent party to address" the constitutional issues on which he was consulted is not well-founded; in fact, if he had done so then he would have committed an unethical act by "hiding" his actual role from the Court and/or mispresenting his role. He was not an "independent party," but rather he was retained by the Plaintiffs' lawyer as a limited consultant. He maintains that under the circumstances, the only proper and ethical way of representing his involvement in the matter was to be on the pleadings as "of counsel."

The bottom line here is that in the same way that a client's conduct should not "automatically" be imputed to their lawyer, a lawyer's conduct should not be "automatically" imputed to another lawyer, especially where one was clearly lead counsel and the other was simply a consultant who did not substantially participate in the proceedings. Rule 11 and 28 U.S.C. § 1927 are intended to be "flexib[le]" in their application, and to be used only to deter specific sanctionable conduct by identified attorneys. *Pavelic & LeFlore v. Marvel Ent. Grp.*, 493 U.S. 120, 130 (1989) (Marshall, J.); *Barnd v. City of Tacoma*, 664 F.2d 1339, 1343 (9th Cir.1982). Neither Rule 11 nor 28 U.S.C. § 1927 provides for, much less requires, "summary" liability for any attorney whose name or signature appears on the pleadings, as if they had executed some kind a guarantee on a loan. The Court must inquire into whether the attorney in question actually committed sanctionable conduct. Merely pointing to their name and signature being affixed to pleadings, as the County does, is not sufficient. Further, awarding sanctions based merely on the lawyer's name being signed would serve no purpose other than to encourage attorneys to hide their involvement in a case, lest they be deemed to have "guaranteed" all positions advanced by lead counsel even though they had no intent of doing so. The Court has engaged in an inquiry into whether Mr. Dershowitz participated in sanctionable conduct, and Mr. Dershowitz even voluntarily submitted himself to cross-examination under oath, which confirmed that he was retained to consult on a limited issue that never even arose in the case and did not substantially participate. Based on the evidence before the Court, there is no salutary basis on which to assess sanctions against Mr. Dershowitz. Finally, Mr. Dershowitz respectfully requests additional time in which to submit additional ethics opinions, as they may be helpful to the Court in its analysis.

…

**RESPECTFULLY SUBMITTED** on June 2, 2023.

            **WILENCHIK & BARTNESS, P.C.**

            */s/ Dennis I. Wilenchik*
            Dennis I. Wilenchik, Esq.
            John D. Wilenchik, Esq.
            The Wilenchik & Bartness Building
            2810 North Third Street
            Phoenix, Arizona 85004
            admin@wb-law.com
            *Attorneys for Non-Party Alan Dershowitz*

I hereby certify that on June 2, 2023, I electronically transmitted the foregoing Request to Supplement to the Clerk of the Court through the CM/ECF system, which will send a Notice of Electronic Filing to all CM/ECF registrants for this matter.

*/s/ Alice Nossett*

4